UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
           Plaintiffs,

v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
           Defendants.

## AFFIDAVIT OF ROBERT P. BOWEN

I Robert P. Bowen, being under oath depose and state as follows:

1. I am the President of Bowen Investment, Inc. ("BII"), a Massachusetts corporation which is a subfranchisor to HDA for the purpose of franchising certain donut and coffee shops known as Honey Dew Donuts® Shops in Rhode Island. There are approximately 140 shops in Massachusetts, Rhode Island and New Hampshire.

2. Defendant, Manuel M. Carneiro ("Carneiro") is the owner and principal officer of Carneiro Donuts, Inc. ("CDI").

3. On or about June 1, 2004, CDI purchased the assets and business of an existing BII franchisee, Allens Avenue Donuts, Inc., for a franchised Honey Dew Donuts® Shop operating at 460 Allens Ave., Providence, RI (the "Premises") and, in connection therewith, BII and CDI executed closing documents, including a Franchise Agreement, Lease, a Covenant Not to Compete and a Liability Agreement, copies of which are attached to the Verified Complaint.

4. The underlying Franchise Agreement (Exhibit A to the Verified Complaint)(the "Franchise Agreement") specifies defaults which justify termination by BII, including failure to make timely payments, after a notice and cure period, and failure to comply to operational standards, after a notice and cure period. Franchise Agreement, Sections XX(A)(3) and (A)(4). In relevant part, the Franchise Agreement may be terminated:

> (i) for failure to maintain passing grades of BII's inspections of the Shop, Franchise Agreement §VII(E), and failing to cure the default within five days of a written Notice of Default. Franchise Agreement §XX(A)(4); and
>
> (ii) for failure to make timely payments to BII, Franchise Agreement, §II, and failing to cure the default within seven days of a written Notice of Default. Franchise Agreement §XX(A)(3); and
>
> (iii) if the Franchisee receives three Notices of Default in any twelve month period, regardless of whether or not the defaults specified were corrected. Franchise Agreement, §XX(A)(5).

5. Pursuant to the Franchise Documents, the Defendants are required to make by Friday of each week, weekly payments to BII for the week ending the preceding Sunday, as follows: (i) A continuing services and royalty fee payment of 7% of gross sales; (b) an advertising fund fee payment of 2% of gross sales; and (c) a rent payment of $200 plus 10% of gross sales. Franchise Agreement §II.

6.   In approximately one year of operation, Defendants have flunked several inspections, been defaulted, and failed to cure the defaults resulting in termination:

(a)   Honey Dew Shops are periodically monitored for a variety of issues including compliance with operational standards, product display and quality, and cleanliness. Each inspection of the Defendants location was performed by a training outside contractor, without the contractor having any knowledge of the relationship, or any problems in the relationship, between BII and the Defendants. The shops are graded on a detailed matrix. Copies of inspection reports are provided to the franchisee. A shop cannot be terminated for a failing grade unless a passing grade is not obtained after a re-inspection.

(b)   Defendants received a failing grade on their inspection of September 14, 2004, just three months after taking over the location. Among the deficiencies noted were issues relating to the poor appearance of the shop including: substandard maintenance and cleanliness of the building's exterior signage and awning, a broken front railing and cracked window glass. There were numerous deficiencies noted in the inspection of the retail area of the shop including damaged floor and wall corners; a non-functioning exit light; pricing gaps in the menu board; insufficient variety of food and beverage product for sale; missing thermometer in the self serve refrigerator. The restrooms were not properly maintained as the coverings were missing and corners were dirty and there were no paper towels in the towel dispenser. With respect to service, the employee uniform, selling techniques and sale closings were deficient in several areas. The food service and prep areas required cleaning,

3

the refrigerator gasket was not clean, the hot chocolate machine was inoperable and the product display case was missing lights and a light shield. The condition of the kitchen and storage area was also substandard such as: there were missing lights; the vent over the sink was not clean; storage items were found unshelved on the floor; corregated boxes were being used as floor mats; cleaning chemicals and supplies were in unlabeled bottles which is a safety concern; the fryers required maintenance; the cutting benches and finishing table for product prep were unclean and disorganized; ingredient containers for sandwiches were not labeled and the ingredients were out dated; and there was no temperature setting to indicate the proper cooking temperature for the sandwiches.

