UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
          Plaintiffs,

v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
          Defendants.

## AFFIDAVIT OF RICHARD J. BOWEN

I Richard J. Bowen, being under oath depose and state as follows:

1.      I am the President and founder of Honey Dew Associates, Inc. ("HDA"), a Massachusetts corporation which is engaged in franchising donut and coffee shops known as Honey Dew Donuts® Shops. There are more than 140 Honey Dew Donuts® Shops in Massachusetts, Rhode Island, and New Hampshire.

2.      HDA's proprietary marks and products are widely promoted through advertising on radio, newspapers, billboards and other media. HDA's franchise system includes proprietary product formulations and recipes, product and ingredient specifications, specified methods of product display and production, and operational management standards, all of which are proprietary. HDA and its franchisees have been doing business under the Marks, as herein defined, for more than 30 years. As the result of its high quality standards, the Marks have acquired considerable goodwill value and have become well known to the consuming public, identifying

HDA as the source of products to which the marks are applied and identifying the products bearing the marks as being of high quality.

3. At all times relevant hereto, HDA has been and continues to be the owner of trademarks and service marks that are registered on the United States Principal Register and in each of the various states where HDA conducts business. In relevance to this lawsuit, HDA's trademark and service mark registrations include the following:

| Trademark and/or Service Mark | Federal Registration No. & Date | MA Registration No. & Date | RI Registration No. & Date | NH Registration No. & Date |
|---|---|---|---|---|
| Honey Dew Bear with "Honey Dew Donuts" ® | 1,238,646 May 17, 1983 | | | |
| Honey Dew Bear Head stylized design with Honey Dew Donuts ® | 2,011,623 October 29, 1996 | 51322 June 1, 1995 | 95-6-9 June 9, 1995 | Vol. 91, p. 131 January 31, 1996 |
| Honey Dew Donuts® | 2,382,230 September 5, 2000 | 51323 June 1, 1995 | 95-6-8 June 9, 1995 | Vol. 91, p.132 January 31, 1996 |
| Honey Dew Donuts® rounded cloudlike features with signature squares | 2,384,834 September 12, 2000 | 56592™ 56591 sm November 3, 1998 | 981104™ 981103 sm November 12, 1998 | Vol. 95, p.134™ Vol. 95, p.133 sm November 3, 1998 |
| Current Honey Dew logo | 2,789,470 December 2, 2003 | | | |
| Always Fresh, Always Good® | 2,108,962 October 28, 1997 | 53343 October 15, 1996 | 961013 October 21, 1996 | Vol. 92, p. 194 October 23, 1996 |
| Chillerchino® | 2,164,133 June 9, 1998 | 54486 June 26, 1997 | 970701 July 1, 1997 | Vol. 93, p. 218 June 7, 1997 |
| Froosh and Froosh with stylized design | 2,437,879 March 27, 2001 | 56174 56175 July 13, 1998 | 980711 980712 July 10, 1998 | Vol. 95, p. 57 Vol. 95, p. 58 July 13, 1998 |
| Honey Dew Donuts | NA | NA | NA | File No. 184297 June 5, 1995 |

(all such trademarks and service marks will be further referenced collectively as, the "Marks").

4. Individuals wishing to participate in and profit from HDA's franchise system and goodwill may only do so through an authorized license from HDA. All

2

Honey Dew franchises include a non-exclusive right to utilize HDA's trade dress and Marks and requires, upon termination, that the franchisee will immediately discontinue the use of all Marks, and forms of advertising indicative of HDA as symbols of its business and products as well as paying all sums due under the Franchise Agreement.

4. Despite receipt of Notices of Default, the Notice of Termination, and the Notice to Cease and Desist use of the HDA Proprietary Marks the Defendants continue to hold the Allens Avenue, Providence Franchise out to the public as an authorized Honey Dew Donuts® Shop. Defendants have not ceased use of the name, logos, signage, advertising or other property subject to the agreements concerning the use of HDA's Proprietary Marks and have otherwise failed to comply with the termination provisions of the Master Franchise Agreement.

5. If the Defendants are permitted to continue their illegal acts, HDA's reputation and that of its other franchisees will result in irreparable harm to HDA and its franchisees, including possible consumer confusion. HDA legitimately fears not only a current loss of sales because of the Defendants' misconduct, but also, and more detrimentally, a future loss of sales and damage to its and its Franchisees' reputation, as customers are likely to be misled into forming the belief that the Allens Avenue, Providence Franchise is a HDA franchise. The public will also suffer irreparable harm in that the location will appear as, but will not be, an authorized Honey Dew Donuts® Shop, thus, putting Honey Dew's good will at grave risk.

Signed under the penalties of perjury this 1́2 day of August, 2005.

_____
Richard J. Bowen

Aamik/Bll/Carneiro/Aff_RJB

3