UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BOWEN INVESTMENT, INC. <br> HONEY DEW ASSOCIATES, INC. <br>     Plaintiffs and Counterdefendants <br> <br> v. <br> <br> CARNEIRO DONUTS, INC and <br> MANUEL M. CARNEIRO <br>     Defendants and Counterclaimants | C.A. No. 05 – 11709 NMG |

**DEFENDANT'S ANSWER, COUNTERCLAIMS AND JURY DEMAND**

Now come the Defendants Carneiro Donuts, Inc. ("CDI") and Manuel M. Carneiro ("Carneiro") in the above action and in answer say:

1. Admitted

2. Admitted

3. Admitted as to the ownership by HDA of several trademarks and service marks. Denied as to the allegations of "trade dress".

4. Admitted

5. Admitted

6. Denied

7. Defendants have insufficient knowledge with which to form an answer to the allegations in paragraph 7 and call upon the plaintiff to prove the same.

8. Defendant CDI admits executing the referenced Agreement Regarding Transfer of Honey Dew Donut Franchises and Addendum to Franchise Agreements, Franchise Agreement

and Lease with Bowen Investment, Inc. ("BII") and all dated June 1, 2004.

9. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 9.

10. Defendants admit executing the referenced Covenant Not to Compete and a Covenant to Protect Trade Secrets and Proprietary Information dated June 1, 2004.

11. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 11.

12. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 12.

13. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 13.

14. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 14.

15. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 15.

16. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 16.

17. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 17.

18. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 18.

19. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 19.

20. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 20.

21. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 21.

22. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 22.

23. Defendants admit that a Notice purporting to be a "Notice of Default" was sent to the Providence shop on or about September 15, 2004 and deny all other allegations in paragraph 23.

24. Defendants admit that a Notice purporting to be a "Notice of Default" was sent to the Providence shop on or about January 27, 2005 and deny all other allegations in paragraph 24.

25. Defendants admit that a Notice purporting to be a "Notice of Default" was sent to the Providence shop on or about January 27, 2005 and deny all other allegations in paragraph 25.

26. Defendants admit that a Notice purporting to be a "Notice of Default" was sent to the Providence shop on or about February 22, 2005 and deny all other allegations in paragraph 26.

27. Defendants admit that a Notice purporting to be a "Notice of Default" was sent to the Providence shop on or about May 27, 2005 and deny all other allegations in paragraph 27.

28. Defendants admit that a Notice purporting to be a "Notice of Termination" was sent to

   the Providence shop on or about May 27, 2005 and deny all other allegations in

   paragraph 28.

29. Defendants admit that a Notice purporting to be a "Notice of Default" was sent to the

    Providence shop on or about February 22, 2005 and deny all other allegations in

    paragraph 29

30. Defendants admit that a letter purporting to be a "Cease and Desist letter" was forwarded

    to the Providence shop on or about March 17, 2005.

31. Defendants have insufficient knowledge with which to form an answer to the allegations

    in paragraph 31 and call upon the plaintiff to prove the same.

32. Defendants admit that a Notice purporting to be a "Notice of Termination" was sent to

    the Providence shop on or about August 1, 2005 and deny all other allegations in

    paragraph 32.

33. Defendants say that they have insufficient knowledge of what date the plaintiff refers to

    and cannot form an answer to the allegations in paragraph 33 and call upon the plaintiff

    to prove the same.

34. Defendants repeat and reallege the answers set forth in paragraphs 1 through 33 of the

    complaint.

35. Defendants say that paragraph 35 states a conclusion of law for which no responsive

    pleading is required.

36. Defendants say that the document speaks for itself and no responsive pleading is required

    to paragraph 36.

37. Defendants say that the document speaks for itself and no responsive pleading is required

    to paragraph 37.

38. Defendants repeat and reallege the answers set forth in paragraphs 1 through 37 of the complaint.

39. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 39.

40. Defendants say that paragraph 40 states a conclusion of law for which no responsive pleading is required.

41. Defendants say that paragraph 41 states a conclusion of law for which no responsive pleading is required.

42. Denied

43. Defendants say that paragraph 43 states a conclusion of law for which no responsive pleading is required.

44. Denied

45. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 45.

46. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 46.

47. Defendants admit they have refused to give up the Premises to BII and refused to cease operations and deny all other allegations in paragraph 47.

48. Defendants repeat and reallege the answers set forth in paragraphs 1 through 47 of the complaint.

49. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 49.

