UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. NO. 05-11709 NMG

BOWEN INVESTMENT, INC. and HONEY DEW ASSOCIATES, INC.,
    Plaintiffs,

v.

CARNEIRO DONUTS, INC., and MANUEL M. CARNEIRO,
    Defendants.

**AUTOMATIC REQUIRED DISCLOSURES OF PLAINTIFFS, BOWEN INVESTMENT, INC. AND HONEY DEW ASSOCIATES, INC.**

---

The Plaintiffs, Bowen Investment, Inc. ("BII") and Honey Dew Associates, Inc. ("HDA", collectively, the "Plaintiffs") hereby makes the following initial disclosures pursuant to Fed.R.Civ.P. 26.

**A.** **Disclosures pursuant to Rule 26(a)(1)(A).**

The following persons are likely to have relevant discoverable information regarding the claims and defenses of HDA:

    1)    Richard J. Bowen, President, Honey Dew Associates, Inc., 2 Taunton Street, Plainville, MA. Mr. Bowen would have information concerning HDA's registered trademarks and general knowledge that the allegations of the counterclaims of Carneiro Donuts, Inc. and Manuel M. Carneiro (the "Defendants") are not true as matters involving the advertising fund and purported fraud.[1]

---

[1] The Defendants' Counterclaim, Counts III and IV, alleging fraud lack have not been plead with specificity. The Counterclaim also provides no specificity as to how HDA "improperly administered and managed the Advertising Fund" as alleged in Count I. On October 20, 2005, Plaintiffs' counsel conferred with Defendants' counsel pursuant to Local Rule 7.1 with respect to a proposed motion to dismiss and strike certain Counts and allegations from the Counterclaim. As result of the conference, Defendants' counsel represented that the Counterclaim will be amended before October 23rd (Plaintiffs' response deadline). As of the date of filing this Disclosure statement, no such amendment has been made.

1

2) Robert P. Bowen, President, Bowen Investment, Inc., 1215 Reservoir Avenue, Cranston, RI. Mr. Bowen would have information concerning communications with the Defendants, the default letters, the termination letters, the cease and desist letters and other correspondence sent on behalf of HDA to Defendants. Additionally, Mr. Bowen would have information on subjects involving the contracts entered into between the parties such as the Franchise Agreement, Agreement Regarding Transfer of Honey Dew Donut Franchises and Addendum to Franchise Agreement, Lease, Liability Agreement, Covenant Not to Compete and Covenants to Protect Trade Secrets and Proprietary Information, letter agreement dated July 26, 2004, the Defendants' training, various inspections and reports and payment deficiencies. Mr. Bowen would have information showing that the allegations of the Defendants' counterclaim are untrue.

3) Frank Wrightington, independent contractor, 3 Daniel Drive, North Easton, MA, would have information concerning inspections of the Honey Dew Donuts store operated by the Defendants at 460 Allens Ave., Providence, Rhode Island (the "Premises").

4) Joe Garcia, 1766 Warwick Ave., Warwick, RI may have information relating to subject matters involving the Defendants' training.

5) The following persons are likely to have discoverable information which the Plaintiffs may use to support their defenses to the Defendants' counterclaims, excluding witnesses solely for impeachment: Monica Keaffer, Bookkeeper and Amy Levenson, Director of Marketing, Honey Dew Associates, Inc., office located at 2 Taunton Street, Plainville, MA. Ms. Keaffer and Ms. Levenson have general knowledge

that the allegations of the Defendants are untrue including the Defendants' vague allegations regarding the advertising fund.

It is further anticipated that one or more of the following persons, related to the defendants, would have information related to this action:

(1)     Manuel M. Carneiro, 564 Hunt Street, Central Falls, Rhode Island, would have knowledge of communications with the Plaintiffs and inspections of the Premises. Mr. Carneiro is also the owner and principal of defendant, Carneiro Donuts, Inc. and would have information relevant to the corporate records, gross sales and breaches under the franchise agreements.

(2)     Mario Carneiro, CPA, Tracy Botelho, and individuals at the Office or Mario Carneiro, 577 Warren Ave., Suite 200, East Providence, RI may have information relating to the Defendants' financial books, records and affairs including gross sales, payments and payment breaches under the franchise agreements.

**B.**     **Disclosures pursuant to Rule 26(a)(1)(B).**

The following documents are in the possession, custody or control of Plaintiff and are documents and/or data compilations related to this action:

1.     Agreement Regarding Transfer of Honey Dew Donut Franchises and Addendum to Franchise Agreements between Bowen Investment, Inc., Allens Avenue Donuts, Inc., Donal Holding Corp, Donal W. Smith, Richard Balasco, Cranston East Donuts, Inc. and Carneiro Donuts, Inc., dated June 1, 2004;

