UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BOWEN INVESTMENT, INC. ) <br> HONEY DEW ASSOCIATES, INC. ) <br>     Plaintiffs and Counterdefendants ) <br> ) <br> v. ) <br> ) <br> CARNEIRO DONUTS, INC and ) <br> MANUEL M. CARNEIRO ) <br>     Defendants and Counterclaimants ) <br> ) | C.A. No. 05 – 11709 NMG <br><br> Judge Nathaniel M. Gorton |

**DEFENDANTS' EMERGENCY MOTION TO QUASH THE SUBPOENA OF DEFENDANTS' COUNSEL AND MOTION FOR A PROTECTIVE ORDER**

Now come the Defendants Carneiro Donuts, Inc. and Manuel M. Carneiro (collectively, "Defendants") and hereby move pursuant to Fed. R. Civ. P. 45 C (3) (A) for an order quashing the subpoena duces tecum of the Defendants' counsel in this case. The Defendants also move pursuant to Fed. R. Civ. P. 26 (c) for a protective order that the Defendants' counsel not be deposed to testify in this case.   In support of this emergency Motion, the Defendants hereby state:

1.      On November 17, 2005 the Plaintiffs subpoenaed the Defendants' attorney, Kevin R. McCarthy, commanding him to appear at the office of their attorney on November 25, 2005 and to bring numerous documents and records which are obviously attorney work product and research and protected by the attorney work privilege.  See attached Exhibit 1 for the subpoena and Schedule A document requests.

2.	On November 19, 2005 the Defendants' attorney sent a letter to the Plaintiffs' attorney objecting to the production of the attorney work product documents they were demanding.  See attached Exhibit 2 which is a copy this letter.  This letter also asked for an immediate Local Rule 7.1 conference prior to the submission of this Motion.  At the initiation of Attorney Wirtz, representing the Plaintiffs, he and attorney Kevin R. McCarthy, representing the Defendants, exchanged e-mail letters on Sunday 11/20/05 which failed to resolve the issues with the last e-mail from attorney Wirtz stating: "I do not agree to cancel your deposition.  You may file your motion".

3.	The materials demanded would clearly violate the attorney work privilege doctrine and also require the disclosure of privileged and protected matter such as attorney litigation research, which is what the Plaintiffs are demanding.  The Plaintiffs are specifically asking for the opposing attorney's case investigation records, all documents from any third party investigator, computer records and computer searches from the deposed Defendants' attorney which directly relate to this case.  All of these requests involve and demand that the Defendants' counsel provide the Plaintiffs with his attorney work product and research on this case.

4.	Pursuant to Fed. R. Civ. P. 27(b)(3), a party may only obtain discovery of such materials as noted above, " upon showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means."  The federal rule is a codification of the work product doctrine defined by the U.S. Supreme Court in *Hickman v. Taylor*, 329 U.S. 495 (1947).

5. The deposition testimony of Kevin R. McCarthy, litigation counsel for the Defendants, would require the disclosure of privileged and otherwise protected information and no exception or waiver applies.

6. The deposition sought by the Plaintiffs is not reasonably calculated to lead to the discovery of admissible evidence in the pending action before this Court. Here, the Plaintiffs are specifically asking for information and work product outside the time frames of this case and for irrelevant and inadmissible work product and other protected information. Under Fed. R. Civ. P. 26, a party may obtain discovery only as to matters that are "relevant to the subject matter involved in the present action," and the information sought to be discovered must appear "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Further, any legitimate interest in taking this deposition is outweighed by the Defendants' interest in avoiding harassment and an undue burden.

7. The Defendants' attorney, who is the subject of the Plaintiffs subpoena duces tecum, is not a witness in this case – he is the Plaintiffs' litigation counsel in this case.

8. The subpoena of the Defendants' attorney on 7 days notice, at the end of the discovery period (which ends November 28, 2005 per Court Order), during a holiday week and during a week in which the Defendants are giving deposition along with two other witness depositions which have been scheduled (though one may have been cancelled) is simply a case of the harassment and annoyance of the Defendants' attorney. In fact, the Plaintiffs have already scheduled the deposition of a witness on November 25, 2005 which is the same day as the subpoena at issue here.

