United States District Court
District of Massachusetts

|   |   |
|---|---|
| BOWEN INVESTMENT, INC. and HONEY DEW ASSOCIATES, INC., ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 05-11709-NMG |
| v. ) ) | |
| CARNEIRO DONUTS, INC. and MANUEL M. CARNEIRO, ) ) ) | |
| Defendants. ) ) | |

MEMORANDUM & ORDER

GORTON, J.

In the instant motion, defendants move to quash the plaintiffs' subpoena duces tecum served on defendants' counsel. The defendants also move pursuant to Fed. R. Civ. P. 26(c), for a protective order to prevent the taking of the deposition of defendants' counsel in this case.

On November 17, 2005, plaintiffs subpoenaed defendants' attorney, Kevin R. McCarthy ("McCarthy"), to appear at the office of their counsel on November 25, 2005, for his deposition and to bring with him numerous documents and/or records. Those documents and/or records relate to 1) any investigation conducted by McCarthy involving Bowen Investment, Inc. ("BII") and/or Honey Dew Associates, Inc. ("Honey Dew") at any time and 2) any investigation conducted by any third-party involving BII and/or

-1-

Honey Dew at any time. McCarthy was also directed to bring with him all computer records in which BII and/or Honey Dew were identified and all records showing or identifying the date or dates that such searches have been conducted.

Given the extraordinary nature of plaintiffs' subpoena, Attorney McCarthy contacted plaintiffs' counsel and attempted to reach a compromise without success. Failure to resolve the issue has resulted in the filing of the pending motion.

Defendants contend that production of the materials demanded would violate the "attorney work privilege doctrine" of Fed. R. Civ. P. 26(b)(3) and also would require the disclosure of privileged and protected information such as attorney litigation research. Plaintiffs assert that production of the materials sought would violate no privileges. Specifically, plaintiffs assert that the materials they seek involve the work of McCarthy, who represented defendants in the purchase of the franchise at issue in this case, as defendants' transactional attorney. As such, plaintiffs claim that materials involving research and investigations that took place prior to the commencement of this action are immune from attorney work product privileges.

Although some of the documentation sought by the plaintiffs may be discoverable, it is unclear that it must necessarily be produced through a deposition of defendants' current counsel. Compliance with the subpoena will, whether intended or otherwise,

cause harassment to defendants and their counsel during the Thanksgiving weekend.  Furthermore, the plaintiffs appear to seek information and work product outside the time frames relevant to this case based on the questionable supposition that such information may demonstrate knowledge of defendants' counsel of prior litigation involving the plaintiffs which may then be imputed to the defendants.

    An insufficient foundation for the extraordinary discovery sought by plaintiffs' subpoena has been proffered and, therefore, Defendants' Emergency Motion to Quash the Subpoena of Defendants' Counsel and Motion for a Protective Order (Docket No. 23) is **ALLOWED**.  Defendants' request for costs is **DENIED**.

**So ordered.**

                                            /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated November 22, 2005