UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
BOWEN INVESTMENT, INC.                  )
HONEY DEW ASSOCIATES, INC.              )          C.A. No. 05 – 11709 NMG
    Plaintiffs and Counterdefendants    )
                                        )          Judge Nathaniel M. Gorton
v.                                      )
                                        )
CARNEIRO DONUTS, INC and                )
MANUEL M. CARNEIRO                      )
    Defendants and Counterclaimants     )
_____)


**MEMORANDUM OF DEFENDANTS TO COMPEL PLAINTIFFS' PRODUCTION OF
DOCUMENTS RELATED TO THE  PLAINTIFFS' PRESENT AND PAST HISTORY
OF LITIGATION**

**I.**                                 **Introduction**

      On August 12, 2005 the Plaintiff's filed a three (3) count complaint against the

Defendant's alleging breach of their Honey Dew franchise contract, trademark violation claims

and thirdly asking for post termination damages.  On October 20, 2005 the Defendants filed their

answers and alleged in counterclaim breach of contract, breach of the warranty of good faith and

fair dealing, fraud through material misrepresentation, fraud through failure to disclose material

facts, violation of the Rhode Island Franchise Investment Act and violation of M.G.L. c. 93A.

The Defendants are moving, pursuant to Fed. R. Civ. P. 37(a), for an order compelling the

Plaintiffs to fully and properly produce documents responsive to the following fourteen (14)

document requests ( See Attached Exhibit 2)  - in response to the Defendants' First Request for

the Production of Documents to the Plaintiffs, Bowen Investment, Inc. and Honey Dew

Associates, Inc. served on October 11, 2005 and inadequately responded to on November 4,

2005 as follows:

**RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO HONEY DEW ASSOCIATES, INC.**

**Request No. 1.**   Copies of all complaints filed by the plaintiff against any franchisee or former franchisee since June 1, 1994.

**Response:**   Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 2.**   Copies of all answers filed by any franchisee in response to the complaints referred to in Request # 1.

**Response:**   Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 3.**   Copies of all counterclaims filed by any franchisee in response to the complaints referred to in Request # 1.

**Response:**    Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 4**.   Copies of any complaints ever filed by any past or present franchisee against HDA.

**Response:**    Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 5.**   Copies of all answers filed by HDA in response to the complaints referred to in Request # 4.

**Response:**    Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 6.**    Copies of all counterclaims filed by HDA in response to the complaints referred to in Request # 4.

**Response:**    Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request  No. 7.**    Copies of any document showing or describing the final disposition of any litigation between HDA and any present or past HDA franchisee.

**Response:**    Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

And

## RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO BOWEN INVESTMENT, INC.

**Request No. 5:**   Copies of all complaints filed by the plaintiff against any franchisee or former franchisee since June 1, 1994.

**Response:**    Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 6:**   Copies of all answers filed by any franchisee in response to the complaints referred to in Request # 5.

**Response:**    Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 7:**   Copies of all counterclaims filed by any franchisee in response to the complaints referred to in Request # 5.

**Response:**    Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 8:**   Copies of any complaints ever filed by any past or present franchisee against BII.

**Response:**    Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 9:**   Copies of all answers filed by BII in response to the complaints referred to in Request # 8.

**Response:**    Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 10:**  Copies of all counterclaims filed by BII in response to the complaints referred to in Request # 8.

**Response:**    Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 11:**  Copies of any document showing or describing the final disposition of any litigation between BII and any present or past BII franchisee.

This case is on an expedited track with discovery to be concluded by November 28, 2005 and trial set for January 17, 2006.

**II.**              <u>**Statement Pursuant to Local Rule 7.1 (A) (2)**</u>

A formal discovery conference was held at the Law Office of Kevin R. McCarthy on November 7, 2005.   Attorney Kevin McCarthy represented the Defendants and Attorney Michael Wirtz represented the Plaintiffs at this conference.   The conference lasted about 30 minutes and the counsels attempted in good faith to resolve or narrow our differences but failed. See attached Exhibit 3 which is the November 9, 2005 follow-up and confirmation letter sent to Plaintiffs' counsel by Defendants' counsel.         .

**III.**               <u>**ARGUMENT**</u>

**A.     Defendant's specific counterclaims clearly and fully justify the relevant litigation related Document Requests of the Defendants.**

Four (4) of the Defendants counterclaims specifically allege that the Defendants' have failed to properly disclose their Litigation history as required by the Federal Trade Commission, the Rhode Island Franchise Investment Act and the Common Law.   Specific supporting citations

to the Defendant's counterclaims and allegations are as follows ( See First Amended

Defendants' Answer, Counterclaims and Jury Demand ):

### 1.    Count III – Fraud Through Material Misrepresentation

Allegation # 42.   " BII had a legal duty, per the Rhode Island Franchise Act, the common law

and the FTC Franchise Rule, to provide accurate information and disclosures in its franchise

offering circular which was used to induce the defendants to sign their Honey Dew franchise

agreement."

Allegation # 48.   "BII knowingly failed to fully and properly disclose its prior history of

material litigation in its February 6, 2004 franchise offering circular provided to the defendants."

Allegation # 49.   "BII knowingly and willfully failed to disclose, to the defendants, the two (2)

counterclaims filed by a defendant former franchisee in *Honey Dew Associates, Inc.* v. *Yazbek*,

Norfolk Superior Court, NOCV2003-02110 ( filed 11/13/2003 and presently ongoing) – as

required by the FTC Franchise Rule and the North American Securities Administrator

Association guidelines pertaining to the disclosure of affiliate litigation and also in violation of

the common law."