(c) As a result of the failed inspection, Defendants were served with a Notice of Default dated September 15, 2004. As the Defendants were new to the chain, we did not perform a re-inspection for the purposes of termination.

(d) Defendants received a failing grade on their next inspection, January 25, 2005. Among the deficiencies which continued from the prior inspection were: missing overheads exterior lighting; dirty edges of the floors and walls in the retail area and the service prep area; broken hot chocolate machine; missing dispense in the restroom; spaces and gaps were not remedied on the menu board; product display, freshness and variety were at issue; and employee uniform deficiencies were again noted.

Among the other deficiencies noted were: dirty paper machines and phones outside the store; there were no towels in the service prep area; the coffee brewers were missing brew heads; the beverage dispenser log indicated that daily

4

sanitation/maintenance had not been complete in ten days; the product display case was damaged and needed to be painted; there was no lid on the restroom sanitation receptacle; the kitchen trash barrel was overflowing; the ceiling light and vent shields in the kitchen and storage area were broken and missing tubes; the kitchen sink was not in proper use and contained food; the kitchen rags in use were not sterilized; the walk-in refrigerator was missing a light switch and certain product and glazers were uncovered; the ice machine was left open; mixer bowls in the kitchen were not clean; the oven thermometer was broken; ingredients were left open and exposed. In addition, the merchandising, marketing material and posters on display were old, faded and outdated the take out items were not sufficiently stocked and there were unapproved outside promotional flyers and handmade signs posted.

(e)     As a result of the failed inspection, Defendants were served with a second Notice of Default dated January 27, 2005.

(f)     A post-Notice inspection was performed on February 16, 2005. Defendants again received a failing grade. Among the deficiencies which continued from the prior inspection were: missing exterior overhead light, the awning egg crates were dirty; the front railing was broke/rusted out; the edges of the walls and floor in the retail area were dirty; there was no thermometer in the self serve refrigerator; there were problems with the refrigerator gasket in the service and prep area; the hot chocolate machine was still out of order; the product display case required painting; the restrooms were unclean, dispenser still missing and paper towels were empty; still no lid on the trash receptacle in the kitchen and storage area; an unlabeled spray bottle was found in the kitchen and storage area; the ice machine was open; the glazer

was uncovered; ingredient containers and bins were open and unlabeled; several promotional frames were empty and there were unapproved outside promotional flyers and handwritten signs on display; the missing spaces in the menu board were never fixed; the product variety and freshness were substandard and there were continued concerns regarding the lack of throw away records; and the sandwich ingredients were undated.

Among other deficiencies noted were: Trash littering the exterior landscape and overflowing from the trash receptacles and dumpster; exterior window sills needed to be cleaned and painted; three ceiling lights were out; the formica at the carry-out counter was damaged; the self serve refrigerator was disorganized with tipped over bottles; the baseboards in the service and prep area were dirty; the hot water sink in the service prep area did not meet the evaluation standards; the refrigerator in the service prep area was not an approved commercial brand and there was no thermometer; Defendants were not using Honey Dew coffee pots; the rear exit at the kitchen was not properly sealed for pests; the kitchen sink did not have the proper temperature of hot water; the lighting and temperate in the walk-in freezer was inadequate; there was a dirty mop and bucket in the utility closet/room; the sprouts for the filling units for the donuts and pastries were not clean; there were inadequate thermometers; the racks, screens, dollies and covers were not in clean, good condition; the water temperature for the coffee was too cool and the water level was too low.

(g)     As a result of the failed re-inspection, Defendants were served with a Notice of Termination dated February 22, 2005.