50. Defendants say that the document speaks for itself and no responsive pleading is required to paragraph 50.

### **AFFIRMATIVE DEFENSES**

1. FAILURE TO STATE A CLAIM

The complaint fails to state a claim upon which relief may be granted.

2. ILLEGALITY

The plaintiffs are barred from recovery of damages because they are based upon contractual agreements that are illegal or were obtained by illegal means.

3. FRAUD

The plaintiffs are barred from recovery because the contractual agreements upon which they base their complaint were induced by intentional misrepresentations and omissions.

4. FAILURE OF CONSIDERATION

The plaintiffs are barred from recovery because certain of the contractual agreements upon which they base their complaint fail for lack of consideration.

5. UNJUST ENRICHMENT

The recovery sought by the plaintiffs would be an unjust enrichment.

6. UNCLEAN HANDS

The plaintiffs come into court with unclean hands and should not recover.

7. ESTOPPEL

The plaintiffs are barred from recovery by their own wrongful conduct.

8. UNCONSCIONABILITY

The plaintiffs are barred from recovery because the contractual agreements upon which

they base their complaint are unconscionable.

### 9. DURESS

The plaintiffs are barred from recovery because the contractual agreements upon which they base their complaint were procured under duress.

### 10. WAIVER

The plaintiffs have waived certain claims against the defendants.

### 11. LACHES

The plaintiffs delayed for an unreasonable time in asserting their claims and this delay has caused prejudice to the defendants.

### 12. THE COURT LACKS SUBJECT MATTER JUSRISDICTION

The Court lacks subject matter jurisdiction over certain of the plaintiff's claims.

WHEREFORE, the defendants pray that the plaintiff's complaint be dismissed, the defendants be awarded all their costs and attorney's fees and the Court grant the defendants any other relief that the Court deems just.

DEFENDANTS DEMAND TRIAL BY JURY ON ALL ISSUES TRIABLE.

### **COUNTERCLAIMS**

#### PARTIES

1. The plaintiff-in-counterclaim Manuel M. Carneiro ("Carneiro") is a citizen of the state of Rhode Island residing at 564 Hunt Street, Central Falls, RI 02863.

2. The plaintiff-in-counterclaim Carneiro Donuts, Inc. ("CDI") is a Rhode Island corporation with a place of business as a Honey Dew franchise at 460 Allens Ave., Providence, RI.

3. The defendant-in-counterclaim Bowen Investment, Inc. ("BII") is a corporation organized and existing pursuant to the laws of the Commonwealth of Massachusetts, with its principal place of business at 1215 Reservoir Ave., Cranston, RI. At all relevant times hereto BII was engaged in the subfranchising of coffee and donuts shops.

4. The defendant-in-counterclaim Honey Dew Associates, Inc. ("HDA") is a corporation organized and existing pursuant to the laws of the Commonwealth of Massachusetts, with its principal place of business at 2 Taunton Street, Plainville, Massachusetts. At all relevant times HDA has been the owner of several trademarks and service marks related to the present litigation.

5. HDA licenses franchises to small companies and individuals to operate coffee and donut shops.

6. BII is a subfranchisor of HDA.

7. At all relevant times alleged in this complaint BII was involved in trade or commerce.

8. At all relevant times alleged in this complaint HDA was involved in trade or commerce.

## JURISDICTION

9. The jurisdiction of this Court is based upon the provisions of F.R.C.P. Rule 13.

## STATEMENT OF CLAIMS

COUNT I

BREACH OF CONTRACT

10. Plaintiffs-in-counterclaim repeat and reallege the allegations set forth in paragraphs 1 through 9 of the counterclaims.

11. On or about June 1, 2004, BII entered into a franchise agreement with the plaintiffs-in-counterclaim granting them the right to operate a donut and coffee shop at 460 Allens Ave., Providence, RI.

12. BII failed to disclose in its franchise offering circular that it finances equipment for its franchisees.

13. BII failed to properly disclose in its franchise offering circular that it sells equipment to its franchisees.

14. BII provided equipment financing to the plaintiffs-in-counterclaim.

15. BII sold equipment to the plaintiffs-in-counterclaim.

16. BII and Honey Dew Associates, Inc. demanded that the plaintiffs-in-counterclaim pay advertising fees to the Honey Dew Associates, Inc Advertising Fund in amounts and percentages of sales not required under their franchise agreement.