2.     Franchise Agreement between Bowen Investment, Inc. and Carneiro Donuts, Inc., dated June 1, 2004;

3. Lease for 460 Allens Avenue, Providence, RI, dated June 1, 2004;

5. Liability Agreement of Manuel M. Carneiro;

6. Covenant Not to Compete of Manuel M. Carneiro and Carneior Donuts, Inc.;

7. Covenant to Protect Trade Secrets and Propriety Information of Manuel M. Carneiro and Carneiro Donuts, Inc.;

8. Letter Agreement of July 26, 2004 and related invoices (hereafter items 1-8 collectively (the "Franchise Documents");

9. Notices of Default;

10. Notices of Termination;

11. Customer Satisfaction Standards Evaluations;

12. Correspondence to and from defendants Manuel M. Carneiro and Carneiro Donuts, Inc. including draft agreements;

13. Shop Reviews and visitations of the Premises; and

14. Payment history.

**C.    Damage Computation pursuant to Rule 26(a)(1)(C)**

Count I seeks damages against the Defendants' jointly and severally for breach of the payment obligations due under the Franchise Documents which include: (i) Royalty payments due under the Franchise Agreement in the amount of 7% of weekly gross sales; (ii) Advertising fund fee payments due under the Franchise Agreement in the amount of 2% of weekly gross sales; (iii) Lease payments of $200 per week plus 10% of weekly gross sales plus triple net payments including real estate tax payments; and (iv) Reimbursement of equipment costs pursuant to the letter agreement dated July 26, 2004.

Interest on all said payment obligations (i-iv) accrues at a rate of 18% from the due date to the date paid. All such gross sales amounts can only be calculated from information within the possession of the Defendants which the Plaintiffs expect the Defendants to produce through discovery. The Plaintiffs also seek counsel fees and costs of this action as agreed to by the Defendants under the Franchise Agreement.

Count II seeks a preliminary injunction for unlawful use of the Plaintiff HDA's trademarks after termination of their right to do so. Damages could include damages for the period of willful trademark infringement, including Defendants' sales and profits, an amount which can only be calculated from information within the possession of the Defendants. The Plaintiffs also seek punitive damages and counsel fees and costs of this action.

Count III seeks post-termination damages. The Franchise Agreement was terminated on February 22, 2005 but was supposed to expire on August 2, 2009 and the Lease was to run concurrently therewith. On October 7, 2005, Preliminary Injunction entered enjoining and restraining the Defendants' operation of the business, closing the shop effective 12:00 noon, October 7, 2005, without transferring possession of the Premises to BII. In light of the Preliminary Injunction, the post-termination damages, as provided in the Franchise Documents, include:

    A.    For the period of February 22, 2005 through October 7, 2005, in which the Defendants remained on the Premises: (i) Royalty payments due under the Franchise Agreement in the amount of 7% of weekly gross sales; (ii) Advertising fund fee payments due under the Franchise Agreement in the amount of 2% of weekly gross sales; (iii) Double the amount due for Base Rent Lease payments ($400 per week plus 20% of

weekly gross sales) plus triple net payments including real estate tax payments (hereafter items (i-iii) are referred to collectively as the "Installment Payments"); and (iv) 25% of the weekly aggregate of the Royalties, Advertising Fees, double Rent (all based on percentages of weekly gross sales in possession of the Defendants) plus triple net obligations pursuant to the Lease all with interest accruing at a rate of 18% from the due date to the date paid;

      B.     For the period of time after the Defendants' vacated the Premises (October 7, 2005) until the time that the Premises is back in BII possession and operation as a Honey Dew Donuts Shop, the post-termination damages include the remaining Installment Payments that would have come due based on an agreed to formulation calculated as if weekly gross sales for each week due were equal to the average of weekly gross sales for the Defendants' eight highest sales weeks in the 52 week period prior to October 7, 2005. Interest also accrues on this amount at a rate of 18% from the date due to the date paid;

      C.     All costs incurred by the Plaintiffs in continuing the business including, license fees or taxes, costs of re-granting the Franchise such as broker's fee, legal fees, and training expenses, and costs incurred in repairing, altering, improving, leasing and renovating the Premises; and

      D.     The Plaintiffs also seek counsel fees and costs of this action as agreed to by the Defendants under the Franchise Agreement.

**D.**     **<u>Disclosure requirements pursuant to Rule 26(a)(1)(D) are not applicable.</u>**

Respectfully submitted,

Plaintiffs,
Bowen Investment, Inc.
Honey Dew Associates, Inc.
By their Attorneys,

Dated: October 20, 2005            /s/ Michael A. Wirtz
_____
Jack J. Mikels - BBO# 345560
Michael A. Wirtz BBO# 636587
Janell E. De Gennaro, BBO #656306
JACK MIKELS & ASSOCIATES, LLP
1 Batterymarch Park, Suite 309
Quincy, MA  02169-7454
Tel:  617.472.5600

## CERTIFICATE OF SERVICE

I, Michael A. Wirtz, hereby certify that on October 20, 2005, a copy of the within document was served via the electronic means available under CM/ECF to counsel for the Defendants, Kevin R. McCarthy, 155 Fairoaks Lane, Cohasset, MA 02025, kemccar68@comcast.net.

/s/ Michael A. Wirtz
_____
Michael A. Wirtz

f.amik.BII/lit/Carniero/Automatic Disclosures