WHEREFORE, the Defendants hereby ask this Honorable Court:

3

1.   To quash the subpoena duces tecum (attached as Exhibit 1) of the Defendants' counsel in this case, attorney Kevin R. McCarthy.

2.   Issue a protective order that the Defendants' counsel not be further subpoenaed, annoyed or harassed in this case by the Plaintiffs.

3.   Grant the Defendants' their reasonable attorney fees, expenses and costs associated with having to spend valuable time and money making this Motion to Quash an obviously harassing and frivolous subpoena, served on very short notice and demanding clearly privileged documents and testimony from the Defendants' attorney, Kevin R. McCarthy, who is the opposing counsel in this case.

4.   Grant any other relief or make any further orders this Court deems just and proper.

REQUEST FOR ORAL ARGUMENT AND REQUEST AN EXPEDITED HEARING ON THIS MOTION AS THE DEPOSITION AT ISSUE HAS BEEN SCHEDULED FOR FRIDAY, NOVEMBER 25, 2005.

    Respectfully,

    MANUEL M. CARNEIRO
    CARNEIRO DOUNTS, INC.
    By their Attorney,

    /s/ Kevin R. McCarthy
    Kevin R. McCarthy
    (BBO # 640788)
    155 Fairoaks Lane
    Cohasset, Ma  02025
    781-383-0639

Date:   November 20, 2005

**CERTIFICATE OF SERVICE**

    I, Kevin R. McCarthy, certify that on this date I served a true copy the foregoing DEFENDANTS' EMERGENCY MOTION TO QUASH THE SUBPOENA OF DEFENDANTS' COUNSEL AND MOTION FOR A PROTECTIVE ORDER to counsel for all parties by electronic means (CM/ECF) to Jack J. Mikels, counsel for the plaintiff, Jack Mikels and Associates LLP, 1 Batterymarch Park, Suite 309, Quincy, MA 02169.

Date: November 20, 2005

                                      /s/ Kevin R. McCarthy
                                      Kevin R. McCarthy


**LOCAL RULE 7.1 (A) (2) and 37(1)(B) CERTIFICATION**

    I, Kevin R. McCarthy, counsel for the defendants, do hereby certify pursuant to Local Rule 7.1 (A) (2) that prior to filing this motion, I conferred (by letter and e-mails) with Michael Wirtz, counsel for the Plaintiffs, in an effort to resolve or narrow the issues raised by this Motion and that, pursuant to Local Rule 37 (1) (B), I conferred in good faith in an effort to resolve the issues but these efforts failed.

                                      /s/ Kevin R. McCarthy
                                      Kevin R. McCarthy

Date: November 20, 2005

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF Massachusetts

Bowen Investment, Inc. and Honey Dew
Associates, Inc.
             V.
Carneiro Donuts, Inc. and Manuel M.
Carneiro

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   05-11709 NMG

TO: Kevin R. McCarthy
    155 Fairoaks Lane
    Cohassett, MA 02025

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Jack Mikels & Associates, LLP One Batterymarch Park, Suite 309, Quincy, MA 02169 | DATE AND TIME  11/25/05 at 11:00 a.m. |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule "A"

| PLACE  Jack Mikels & Associates, LLP One Batterymarch Park, Suite 309, Quincy, MA 02169 | DATE AND TIME  11/25/05 at 11:00 a.m. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  | 11/17/05 |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Michael A. Wirtz | 11/16/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Michael A. Wirtz
Jack Mikels & Associates, LLP, One Batterymarch Park, Suite 309, Quincy, MA 02169
617.472.5600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE "A"

DOCUMENTS TO BE PRODUCED BY:
KEVIN R. McCARTHY

1. All documents and/or records relating to any investigation conducted by you involving Bowen Investment, Inc. and/or Honey Dew Associates, Inc. at any time.