Allegation # 50.   "BII failed to disclose the counterclaim filed against both BII and HDA in

*Honey Dew Associates, Inc. et al. v. M & K Food Corp, et al.*, Bus. Franchise Guide (CCH) Para.

11,813 (D. R.I. Jan. 31, 2000) – in violation of the common law and as required by the FTC

Franchise Rule and the North American Securities Administrator Association guidelines

pertaining to the disclosure of litigation where counterclaims are made against the franchisor."

Allegation # 51.    "BII failed to disclose the two (2) counterclaims filed against both BII and

HDA in *Honey Dew Associates, Inc. and Bowen Investments, Inc. v. A&F Management, Inc,*

C.A. No. 99-463T, (USDC of RI) which was settled and dismissed on July 3, 2001.   This

failure to disclose prior litigation and counterclaims is in violation of the FTC Franchise Rule

and the North American Securities Administrator Association guidelines pertaining to the

disclosure of prior litigation where counterclaims are made against the franchisor.   This failure

to disclose prior litigation and counterclaims is also a material misrepresentation in violation of

the common law."

Allegation # 52.    "BII specifically made a knowing material misrepresentation in Item 3

( Litigation) of its franchise offering circular which states that: "Other than as specified, no

litigation is required to be disclosed in this offering circular".   The material litigations and

counterclaims noted in the allegations numbered 49, 50 and 51 above where not disclosed to

the defendants in their offering circular dated 2/06/04 and that constitutes a material fraudulent

misrepresentation and fraudulent failure to disclose material facts on the part of BII."

Allegation # 54.    "Plaintiffs-in-counterclaim reasonably relied upon the truthfulness and

accuracy of representations and disclosures made by BII in its 2/06/04 franchise offering

circular."

### 2.    Count IV – Fraud Through Failure to Disclose Material Facts

Allegation # 57.    "BII has a duty, per the Rhode Island Franchise Investment Act, the

common law and the FTC Franchise Rule, to disclose material facts to prospective franchisees

so that they may make an informed decision with regard to purchasing a Honey Dew franchise."

Allegation # 58.   "BII knowingly failed to fully and properly disclose its prior history of material litigation in its franchise offering circular provided to the defendants."

Allegation # 60.   "Plaintiffs-in-counterclaim reasonably relied, to their detriment, upon the truthfulness, completeness and accuracy of the material factual disclosures made by BII in its franchise offering circular dated 2/06/04."

<div align="center">

3.     **Count V – Violation of Chapter 19-28.1 Rhode Island Franchise  Investment Act**

</div>

Allegation # 70.   "BII violated the Rhode Island Franchise Investment Act by knowingly and fraudulently failing to disclose BII's and HDA'S material litigation history to the plaintiffs-in-counterclaim."

Allegation # 72.    "The plaintiffs-in-counterclaim  reasonably relied upon the truthfulness, completeness and accuracy of the disclosures made by BII in its franchise offering circular."

Allegation # 73.   "The Rhode Island Franchise Investment Act expressly provides franchisees, such as the plaintiffs-in-counterclaim, the right to a private civil action."

Allegation # 74.   "HDA is a franchisor in the state of Rhode Island.

Allegation # 75.   "Under the Rhode Island Franchise Act, HDA bears legal liability to the plaintiffs-in-counterclaim for the wrongful acts committed by BII."

Allegation # 76.   "Under the Rhode Island Franchise Act, HDA bears legal responsibility and liability to the plaintiffs-in-counterclaim for the wrongful acts of its subfranchisor BII."

### 4.     Count VI – Violations of G.L. c. 93A – Unfair and Deceptive Trade    Practices

Allegation # 82.    "BII did not provide adequate required disclosures in Item 3, Item 8 and Item 10 of its franchise offering circular, which was provided the defendants, in accordance with regulations promulgated by the Federal Trade Commission and the Rhode Island Franchise Investment Act as well as under the common law"

Allegation # 85.   "HDA and BII are jointly and severally liable for each others FTC Rule violations."

Allegation # 86.   "HDA is liable for the FTC Rule violations of BII."

Allegation # 88.   "BII fraudulently violated the FTC Rule by failing to disclose its prior material litigation history and that it engages in equipment financing for its franchisees."

Clearly the above noted fourteen (14) specific document requests are admissible and highly relevant to the issues, claims, defenses and allegations of the Defendants and the Plaintiffs must produce the documents requested per Fed. R. Civ. P. 26 (b) (1) and Rule 34 (a) (b).

**B.    Several of the Defendant's defenses clearly and fully justify litigation related Document Requests of the Defendants.**

By further explanation, the Defendants have asserted the following defenses which allow for and actually make necessary the discovery, document and other disclosure of the Plaintiff's FTC and Rhode Island Franchise Investment Act mandated litigation history ( See First Amended  Defendants' Answer, Counterclaims and Jury Demand ):

1.    ILLEGALITY

The plaintiffs are barred from recovery of damages because they are based upon

contractual agreements that are illegal or were obtained by illegal means.

2.    FRAUD

The plaintiffs are barred from recovery because the contractual agreements upon which they base their complaint were induced by intentional misrepresentations and omissions.