6

7.   In approximately one year of operation, Defendants have been routinely late in making payments, have been defaulted, and failed to cure the defaults resulting in termination:

(a)   Defendants were served with a Notice of Default dated January 27, 2005, for failure to make required payments. At the time of the issuance of the Notice of Default, the Defendants were two weeks in arrears. Not only was the arrearage not timely cured, but by the cure date, the arrearage had grown to three weeks. As a result, a Notice of Termination dated February 22, 2005 was served on the Defendants;

(b)   Defendants were also served with a Notice of Default dated February 22, 2005, for failure to make required payments. At the time of the issuance of the Notice of Default, the Defendants were three weeks in arrears. Not only was the arrearage not timely cured, but by the cure date, the arrearage had not been reduced. As a result, a Notice of Termination dated May 27, 2005 was served on the Defendants;

(c)   Defendants were also served with a Notice of Default dated May 27, 2005, for failure to make required payments. At the time of the issuance of the Notice of Default, the Defendants were two weeks in arrears. Not only was the arrearage not timely cured, but by the cure date, the arrearage had not been reduced. As a result, a Notice of Termination dated June 8, 2005 was served on the Defendants;

(d)   Attached hereto as Exhibit "A" is BII's payment history record from November, 2004 to date. The first column represents each week end of the term, with

7

payments for that week due the following Friday, five days thereafter. The "Deposit Date" column is the date BII received and/or deposited the payments. At all times relevant hereto, Defendants have been in arrears.

8. Furthermore, Defendants were terminated by a Notice of Termination dated August 1, 2005 for receipt of three Notices of Default in a one year period.

9. In general, BII prefers not to terminate franchisees. In each instance, delays between notices, as hereinabove set forth, and the delay in the filing of this action, were due to mutual unsuccessful efforts to resolve the defaults and reinstate the franchisee.

10. The Franchise Agreement expressly provides that termination of the Franchise Agreement terminates the Lease. Franchise Agreement §XX(B). Upon termination, the Defendants are required to cease operations, return the confidential Operational Excellence Procedures Manual, and "peaceably and forthwith give up to (Bowen Investment, Inc.) the Premises . . .." Franchise Agreement §XXI(A). Defendants have violated these obligations in their entirety and continue to operate their business upon the Premises.

11. BII owns the Premises. BII has mortgage, tax and insurance obligations which require timely payment. BII has also invested money into new equipment for the Premises so that it would be outfitted as a franchised Honey Dew Donuts® Shop location.

12. BII would be irreparably harmed if its own property did not continue to be utilized as a properly licensed Honey Dew Donuts® Shop. BII would be irreparably harmed if its own property were used for any business other than a Honey Dew Donuts® Shop. BII would suffer even more irreparably harm if its own property were used for a competitive business.

Signed under the penalties of perjury this __12th__ day of August, 2005.