17. BII breached the franchise agreement by changing the terms and rates, specified in the franchise agreement, by which the plaintiffs-in-counterclaim and other franchisees pay advertising fees.

18. BII breached the franchise agreement by demanding that the plaintiffs-in-counterclaim pay BII's obligations to the Honey Dew Associates, Inc Advertising Fund.

19. BII breached the franchise agreement by purporting to terminate the agreement upon manufactured and fictitious grounds.

20. BII and HDA violated the FTC Franchise Rule by failing to accurately disclose the terms and rates by which advertising and franchise fees were to be paid.

21. BII has failed to provide the plaintiffs-in-counterclaim a proper annual audit of the advertising fund as required by the franchise agreement.

22. The plaintiffs-in-counterclaim are third party beneficiaries of the Honey Dew Associates, Inc. Advertising Fund.

23. The plaintiffs-in-counterclaim are third party beneficiaries of the HDA's administration of the Honey Dew Associates, Inc. Advertising Fund ("Advertising Fund").

24. Honey Dew Associates, Inc. has breached its legal obligation to make available a sufficient and proper annual audit of the Advertising Fund receipts and expenditures.

25. Honey Dew Associates, Inc. has improperly administered and managed the Advertising Fund.

26. HDA has breached is legal duties to the plaintiffs-in-counterclaim as beneficiaries of the Advertising Fund.

27. BII failed to provide the plaintiffs-in-counterclaim the proper training called for in Section V of the franchise agreement.

28. BII illegally defaulted and illegally terminated the plaintiffs-in-counterclaim's franchise agreement.

29. BII pretextually defaulted and terminated the plaintiffs-in-counterclaim's

franchise agreements for wrongful and bad faith purposes.

30. As a direct and proximate result of BII's and HDA's breaches of contract, the plaintiffs-in-counterclaim have suffered injury and continue to suffer damages.

## COUNT II

### BREACH OF WARRANTY OF GOOD FAITH AND FAIR DEALING

31. Plaintiffs-in-counterclaim repeat and reallege the allegations set forth in paragraphs 1 through 30 of the counterclaims.

32. BII breached the warranty of good faith and fair dealing by purporting to terminate the franchise agreement upon manufactured and fictitious grounds.

33. BII breached the warranty of good faith and fair dealing by illegally and pretextually defaulting and illegally terminating the plaintiffs-in-counterclaim's franchise agreement for wrongful purposes.

34. BII threatened litigation against the plaintiffs-in-counterclaim if they did not make full payment on an equipment note which was not in default.

35. BII terminated the plaintiffs-in-counterclaim's franchise agreement for purported non-payment of an equipment note which was not in default and which was not an obligation under the franchise agreement.

36. BII threatened litigation against the plaintiffs-in-counterclaim if they did not make full payment on an equipment note resulting from equipment financing which was not properly disclosed by BII in their franchise offering circular as required by the FTC Franchise Rule.

37. BII directed and required the plaintiffs-in-counterclaim to pay BII's obligations to the Honey Dew Associates, Inc Advertising Fund.

38. BII failed to provide the plaintiffs-in-counterclaim the training called for in Section V of their franchise agreement.

39. As a direct and proximate result of BII's and HDA's knowing and willful breaches of the warranty of good faith and fair dealing plaintiffs-in-counterclaim have suffered injury and continue to suffer damages.

## COUNT III

## FRAUD THROUGH MATERIAL MISREPRESENTATION

40. Plaintiffs-in-counterclaim repeat and reallege the allegations set forth in paragraphs 1 through 39 of the counterclaims.

41. BII had a legal duty, per the Rhode Island Franchise Act and the FTC Franchise Rule, to provide accurate information and disclosures in its franchise offering circular.

42. BII knowingly failed to make the legally required accurate representations and disclosures in its franchise offering circular pertaining to the payment of advertising and royalty fees.

43. BII knowingly failed to make the legally required accurate representations and disclosures in its franchise offering circular pertaining to equipment financing.

44. BII knowingly failed to fully and properly disclose its prior history of material litigation in its franchise offering circular.

45. BII knowingly failed to make the legally required accurate representations and disclosures in its franchise offering circular pertaining to the sale of equipment by BII to franchisees.

46. Plaintiffs-in-counterclaim reasonably relied upon the truthfulness and accuracy of

        the disclosures made by BII in its franchise offering circular.

47. As a direct and proximate result of BII's fraud through material misrepresentation plaintiffs-in-counterclaim have suffered injury and continue to suffer damages.