2. All documents and/or records relating to any investigation conducted by any third party involving Bowen Investment, Inc. and/or Honey Dew Associates, Inc. at any time.

3. All computer records, including searches, in which Bowen Investment, Inc. and/or Honey Dew Associates, Inc. were identified including without limitation all data, print-outs, dockets, on-line inquiries, county case and/or party inquiries, inspections, reviews, PACER reports and/or queries.

4. All records showing and/or identifying the date and/or dates that such search and/or searches had been conducted in which Bowen Investment, Inc. and/or Honey Dew Associates, Inc. were identified and/or used as a search resource and/or qualifier.

f/amik/BIl/Lit/Cameiro/DepoNotices

**Kevin R. McCarthy**
Attorney at Law
155 Fairoaks Lane
Cohasset, Massachusetts  02025

| Telephone | E-mail | Fax |
|---|---|---|
| 781-383-0639 | kemccar68@comcast.net | 781-735-0228 |

FAX

November 19, 2005

Michael A. Wirtz
Jack Mikels & Associates, LLP
1 Batterymarch Park, Suite 309
Quincy, MA  02169

Dear Mr. Wirtz:

**Re:  Objection Under Fed. R. Civ. P. 45**

Regarding the subpoena you recently served on me (the opposing counsel in the relevant case styled *Bowen Investment, Inc. and Honey Dew Associates, Inc.*, v. *Carneiro Donuts, Inc.* and *Carneiro Donuts Inc.*, and *Manuel M. Carneiro*):

1.     Please be advised that pursuant to Fed. R. Civ. P. 45 (B) I hereby OBJECT to the inspection or copying of any of the materials you are demanding be produced per Schedule A of your subpoena.   Accordingly, and per Rule 45, you are not entitled to inspect and copy any of the materials you are demanding except pursuant to a court order.

2.     Additionally, your subpoena of myself (again your opposing counsel in the above noted active litigation) requires and clearly involves the disclosure of privileged and protected matters and is directly violative of the attorney work product privilege and attorney-client confidentiality.  Accordingly, I must demand that you immediately cancel the deposition of myself or I will be forced to immediately move to quash the subpoena and seek a protective order as well as for sanctions and attorney fees.

3.     The subpoena was served on November 17, 2005 for a November 25, 2005 deposition and document demand.   This is highly burdensome and harassing to subpoena your opposing counsel on such short notice, on a holiday week and especially one who is certainly not a necessary witness.   I believe the Court will take a similar dim view of this late discovery period tactic and I am fully prepared to immediately and appropriately involve the Court in this matter if you do not immediately agree to cancel your deposition of myself, your opposing counsel.

4.     Due to the very short time period I now have to act I must insist that you contact me by 1PM on Monday for a Local R. 7.1 conference on this matter or notify me in writing of its

cancellation by 1pm on Monday. One way or the other, if the subpoena is not cancelled by 1PM on Monday you should expect me to make an emergency motion to the Court as indicted above at any time after 1PM.

5.   Please be advised that the short notice of your subpoena of opposing counsel has caused me to have to consult with others, conduct research and otherwise spend valuable time to address your subpoena - all of which we will ask the Court to hold you financially and otherwise accountable for. And all of this in a case which, as you know, is on a very fast track with trial scheduled for January 17, 2005. Accordingly, I have lost valuable time in completing my revisions to Carneiro's answers which I had hoped to serve to you on Monday per our recent Rule 7.1 Conference – however, I believe now that I will have to serve these to you on Tuesday unless this matter takes up further valuable time.

6.   Please note that if I have to make a motion to quash etc. that I may have to go into Court on Tuesday (per the Court's order or on an emergency basis) thus be prepared to move Mr. Carneiro's Tuesday deposition to another time (but within our court ordered discovery period) as he can not be deposed without his counsel present. Be prepared to discuss your contingency plans regarding Mr. Carneiro's deposition when you contact me for my hereby requested Rule 7.1 Conference on these matters.

Sincerely,

Kevin R. McCarthy

2