3.    UNCLEAN HANDS

The plaintiffs come into court with unclean hands and should not recover.

4.    ESTOPPEL

The plaintiffs are barred from recovery by their own wrongful conduct.

It is the defendants' allegation that the plaintiffs' have failed to fully and properly disclosed their litigation history which is a violation of the Rhode island Franchise Investment Act, The FTC Rule and the common law and this failure in significant part gives rise to the four (4) above noted defenses.

C.    **The Defendant's litigation related Document Requests directly reflect the litigation disclosure requirements mandated by the North American Securities Administrators Association Guidelines for the Plaintiff's ( "NASAA") Uniform Franchise Offering Circular which the defendants must follow.**

Below are the relevant instructions issued by the NASAA for how franchisors such as the Defendant's are to conform to the disclosure requirements of Item 3 – Litigation ( See DOC, BUSINESS FRANCHISE GUIDE  ¶5951, Uniform Franchise Offering Circular; See Rhode Island Franchise Investment Act, Section 19-28. 1-3):

**Litigation: State whether the franchisor, any person or franchise broker identified in 2  above:**

> A. Has any administrative, criminal or material civil action (or a significant number of civil actions irrespective of materiality) pending against him alleging a violation of any franchise law, fraud, embezzlement, fraudulent conversion, restraint of trade, unfair or deceptive practices, misappropriation of property or comparable allegations. If so, set forth the name of the person, the court or other forum, nature, and current status of any such pending action. Franchisor may include a summary opinion of counsel as to any such action, but only if a consent to use of such summary opinion is included as part of this offering circular.
>
> B. Has during the 10 year period immediately preceding the date of the offering circular been convicted of a felony of pleaded nolo contendere to a felony charge or been held liable in a civil action by final judgment or been the subject of a material complaint or other legal proceeding if such felony, civil action, complaint or other legal proceeding involved violation of any franchise law, fraud, embezzlement, fraudulent conversion, restraint of trade, unfair or deceptive practices, misappropriation of property or comparable allegations. If so, set forth the name of the person convicted, the court and date of conviction or person against whom judgment was entered, penalty or damages assessed in connection therewith and/or terms of settlement.

Item 3 Instructions:

Civil Litigation or Injunctive or Restrictive Order:

viii.    N/A

ix.    Disclose in the same order as the instructions below appear.

x.    Title each action and state its case number or citation in parentheses. Underline the title of the action.

xi.    For each action state the action's initial filing date and the opposing party's name and relationship with the franchisor.   Relationships include competitor, supplier, lessor, franchisee, former franchisee, or class of franchisees.

xii.    Summarize the legal and factual nature of each claim in the action.

xiii.    Summarize the relief sought or obtained.   Summarize conclusions of fact or law.

xiv.    N/A


The Plaintiffs are merely asking the Defendants to disclose that which they are bound by law to disclose anyways but which the Plaintiffs, with good reason, allege they have not fully disclosed and have thus violated federal and state laws.   For example, attached as Exhibit 1 is a January 4, 1995 complaint filed by a franchisee clearly alleging Fraud, Conspiracy and Breach of Contract against Honey Dew Associates, Inc. [1]   This complaint and its franchisee claims were not disclosed to the Defendants in the Uniform Franchise Offering Circulars ( 2/06/03 and

---

[1] Obviously, the defendants are making no comment regarding the validity of the allegations, counterclaims or claims in this case – that is not the point of including it in this or any prior Motion.   The point is that such allegations are required, by the FTC Franchise Rule and the Rhode Island Franchise Investment Act, to have been disclosed to the defendants by the plaintiffs in their UFOC disclosure circulars.   The plaintiffs continually deny the relevancy of such cases and allegations, however this case and the others noted above clearly and self-evidently demonstrate their relevancy to the present suit and the defendants point toward them to support this Motion to Compel.   See the Rhode Island Franchise Investment Act, c 19-28.1-3, 17; FTC Rule, Item 3 – Litigation.

2/06/04 UFOC disclosures) which were provided them by the Plaintiffs.[2]  This clearly appears to

be a serious violation of federal law, common law and the Rhode Island Franchise Investment

Act.  The Defendants are entitled to full disclosure and discovery of all the Plaintiffs relevant

past litigation and that includes the above noted fourteen (14) specific document requests which

are the subject of this Motion to Compel.   See *United States v. Building Inspector of America,*

894 F. Supp. 507, 515-518 ( D. Mass. 1995) (" TBIA was also required to reveal whether it, or

any of the persons required to be identified under UFOC Item 2, had, during the previous 10 year

period been convicted of a felony or pleaded nolo contendere to a felony charge or been held

liable in a civil action by final judgment or been the subject of a material complaint or other legal

proceedings if such felony, civil action, complaint or other legal proceeding involved violation of

any franchise law, fraud, embezzlement, misappropriation of property or comparable

allegations." and " The FTC has placed an absolute obligation on franchisors to disclose

information to prospective franchisees." ).