_____
Robert P. Bowen

28 Aiken's Ave.

| Date | TOTAL | Sales | Rent | Royalty | Bank Fee | Other | Utility | Taxes | Check # | Deposit Date | Ad Check # | Ad Check $ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/07/04 | 1,843.72 | 6,633.46 | 863.35 | 331.67 | | 100.00 | | 348.70 | 1223,1224 | 11/29/04 | 1222 | 265.34 |
| 11/14/04 | 1,547.83 | 5,994.21 | 799.42 | 299.71 | | 100.00 | | 348.70 | 1238,1239 | 11/29/04 | 1237 | 239.77 |
| 11/21/04 | 1,618.84 | 6,467.62 | 846.76 | 323.38 | | 100.00 | | 348.70 | 1258,1261 | 12/09/04 | 1260 | 257.70 |
| 11/28/04 | 1,332.52 | 4,558.78 | 655.88 | 227.94 | | 100.00 | | 348.70 | 1259,1263 | 12/23/04 | 1262 | 182.35 |
| 12/05/04 | 1,544.35 | 5,970.99 | 797.10 | 298.55 | | 100.00 | | 348.70 | 1274,1275 | 12/23/04 | 1273 | 238.84 |
| 12/12/04 | 1,517.13 | 5,789.51 | 778.95 | 289.46 | | 100.00 | | 348.70 | 1287,1289 | 01/10/05 | 1288 | 231.58 |
| 12/19/04 | 1,545.46 | 5,978.40 | 797.84 | 298.92 | | 100.00 | | 348.70 | 1299,1300 | 01/17/05 | 1298 | 239.14 |
| 12/26/04 | 1,445.13 | 5,309.50 | 730.95 | 265.48 | | 100.00 | | 348.70 | 1301,1303 | 01/25/05 | 1302 | 212.38 |
| 01/02/05 | 1,303.15 | 4,363.20 | 636.30 | 218.15 | | 100.00 | | 348.70 | 1313,1314 | 01/25/05 | 1312 | 174.52 |
| 01/09/05 | 1,408.63 | 5,066.17 | 706.62 | 253.31 | | 100.00 | | 348.70 | 1334,1335 | 01/31/05 | 1333 | 202.65 |
| 01/16/05 | 1,795.18 | 5,706.02 | 770.60 | 285.30 | 7.00 | 100.00 | | 348.70 | 581-3,1337,8 | 02/11/05 | 1336 | 228.24 |
| 01/23/05 | 1,456.70 | 5,399.99 | 740.00 | 270.00 | | 100.00 | | 348.70 | 1352,1361 | 02/11/05 | 1360 | 216.00 |
| 01/30/05 | 1,442.81 | 5,294.09 | 729.41 | 264.70 | | 100.00 | | 348.70 | 1363,1365 | 02/28/05 | 1363 | 211.76 |
| 02/06/05 | 1,454.72 | 5,373.45 | 737.35 | 268.67 | | 100.00 | 283.58 | 348.70 | 1364,1385 | 02/28/05 | 1384 | 214.94 |
| 02/13/05 | 1,464.10 | 5,435.97 | 743.60 | 271.80 | | 100.00 | | 348.70 | 1388,1389 | 03/14/05 | 1387 | 217.44 |
| 02/20/05 | 1,453.07 | 5,362.45 | 736.25 | 268.12 | | 100.00 | | 348.70 | 1397,1399 | 03/14/05 | 1398 | 214.50 |
| 02/27/05 | 1,374.52 | 4,838.83 | 683.88 | 241.94 | | 100.00 | | 348.70 | 1412,1414 | 03/17/05 | 1413 | 193.55 |
| 03/06/05 | 1,425.89 | 5,181.29 | 718.13 | 259.06 | | 100.00 | | 348.70 | 1428,1429 | 03/17/05 | 1427 | 207.25 |
| 03/13/05 | 1,527.36 | 5,857.70 | 785.77 | 292.89 | | 100.00 | | 348.70 | 1440,1441 | 03/31/05 | 1439 | 234.31 |
| 03/20/05 | 1,566.47 | 6,051.78 | 805.18 | 302.59 | | 100.00 | | 348.70 | 1441,1454 | 04/08/05 | 1453 | 242.07 |
| 03/27/05 | 1,514.14 | 5,769.64 | 776.96 | 288.48 | | 100.00 | | 348.70 | 1478,1480 | 04/15/05 | 1479 | 230.79 |
| 04/03/05 | 1,529.62 | 5,872.81 | 787.28 | 293.64 | | 100.00 | | 348.70 | 1494,1495 | 04/30/05 | 1493 | 234.91 |
| 04/10/05 | 1,504.45 | 5,705.03 | 770.50 | 285.25 | | 100.00 | | 348.70 | 1567,1568 | 06/20/05 | 1569 | 262.93 |
| 04/17/05 | 1,541.33 | 5,950.87 | 795.09 | 297.54 | | 100.00 | | 348.70 | 1499,1500 | 06/20/05 | 1498 | 238.03 |
| 04/24/05 | 1,603.55 | 6,365.68 | 836.57 | 318.28 | | 100.00 | | 348.70 | 1508,1509 | 04/30/05 | 1507 | 254.63 |
| 05/01/05 | 1,634.99 | 6,575.26 | 857.53 | 328.76 | | 100.00 | | 348.70 | 1524,1525 | 05/23/05 | 1523 | 263.01 |