## COUNT IV

## FRAUD THROUGH FAILURE TO DISCLOSE MATERIAL FACTS

48. Plaintiffs-in-counterclaim repeat and reallege the allegations set forth in paragraphs 1 through 47 of the counterclaims.

49. BII has a duty, per the Rhode Island Franchise Act and the FTC Franchise Rule, to disclose material facts to prospective franchisees so that they may make an informed decision with regard to purchasing a Honey Dew franchise.

50. BII knowingly failed to fully and properly disclose its prior history of material litigation in its franchise offering circular.

51. Plaintiffs-in-counterclaim reasonably relied upon the truthfulness and accuracy of the disclosures made by BII in its franchise offering circular.

52. BII failed to accurately disclose the royalty fee percentage to be paid by the plaintiffs-in-counterclaim to BII.

53. BII failed to accurately disclose the advertising fee percentage required to be paid by the plaintiffs-in-counterclaim to HDA and the Advertising Fund.

54. BII failed to disclose that it offered equipment financing to franchisees such as the plaintiffs-in-counterclaim.

55. BII failed to properly disclose that it would be selling equipment to the plaintiffs-in-counterclaim.

56. As a direct and proximate result of BII's fraud through failure to disclose

material facts plaintiffs-in-counterclaim have suffered injury and continue to suffer damages.

## COUNT V

### VIOLATION OF CHAPTER 19-28.1
### RHODE ISLAND FRANCHISE INVESTMENT ACT

57. Plaintiffs-in-counterclaim repeat and reallege the allegations set forth in paragraphs 1 through 56 of the counterclaims.

58. BII violated the Rhode Island Franchise Investment Act, Chapter 19-28.1, by knowingly and fraudulently failing to make proper and accurate disclosures regarding the payment of advertising and franchise fees.

59. BII violated the Rhode Island Franchise Investment Act by knowingly and fraudulently failing to disclose BII's equipment financing practices to the plaintiffs-in-counterclaim .

60. BII violated the Rhode Island Franchise Investment Act by knowingly and fraudulently failing to disclose BII's equipment sales practices and material litigation history to the plaintiffs-in-counterclaim.

61. The plaintiffs-in-counterclaim  reasonably relied upon the truthfulness and accuracy of the disclosures made by BII in its franchise offering circular.

62. The Rhode Island Franchise Investment Act expressly provides franchisees, such as the plaintiffs-in-counterclaim, the right to a private civil action.

63. HDA is a franchisor in the state of Rhode Island.

64. Under the Rhode Island Franchise Act, HDA bears legal liability to the plaintiffs-in-counterclaim for the wrongful acts committed by BII.

65. Under the Rhode Island Franchise Act, HDA bears legal responsibility to the

plaintiffs-in-counterclaim for the wrongful acts of its subfranchisor BII.

66. As a direct and proximate result of BII's violations of the Rhode Island Franchise Investment Act, plaintiffs-in-counterclaim have been injured and continue to suffer damages.

67. As a direct and proximate result of HDA's violations of the Rhode Island Franchise Investment Act, plaintiffs-in-counterclaim have been injured and continue to suffer damages.

## COUNT VI

### VIOLATIONS OF G.L. c. 93A
### UNFAIR AND DECEPTIVE TRADE PRACTICES

68. Plaintiffs-in-counterclaim repeat and reallege the allegations set forth in paragraphs 1 through 67 of the counterclaims.

69. At all relevant times alleged in this complaint BII was involved in trade or commerce.

70. At all relevant times alleged in this complaint HDA was involved in trade or commerce.

71. BII did not provide adequate disclosures in its offering circular in accordance with regulations promulgated by the Federal Trade Commission.

72. BII knowingly and fraudulently violated the FTC Franchise Rule by failing to accurately disclose the terms and rates by which advertising and franchise fees were to be paid.

73. HDA knowingly and willfully violated the FTC Franchise Rule by failing to require BII to accurately disclose the terms and rates by which advertising and

    franchise fees were to be paid.

74. HDA and BII are jointly and severally liable for each others FTC Rule violations.

75. HDA is liable for the FTC Rule violations of BII.

76. BII violated the Rhode Island Franchise Investment Act by failing to accurately disclose the terms and rates by which advertising and franchise fees were to be paid by the plaintiffs-in-counterclaim.

77. BII fraudulently violated the FTC Rule by failing to disclose its prior material litigation history and that it finances equipment purchases for its franchisees.