      WHEREFORE, the defendants Carneiro Donuts, Inc. and  Manuel M. Carneiro

ask this Honorable Court to:

    1.  Order the Plaintiffs to fully and completely produce documents pursuant to Fed.

       R. Civ. P. 34 in response to Requests 5, 6, 7, 8, 9, 10 and 11 of the

       DEFENDANTS' FIRST REQUEST FOR THE PRODUCTION OF

       DOCUMENTS TO PLAINTIFF, BOWEN INVESTMENT, INC. and to do so

       within 7 days - and:

    2.  Order the Plaintiffs to fully and completely produce documents pursuant to Fed.

       R. Civ. P. 34 in response to Requests 1, 2, 3, 4, 5, 6 and 7 of the  DEFENDANTS'

---

[2] See Exhibit 4 which is a 2/23/2004 letter from Plaintiffs' attorney to Defendants' attorney enclosing and disclosing the Plaintiffs' 2/06/2004 UFOC to the Defendants.

FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO

PLAINTIFF, HONEY DEW ASSOCIATES, INC. and to do so within 7 days -

and:

2.  Order the Plaintiffs, as the defendants so hereby move, to pay the Defendants'

reasonable attorney fees and expenses pursuant to Fed. R. Civ. P 37(4)(A) for

failure to make disclosures required by Rule 26 (a).

<div style="margin-left: 50%;">

Respectfully,
MANUEL M. CARNEIRO
CARNEIRO DOUNTS, INC.
By their Attorney,

 /s/ Kevin R. McCarthy
 Kevin R. McCarthy
(BBO # 640788)
155 Fairoaks Lane
Cohasset, Ma  02025
781-383-0639
</div>

Date:   November 25, 2005

## CERTIFICATE OF SERVICE

I, Kevin R. McCarthy, certify that on this date I served a true copy the foregoing MEMORANDUM OF DEFENDANTS TO COMPEL PLAINTIFFS' PRODUCTION OF DOCUMENTS RELATED TO THE PLAINTIFFS' PRESENT AND PAST HISTORY OF LITIGATION to counsel for all parties by electronic means (CM/ECF) to Jack J. Mikels, counsel for the plaintiff, Jack Mikels and Associates LLP, 1 Batterymarch Park, Suite 309, Quincy, MA 02169.

Date:  November 25, 2005

<div style="margin-left: 50%;">

/s/ Kevin R. McCarthy
Kevin R. McCarthy
</div>

## LOCAL RULE 7.1 (A) (2) and 37(1)(B) CERTIFICATION

I, Kevin R. McCarthy, counsel for the defendants, do hereby certify pursuant to Local Rule 7.1 (A) (2) that prior to filing this motion, I conferred on November 7, 2005 with Michael Wirtz, counsel for the Plaintiffs, in an effort to resolve or narrow the issues raised by this Motion and that, pursuant to  Local Rule 37 (1) (B), I conferred in good faith in an effort to resolve the issues and receive responses to the above noted 14 document requests without court action but these efforts failed.

/s/ Kevin R. McCarthy
Kevin R. McCarthy

Date:  November 25, 2005

EXHIBIT 1

Rec'd 1-4-95

# COMMONWEALTH OF MASSACHUSETTS

**PLYMOUTH, ss.**

**Superior Court Department**
**Civil Action** 95-0019 B

Solomon Cohen

Maria Rocha Cohen

Solomon Cohen, President
M & S Donuts, Inc.

Solomon Cohen, President
L & T Donuts, Inc.

Solomn Cohen, President
UMC Donuts, Inc.

Solomon Cohen & Maria Rocha Cohen
Trustees of MSL & T Realty Trust

Maria Rocha Cohen
Trustee of Kingsley Realty Trust

Solomon Cohen & Maria Rocha-Cohen
Trustees of Rocha-Cohen Realty Trust

Plaintiffs

v.

Honey Dew Associates, Inc., a corporation

Defendant

**COMPLAINT AND DEMAND**
**FOR INJUNCTIVE RELIEF**

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

JAN - 8 1995

Frank R. Power
CLERK

*******************************************************

## INTRODUCTION

The plaintiffs in this action seek both judgement as well as an
Order enjoining defendant from wrongfully terminating three
franchises held by plaintiffs jointly and severally. The plaintiffs
seek recovery and injunctive relief pusuant to M.G.L. 93A, sec.
2(a), (b), 9, 11 based  upon the claims of fraud, conspiracy and
breach of contract as evidenced in defendant's deceptive and unfair
business practices. Plaintiffs seek triple damages as authorized by

M.G.L. 93A in addition to any other damages which this Court deems
appropriate.

## PARTIES

1.  Plaintiff Solomon Cohen is an individual residing at 62 Sandy
    Ridge Road, Stoughton, County of Norfolk, Massachusetts.

2.  Plaintiff Maria Rocha Cohen is an individual residing at 62
    Sandy Ridge Road, Stoughton, County of Norfolk, Massachusetts.

3.  Plaintiff Solomon Cohen is president of L & T Donuts, Inc., a
    Massachusetts corporation operating as Honey Dew Donuts,
    having a usual place of business at 26 South Street, Whitman,
    County of Plymouth, Massachusetts.

4.  Plaintiff Solomon Cohen is president of M & S Donuts,Inc. a
    Massachusetts corporation operating as  Honey Dew Donuts,
    having a usual place of business at 199 Belmont Street,
    Brockton, County of Plymouth, Massachusetts.

5.  Plaintiff Solomon Cohen is president of  UMC Donuts,  Inc.,
    a Massachusetts corporation operating as Honey Dew Donuts,
    having a usual place of business at 281 Bedford Street, Route
    18, Whitman, County of Plymouth, Massachusetts.