| 6 Month Total | 39,500.85 | 147,261.99 | 19,926.20 | 7,363.08 | 7.00 | 2,600.00 | 283.58 | 9,066.20 | | | | 5,889.47 |

| 05/08/05 | 1,646.92 | 6,654.80 | 865.48 | 332.74 | | 100.00 | | 348.70 | 1546,1547 | 05/27/05 | 1545 | 266.19 |
| 05/15/05 | 1,570.61 | 6,146.06 | 814.61 | 307.30 | | 100.00 | | 348.70 | 1563,1565 | 06/20/05 | 1564 | 245.84 |
| 05/22/05 | 1,634.70 | 6,573.30 | 857.33 | 328.67 | | 100.00 | | 348.70 | 1567,1568 | 06/20/05 | 1569 | 262.93 |
| 05/29/05 | 1,504.45 | 5,705.03 | 770.50 | 285.25 | | 100.00 | | 348.70 | 1577,1579 | 06/20/05 | 1578 | 228.20 |
| 06/05/05 | 1,444.25 | 5,303.69 | 730.37 | 265.18 | | 100.00 | | 348.70 | 1590,1592 | 06/20/05 | 1591 | 212.15 |
| 06/12/05 | 1,584.75 | 5,905.12 | 790.51 | 295.26 | | 100.00 | 150.28 | 348.70 | 1601,3,4 | 06/29/05 | 1602 | 236.20 |
| 06/19/05 | 1,583.24 | 6,230.29 | 823.03 | 311.51 | | 100.00 | | 348.70 | 1614,1616 | 07/14/05 | 1615 | 249.21 |
| 06/26/05 | 1,604.03 | 6,368.84 | 836.88 | 318.45 | | 100.00 | | 348.70 | 1624,1625 | 07/14/05 | 1623,4 | 254.75 |
| 07/03/05 | 1,520.23 | 5,810.23 | 781.02 | 290.51 | | 100.00 | | 348.70 | 1627,1628 | 07/26/05 | 1626,7 | 232.41 |
| 07/10/05 | 1,393.21 | 4,963.39 | 696.34 | 248.17 | | 100.00 | | 348.70 | 1644,1645 | 08/12/05 | 1643,4 | 198.54 |
| 07/17/05 | 1,544.20 | 5,970.02 | 797.00 | 298.50 | | 100.00 | | 348.70 | 1655,1656 | 08/09/05 | 1654,5 | 238.80 |
| 07/24/05 | 0.00 | | | | | | | | | | | |
| 07/31/05 | 0.00 | | | | | | | | | | | |
| 08/07/05 | 0.00 | | | | | | | | | | | |
| 08/14/05 | 0.00 | | | | | | | | | | | |
| 08/21/05 | 0.00 | | | | | | | | | | | |
| 08/28/05 | 0.00 | | | | | | | | | | | |
| 09/04/05 | 0.00 | | | | | | | | | | | |
| 09/11/05 | 0.00 | | | | | | | | | | | |
| 09/18/05 | 0.00 | | | | | | | | | | | |
| 09/25/05 | 0.00 | | | | | | | | | | | |
| 10/02/05 | 0.00 | | | | | | | | | | | |
| 10/09/05 | 0.00 | | | | | | | | | | | |
| 10/16/05 | 0.00 | | | | | | | | | | | |
| 10/23/05 | 0.00 | | | | | | | | | | | |
| 10/30/05 | 0.00 | | | | | | | | | | | |

| 6 Month Total | 17,130.59 | 65,630.77 | 8,763.07 | 3,281.54 | 0.00 | 1,100.00 | 150.28 | 3,835.70 | | | | 2,825.22 |
| | 17,130.59 | | | | | | | | | | | |
| Year Total | 56,631.44 | 212,892.76 | 28,689.27 | 10,644.62 | 21.00 | 3,700.00 | 674.65 | 12,901.90 | | | | 8,514.69 |

8/12/2005 11:18 AM



EXHIBIT 'A'