78. BII fraudulently violated the Rhode Island Franchise Investment Act by failing to disclose that it finances equipment purchases for its franchisees.

79. BII fraudulently violated the Rhode Island Franchise Investment Act by failing to disclose its equipment financing practices to the plaintiffs-in-counterclaim.

80. BII and HDA fraudulently violated the Rhode Island Franchise Investment Act, Chapter 19-28.1 by failing to make proper and accurate disclosures regarding the payment of advertising and franchise fees.

81. HDA knowingly and willfully assisted BII in its illegal scheme to require the plaintiffs-in-counterclaim to pay BII's 2% advertising fee commitment.

82. BII's termination of the plaintiffs-in-counterclaim's franchise agreement upon manufactured and fictitious grounds was done to coerce the plaintiffs-in-counterclaim to enter into a revised franchise agreement upon terms more favorable to BII and oppressive to the plaintiffs-in-counterclaim.

83. The wrongful, illegal and fraudulent actions and omissions of both BII and Honey Dew Associates, Inc. constitute unfair and deceptive trade practices

under common law and pursuant to Massachusetts General Laws Chapter 93A.

84. As a direct and proximate result of BII's violations of G.L. c. 93A, plaintiffs-in-counterclaim have been injured and continue to suffer severe damages.

85. As a direct and proximate result of Honey Dew Associates, Inc.'s violations of G.L. c. 93A, plaintiffs-in-counterclaim have been injured and continue to suffer damages.

### REQUEST FOR RELIEF

WHEREFORE, plaintiffs-in-counterclaim request that this court grant the following relief:

a. Award damages in an amount to be determined at trial to compensate the plaintiffs-in-counterclaim for damages resulting from BII's breaches of contract;

b. Award damages in an amount to be determined at trial to compensate the plaintiffs-in-counterclaim for damages resulting from HDA's breaches of contract;

c. Award damages in an amount to be determined at trial to compensate the plaintiffs-in-counterclaim for damages resulting from BII's breaches of the warranty of good faith and fair dealing;

d. Award damages in an amount to be determined at trial to compensate the plaintiffs-in-counterclaim for damages resulting from HDA's breaches of the warranty of good faith and fair dealing;

e. Award damages in an amount to be determined at trial to compensate the plaintiffs-in-counterclaim for damages resulting from BII's fraud through material misrepresentation.

f.  Award damages in an amount to be determined at trial to compensate the plaintiffs-in-counterclaim for damages resulting from BII's fraud through failure to disclose material facts.

g.  Award damages in an amount to be determined at trial to compensate the plaintiffs-in-counterclaim for damages resulting from BII's and HDA's violations of G.L. c. 93A;

h.  Award damages in an amount to be determined at trial to compensate the plaintiffs-in-counterclaim for damages resulting from BII's and HDA's violations of the Rhode Island Franchise Investment Act ;

i.  Award the plaintiffs-in-counterclaim multiple damages from both BII and HDA pursuant to G.L. c. 93A;

j.  Order both BII and HDA to immediately provide the plaintiffs-in-counterclaim's a full accounting of receipts and expenditures of the Advertising Fund as required by their offering circular and franchise agreement.

k.  Order dissolution of the Advertising Fund and return of franchisee contributions.

l.  Award the plaintiffs-in-counterclaim their interests and costs, including reasonable attorneys fees incurred in maintaining this action; and

m. Grant other such relief as the Court deems just and proper.

PLAINTIFFS-IN-COUNTERCLAIM DEMAND TRIAL BY JURY

                              Respectfully submitted,
                              MANUEL M. CARNEIRO
                              CARNEIRO DOUNTS, INC.
                              By their Attorney,

                              /s/ Kevin R. McCarthy
                              Kevin R. McCarthy
                              (BBO # 640788)
                              155 Fairoaks Lane
                              Cohasset, Ma  02025
                              781-383-0639

Dated:  October 3, 2005

## CERTIFICATE OF SERVICE

    I, Kevin R. McCarthy, certify that on this date I served a true copy the foregoing DEFENDANT'S ANSWER, COUNTERCLAIMS AND JURY DEMAND to counsel for all parties by electronic means (CM/ECF) to Jack J. Mikels, counsel for the plaintiff, Jack Mikels and Associates LLP, 1 Batterymarch Park, Suite 309, Quincy, MA 02169.

                              /s/ Kevin R. McCarthy
                              Kevin R. McCarthy

Dated:  October 3, 2005