6.  Plaintiff Solomon Cohen & Maria Rocha Cohen are trustees of
    MSL & T Realty Trust, executed August 12, 1987. The trust is
    the owner of the real estate at 26 South Street, Whitman,
    County of Plymouth, Massachusetts.

7.  Plaintiff Maria Rocha Cohen is trustee of Kingsley Realty
    Trust, executed February 15, 1985. The trust is the owner of
    the real estate at 199 Belmont Street, Brockton, County of
    Plymouth, Massachusetts.

8.  Plaintiff Solomon Cohen & Maria Rocha-Cohen are trustees of
    Rocha-Cohen Realty Trust, executed December 5, 1989. The trust
    is the owner of the real estate at 281 Bedford Street, Route
    18, Whitman, County of Plmouth, Massachusetts.

9.  Defendant Honey Dew Associates, Inc.,(" Franchisor"), is a
    Massachusetts corporation d\b\a Honey Dew Donuts and
    maintaining its principal place of business at 2 Taunton
    Street, Plainville, Norfolk County, Massachusetts.

10. Plaintiffs are  aggrieved persons as defined in M.G.L. 93A,
    sec. 1(a).

## FACTS

11. On March 14, 1983, plaintiff M & S Donuts, Inc. entered into a Franchise Agreement with defendant granting plaintiff the right to operate a Honey Dew Donuts shop at 199 Belmont St., Brockton, MA. subject to various rights and responsibilities.

12. In 1987, plaintiff Kingsley Realty Trust leased the real estate located at 199 Belmont St., Brockton, MA. to plaintiff M & S Donuts, Inc. for the purpose of operating a Honey Dew Donuts shop.

13. On August 19, 1987, plaintiff MSL & T Realty Trust leased the real estate located at 26 South St., Whitman, MA. to plaintiff L & T Donuts, Inc. for the purpose of operating a Honey Dew Donuts shop.

14. On March 17, 1990, plaintiff Rocha-Cohen Realty Trust leased the real estate located at 281 Bedford St., Route 18, Whitman, MA. to plaintiff UMC Donuts, Inc. for the purpose of operating a Honey Dew Donuts shop.

15. On August 19, 1987, plaintiff L & T Donuts, Inc. entered into a Franchise Agreement with the defendant granting plaintiff the right to operate a Honey Dew shop at 26 South St., Whitman, MA. subject to various rights and responsibilities.

16. On March 23, 1990, plaintiff UMC Donuts, Inc. entered into a Franchise Agreement with defendant granting plaintiff the right to operate a Honey Dew shop at 281 Bedford St., Route 18, Whitman, MA. subject to various rights and responsibilities.

17. Franchisor granted the UMC Donuts, Inc. franchise subject to M & S Donuts, Inc., L & T Donuts, Inc., UMC Donuts, Inc., Solomon And Maria Cohen, individually, and Solomon and Maria Cohen as trustees of MSL & T Realty Trust, Rocha-Cohen Realty Trust and Maria Rocha Cohen as sole Trustee of Kingsley Realty Trust agreeing to be liable for each of the three stores.

18. Said agreement, entitled "Liability and Cross Default Agreement" includes a provision whereby the termination of any one franchise held by the plaintiffs would operate as a termination of all three franchises.

19. Between June and November, 1994, defendant purported to offer plaintiffs the right of first refusal concerning the placement of a three franchises\kiosks within three miles of franchisee's existing stores. Two were to be located by the South Street store while a third was proposed near the Brockton store.

20. On November 11, 1994, Franchisor sent to Franchisee a Notice of Termination with regard to the L & T Donuts, Inc. store at 26 South Street, Whitman, Massachusetts.

21. On November 28, 1994, Franchisor sent a Notice of Termination to Franchisee's stores, M & S Donuts, Inc. and UMC Donuts, Inc. claiming that the initial termination of November 11, 1994 provided the basis for the termination of these franchises as well.

### CAUSES OF ACTION

### COUNT I - FRAUD

22. Paragraphs 1 - 21 are realleged and incorporated by reference herein.

23. Plaintiffs allege that defendant has undertaken to fraudulently deprive plaintiffs of their economc interests in these franchises through these improper and illegal terminations.

24. Defendant desires to open additional franchises within the three-mile restricted area protected under Franchise Agreement IV(b) having fraudulently and willfully misled plaintiffs into relying on Franchisor's Disclosure Statement of February 21, 1983 which stated that the option to allow additional franhcises within three miles of any other Honey Dew franchise had never been exercised at any time during the existence of Honey Dew Associates and its franchises.

25. Each Franchise Agreement executed by M & S Donuts, Inc., L & T Donuts, Inc. and UMC Donuts, Inc. contains a provision at Section IV which disallows the operation or granting of the right to operate another Honey Dew shop within three miles of the shop which is the subject of the current Agreement (See Addendums A, B, and C attached as they relate to the respective franchises which are the subject of this complaint).

26. Each Franchise Agreement executed as discussed above contained additional language clearly stating that the only instance in which a subsequent franchise might be allowed to operate within the three-mile protected radius would arise where it could be determined that the <u>sales base within this three-mile area is of sufficient size to justify a second store.</u> Defendant fraudulantly misled plaintiffs into believing that this language would act to bar further franchising that would produce undue economic hardship.

27. Plaintiff's profits at the three franchises have fallen

markedly, a fact mitigating against any valid justification for the granting of additional franchises within three miles of plaintiffs' locations.

## COUNT II - CONSPIRACY

28. Paragraphs 1 - 27 are realleged and incorporated by reference herein.

29. Defendant has conspired with parties heretofore unknown to displace plaintiffs by agreeing to the placement of additional franchises within areas protected by plaintiff's Franchise Agreements.

30. Defendant, fully aware that plaintiffs were unable to afford the expense of purchasing the rights to additional outlets, undertook to seek out other parties to whom it would immediately grant franchise rights upon plaintiffs' foregone conclusion that they could not afford to exercise their option to purchase additional outlets given falling profits.

## COUNT III - BREACH OF CONTRACT

31. Paragraphs 1 - 30 are realleged and incorporated by reference herein.

32. Franchisor breached its contract with plaintiffs by refusing to provide any justification for its decision to allow additional franchises to be placed within three miles of plaintiff's franchises. This failure to provide justification is contrary to the good faith and fair dealing attendant to all contracts in the state of Massachusetts.

33. Franchisor has breached its contractual obligation to refrain from acting in any way to impair plaintiff's ability to fulfill its own financial obligations to defendant as required in their various contracts.

34. The termination of Plaintiff's franchises and subsequent granting of franchise rights to other parties violates M.G.L. 93A in that such actions by Franchisor constitute unfair and deceptive trade practices and fail to recognize the good faith and fair dealing understood and contemplated by the parties at the time of the signing of the Franchise Agreements.

35. Plaintiffs have suffered and continue to suffer irreparable harm for which there exists no adequate remedy at law.

WHEREFORE, Plaintiffs demand:

1. That a temporary restraining order be issued enjoining defendant, Honey Dew Associates Inc., its agents, servants and employees from terminating the franchise granted to M & S Donuts, Inc. or in any way interfering with the orderly operation of M & S Donuts, Inc. during the pendancy of this matter now before the court.

2. That a temporary restraining order be issued enjoining defendant, Honey Dew Associates Inc., its agents, servants and employees from terminating the franchise granted to L & T Donuts, Inc. or in any way interfering with the orderly operation of L & T Donuts, Inc. during the pendancy of this matter now before the court.

3. That a temporary restraining order be issued enjoining defendant, Honey Dew Associates Inc., its agents, servants and employees from terminating the franchise granted to UMC Donuts, Inc. or in any way interfering with the orderly operation of UMC Donuts, Inc. during the pendancy of this matter now before the court.

4. That upon the return of an order of notice, a preliminary injunction be issued in accordance with Demand 1.

5. That upon the return of an order of notice, a preliminary injunction be issued in accordance with Demand 2.

6. That upon the return of an order of notice, a preliminary injunction be issued in accordance with Demand 3.

7. That it be adjudicated that defendant, Honey Dew Associates, Inc. has breached its contractual obligations owing to the plaintiffs and triple damages for aforementioned breaches be assessed against defendant.

8. That Attorney's fees be assessed against defendant.

9. For such other and further relief as this Honorable Court may deem meet and just.

PLAINTIFFS,
BY THEIR ATTORNEY,

LAZAR LOWINGER
BBO# 306300
850 Boylston St., Suite 312
Chestnut Hill, MA  02167

(617) 566-6500

Solomon Cohen

Solomon Cohen, President
M & S Donuts, Inc.

Maria Rocha Cohen

Solomon Cohen, President
L & T Donuts, Inc.

Maria Rocha Cohen, Trustee
MSL & T Realty Trust

Solomon Cohen, President
UMC Donuts, Inc.

Maria Rocha Cohen, Trustee
Kingsley Realty Trust

Solomon Cohen, Trustee
MSL & T Realty Trust

Maria Rocha Cohen, Trustee
Rocha-Cohen Realty Trust

Solomon Cohen, Trustee
Rocha-Cohen Realty Trust

## COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.                                    January 4, 1995

Then personally appeared Solomon Cohen, as plaintiffs above, and
made oath that he has read the above complaint and demand for
relief and knows the contents thereof, and that the same is true of
his own knowledge, except as to matters which are therein stated to
be on his information and belief, and to these matters, he believes
them to be true, before me,

NOTARY PUBLIC
THOMAS J. CHIROKAS
NOTARY PUBLIC
My Commission Expires July 10, 1998

Then personally appeared Maria Rocha Cohen, as plaintitffs above,
and made oath that she has read the above complaint and demand for
relief and knows the contents thereof, and that the same is true of
her own knowledge, except as to matters which are therein stated to
be on her information and belief, and to these matters, he believes
them to be true, before me,

NOTARY PUBLIC
THOMAS J. CHIROKAS
NOTARY PUBLIC
My Commission Expires July 10, 1998

EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.  05-11709-NMG

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
                        Plaintiffs,

v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
                        Defendants.

## RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO HONEY DEW ASSOCIATES, INC.

**General objection to Requests Nos. 1 - 38:**  Plaintiff, Honey Dew Associates, Inc. objects to this Request for Production of Documents on the grounds that Local Rule 26.1(C), limits the Defendants, Carneiro Donuts, Inc. and Manuel M. Carneiro, as a group of parties with a common interest, to serving on the Plaintiffs, Bowen Investment, Inc. and Honey Dew Associates, Inc. two (2) separate sets of requests for production of documents, and the Defendants have exceeded this limit.  Without waiver of this objection, the Plaintiff, Honey Dew Associates, Inc. states:

**Request No. 1:**  Copies of all complaints filed by the plaintiff against any franchisee or former franchisee since June 1, 1994.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 2:**  Copies of all answers filed by any franchisee in response to the complaints referred to in Request # 1.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 3:**  Copies of all counterclaims filed by any franchisee in response to the complaints referred to in Request # 1.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 4:**  Copies of any complaints ever filed by any past or present franchisee against HDA.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 5:** Copies of all answers filed by HDA in response to the complaints referred to in Request # 4.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 6:** Copies of all counterclaims filed by HDA in response to the complaints referred to in Request # 4.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 7:** Copies of any document showing or describing the final disposition of any litigation between HDA and any present or past HDA franchisee.

**Response:**  Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 8:**  Copy of each and every financial note, written debt obligation or any document reflecting any financing arrangement between HDA and any franchisee incurred for the purchase of any equipment, fixtures or any shop inventory or supplies since June 1, 1999.

**Response:**  Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case. Without waiver of this objection there are no such financial not, written debt obligation or any document reflecting financing arrangement between Honey Dew Associates, Inc. and the Defendants incurred for the purchase of any equipment, fixtures or any shop inventory or supplies.

Honey Dew Associates, Inc.
By its Attorneys,

Jack J. Mikels, BBO#345560
Michael A. Wirtz, BBO# 636587
Janell E. De Gennaro, BBO# 656306
JACK MIKELS & ASSOCIATES
1 Batterymarch Park, Suite 309
Quincy, MA 02169-7454
Tel: 617.472.5600

F:aa-mik\BII/Il.it/Carneiro\Discovery\RPD\RespRPD1 HDA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.  05-11709-NMG

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
                              Plaintiffs,
v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
                              Defendants.

## RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO BOWEN INVESTMENT, INC.

**General objection to Requests Nos. 1 - 38:**  Plaintiff, Bowen Investment, Inc. objects to this Request for Production of Documents on the grounds that Local Rule 26.1(C), limits the Defendants, Carneiro Donuts, Inc. and Manuel M. Carneiro, as a group of parties with a common interest, to serving on the Plaintiffs, Bowen Investment, Inc. and Honey Dew Associates, Inc. two (2) separate sets of requests for production of documents, and the Defendants have exceeded this limit.  Without waiver of this objection, the Plaintiff, Bowen Investment, Inc. states:

**Request No. 1:**  A copy of any inspection or evaluation of shop operating standards which was conducted by or on behalf of BII at the Honey Dew Donuts shop located at 460 Allens Ave., Providence, RI. since June 1, 2000 to October 7, 2005.

**Response:**     Bowen Investment, Inc. objects to this request as to the period of time prior to June 1, 2004 and subsequent to August 16, 2005 on the grounds that documents and information sought are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiver of this objection, all Customer Satisfaction Standards Evaluations and Honey Dew Donuts Shop Visitation Check Lists for the period of time from June 1, 2004 to August 16, 2005 have been provided to and are in the possession of the Defendants.

**Request No. 2:**  Copies of all documents that refer, relate to or describe any training of any nature ever provided by BII or on behalf of BII to the defendants.

**Response:**     See the Franchise Agreement (including but not limited to Section V), Honey Dew Donuts Operational Excellence Procedure Manual and supplements, Recipe Manual for Fresh Baked Program, Fresh Baked Certification, Customer

Satisfaction Standards Evaluations and Honey Dew Donuts Shop Visitation Check Lists all of which have been provided to and are in possession of the Defendants.

**Request No. 3:**  Copies of all documents that describe the essential functions, activities and responsibilities of a Honey Dew Franchise Owner.

**Response:**  See the Franchise Agreement, Honey Dew Donuts Operational Excellence Procedure Manual and supplements, Customer Satisfaction Standards Evaluations and Honey Dew Donuts Shop Visitation Check Lists all of which have been provided to and are in possession of the Defendants.

**Request No. 4:**  Copies of any manuals or guidelines or other documents that plaintiff has ever provided the defendant's which detail the procedures, methodology and standards applicable to the operation of a Honey Dew shop.

**Response:**    The Franchise Agreement, Honey Dew Donuts Operational Excellence Procedure Manual and supplements, Recipe Manual for Fresh Baked Program, Customer Satisfaction Standards Evaluations and Honey Dew Donuts Shop Visitation Check Lists have been provided to and are in possession of the Defendants. See also, letter of November 22, 2004 attached hereto.

**Request No. 5:**  Copies of all complaints filed by the plaintiff against any franchisee or former franchisee since June 1, 1994.

**Response:** Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 6:**  Copies of all answers filed by any franchisee in response to the complaints referred to in Request # 5.

**Response:** Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 7:**  Copies of all counterclaims filed by any franchisee in response to the complaints referred to in Request # 5.

**Response:** Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 8:**  Copies of any complaints ever filed by any past or present franchisee against BII.

**Response:** Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 9:** Copies of all answers filed by BII in response to the complaints referred to in Request # 8.

**Response:** Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 10:** Copies of all counterclaims filed by BII in response to the complaints referred to in Request # 8.

**Response:** Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 11:** Copies of any document showing or describing the final disposition of any litigation between BII and any present or past BII franchisee.

**Response:** Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 12:** Copy each and every financial note, written debt obligation or any document reflecting any financing arrangement between BII and any franchisee incurred for the purchase of any equipment, fixtures or any shop inventory or supplies since June 1, 1999.

**Response:** Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 13:** Copy of any written contract or agreement between BII and DMX Music of Northboro, Massachusetts.

**Response:** There are no such documents.

**Request No. 14:** Copy of any written contract or agreement between BII and Rhode Island Restaurant Equipment Company of Providence, RI.

**Response:** There are no such documents.

**Request No. 15:** Copy of any written contract or agreement between BII and the AA Sign and Awning Company of Warwick, RI.

**Response:** There are no such documents.

**Request No. 16:** Copy of any document which describes your present policy and procedures regarding how franchisees must pay their Honey Dew Advertising Fund and weekly royalty fee obligations.

**Response:** Documents that are responsive to this Request and in possession of the Plaintiff, Bowen Investment, Inc. are attached hereto.

**Request No. 45:** All correspondence between the plaintiff, his agents, representatives and employees and Honey Dew Associates, Inc. concerning the allegations in the Complaint and the Defendant's Answer to the Complaint.

**Response:** There are no such documents.

**Request No. 46:** Copies of all documents or correspondence between BII and any governmental agency, department or representative of the state of Rhode Island referring in any manor to the Rhode Island Franchise Investment Act or any other state law regulating franchising.

**Response:** Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence in this case. Without waiver of this objection, there are no such documents in possession of the Plaintiff.

**Request No. 47:** All correspondence between the plaintiff, his agents, representatives and past or present employees and Honey Dew Associates, Inc. concerning any aspect of the present action between the Plaintiff and Defendant.

**Response:** There are no such documents in Bowen Investment Inc.'s possession.

**Request No. 48:** All documents that the plaintiff, or persons acting on the plaintiff s behalf or at the plaintiff s direction, reviewed in making answers to the Defendant's First Set of Interrogatories to the Plaintiff and for each such document specify each Interrogatory to which it applies.

**Response:** All documents that are responsive to this Request are in possession of the Defendants or otherwise attached hereto.

Bowen Investment, Inc.
By its Attorneys,

Jack J. Mikels, BBO#345560
Michael A. Wirtz, BBO# 636587
Janell E. De Gennaro, BBO# 656306
JACK MIKELS & ASSOCIATES, LLP
1 Batterymarch Park, Suite 309
Quincy, MA 02169-7454
Tel: 617.472.5600

F:/aa-mik/BII/Lit/Carneiro/Discovery/RPD/RespRPD1 BII

EXHIBIT 3

## Kevin R. McCarthy
**Attorney at Law**
**155 Fairoaks Lane**
**Cohasset, Massachusetts  02025**

| Telephone | E-mail | Fax |
|---|---|---|
| 781-383-0639 | kemccar68@comcast.net | 781-735-0228 |

FAX

November 9, 2005

Michael A. Wirtz
Jack Mikels & Associates, LLP
1 Batterymarch Park, Suite 309
Quincy, MA  02169

    Re:  LR 7.1 (A) (2) Conference regarding litigation discovery

Dear Michael:

   We just completed our LR 7.1 conference which I asked for in order to narrow the issues and resolve our differences regarding your refusal to provide discovery documents or answer interrogatories which relate to the past and present litigation of the plaintiffs.   More specifically, we are insisting that you respond to the Defendant's First Request for Production of Documents to HDA numbered 1, 2, 3, 4, 5, 6 and 7 and our Requests numbered 5, 6, 7, 8, 9, 10 and 11 from the Defendant's First Request for Production of Documents to Bowen Investment, Inc. as well as the similar interrogatories to both plaintiffs.   All these requests relate to discovery sought by the defendants related to the plaintiffs' litigation status and history with franchisees – which is clearly at issue in this case (see our Counterclaims).

   After discussion, you confirmed your position that these items are irrelevant to the present case and that you are firm in your position and that you would not be providing the requested discovery.   I advised you that you should then expect a Motion to Compel in the near future as we have not been able to narrow the issues or reach a compromise on this discovery issue.

           Sincerely,

           Kevin R. McCarthy

EXHIBIT 4

# JACK MIKELS & ASSOCIATES

**1 BATTERYMARCH PARK  •  SUITE 309  •  QUINCY, MASSACHUSETTS 02169-7454**
*Telephone: (617) 472-5600  •  Telecopier: (617) 472-5875  •  E-Mail: jmikels@gis.net*

JACK J. MIKELS
ROCHELLE NELSON MIKELS
MICHAEL A. WIRTZ
*ATTORNEYS AT LAW*

February 23, 2004

Kevin McCarthy, Esq.
155 Fair Oaks Lane
Cohasset, MA  02025

      Re:    Honey Dew Donuts, Cranston & Providence

Dear Kevin:

      I understand that you are representing Manual Caineiro in his purchase of Honey Dew Donut Franchises in Providence and Cranston, RI. Enclosed please find the updated Offering Circular of Bowen Investment, Inc., along with an extra Receipt page and a self addressed envelope. Please have the Receipt page signed by your client and returned to me. Upon receipt, draft franchise closing documents will be circulated for review.

      Very truly yours,

Jack J. Mikels

JJM/tk

Enclosure

F:\eve\J\HDA\020404