UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11709-NMG

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
          Plaintiffs,
v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
          Defendants.

## **OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' ANSWERS TO INTERROGATORIES RELATED TO THE PLAINTIFFS' PRESENT AND PAST HISTORY OF LITIGATION**

      This is a franchise case, in which the defendant franchisee was terminated following a series of failed operational inspections and failures to make timely weekly royalty, rent and advertising fee payments, as required by the Franchise Agreement. Defendants' interrogatories relate to an effort by Defendants to avoid the consequences of their clear contractual violations by fabricating counterclaims for which they have no factual basis. The Defendants assert that the underlying franchise transaction was illegally and fraudulently induced because of the Plaintiffs violations of Rhode Island franchise law. Having no factual basis for the claim, Defendants now seek to utilize discovery as a fishing expedition to find facts which might support such a claim. The requested discovery should not be permitted.

      Franchising is an industry regulated by the Federal Trade Commission and, in Rhode Island, by the Department of Business Regulation. Franchisors are required to disclose certain categories of material litigation. Plaintiffs complied with this requirement.

      Plaintiffs seek additional information regarding ***all*** litigation between Plaintiffs and any of their franchisees over the last ***11 years***. Clearly Plaintiffs are attempting to find litigation which was not disclosed but should have been. Despite allegations of "serious franchise

violations", the Defendants have failed to identify any litigation that Plaintiffs should have disclosed and did not. The Defendants' non-disclosure claim is apparently baseless and they should not be permitted to fish through a decade of litigation in hopes of finding a cause of action where one does not exist.[1]  Additionally, Plaintiffs' objections should be sustained because the Defendants have exceeded the 25 interrogatory limit set by Fed.R.Civ.P. 33(a) and Local Rule 26.1(C), having served the Plaintiffs with more than 121 interrogatories including subparts.[2] The Defendants' motion to compel is unjustified and must be denied.

**I.   Background**

Honey Dew Associates, Inc., the owner of the "Honey Dew" trademarks and its subfranchisor for Rhode Island, Bowen Investment, Inc. ("BII")  ("HDA" together with BII, the "Plaintiffs") filed this action seeking injunctive relief, post-termination royalties and advertising fees and trademark infringement claims against Carneiro Donuts, Inc. ("CDI") and its owner, Manuel Carneiro ("Carneiro" together with CDI, the "Defendants") following CDI's default and termination of the Franchise Agreement with BII.[3]

The transaction arose out of CDI's purchase from the then-current BII franchise of a Honey Dew Donuts® shop operating at 460 Allens Avenue, Providence, Rhode Island (the "Shop"), pursuant to a Purchase Agreement executed in December, 2003. In compliance with Rhode Island law, CDI and Carneiro immediately received an Offering Circular from BII dated

---

[1] As the Defendants have already demonstrated, all of information that has been requested is a matter of public record, to which they have equal access. As the information is not relevant to this case, the Plaintiffs should not be burdened with the unnecessary costs involved.

[2] Plaintiffs' answers to each of the three sets of interrogatories that have been served by the Defendants include this objection.

[3] By written agreement, Manuel is jointly and severally liable to BII for the obligations of CDI.

2

February 6, 2003 (the "2003 Offering Circular"). No other Offering Circular is relevant to this action.

Immediately after taking over operations, Defendants began defaulting on their obligations, both for timely payments and maintenance of minimal operational standards. Following compliance with a notice and cure period provided in the Franchise Agreement, and following months of unsuccessful attempts to resolve this matter, litigation was filed. On October 7, 2005, this Court granted the Plaintiffs' Motion for Preliminary Injunction ordering the Defendants to cease business operations at the Shop and set an expedited trial January 17, 2006. Thereafter, the Defendants asserted a number of counterclaims including breach of contract, breach of the warranty of good faith and fair dealing, fraud through material misrepresentation and failure to disclose material facts, and violations of the Rhode Island Franchise Investment Act and Mass. G.L. c. 93A

## II. Argument

### (a) The Disputed Interrogatories Are Overbroad and Not Reasonably Calculated to Lead to Admissible Evidence

Despite the provisions of Fed.R.Civ.P. 33(a) and Local Rule 26.1(C), limiting the number of permitted interrogatories to 25 for each side, Defendants have served **121 interrogatories** including subparts. Because of the expedited trial and to avoid protracted discovery disputes, although Plaintiffs did generally object to the number of interrogatories, all interrogatories were answered or objected to as if the proper number had been asked. The two interrogatories in dispute relate to one issue, as follows:

*Defendant's First Set of Interrogatories No. 10 to BII:*

> Identify all litigation between BII and any of its franchisees ever since June 1, 1994. For each of these identified instances of litigation state:

3

1. The title of each action and state its case number or citation in parentheses.

2. For each action state the action's initial filing date and the opposing party's name and relationship with BII.

3. Describe the legal and factual nature of each claim in the action.

4. Describe the legal and factual nature of each counterclaim in the action.

5. Describe the final disposition of the case or otherwise indicate if it is presently ongoing.

   **Answer:**  Plaintiff, Bowen Investment Inc. objects to this Interrogatory as it seeks information that is irrelevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence in this case.

*Defendant's First Set of Interrogatories No. 3 to HDA:*

Identify all litigation between Honey Dew Associates, Inc. and any of its franchisees ever since June 1, 1994. For each of these identified instances of litigation state:

1. The title of each action and state its case number or citation in parentheses.

2. For each action state the action's initial filing date and the opposing party's name and relationship with Honey Dew Associates, Inc. (" hereafter "HDA").

3. Describe the legal and factual nature of each claim in the action.

4. Describe the legal and factual nature of each counterclaim in the action.

5. Describe the final disposition of the case or otherwise indicate if it is presently ongoing.

   **Answer:**  Plaintiff, Honey Dew Associates, Inc. objects to this Interrogatory as it seeks information that is irrelevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence in this case.

**(b)     Rhode Island Law Requires Disclosure of only Certain Litigation**

Rhode Island law requires franchisors to provide prospective franchisees with the Uniform Franchise Offering Circular as adopted and amended by the North America Securities Administrators Associates, Inc. <u>See</u>, R.I. Stat. §§19-28-1-3(f) and §19-28.1-8(a). The relevant portion of the NASSA requirements relating to litigation require the franchise to

4

disclose (i) pending litigation in which they are accused of franchise law violations or similar unfair or deceptive trade practices and (ii) judgments or dispositions in litigation in which they were held liable for such misconduct or agreed to provide material consideration in settlement of such allegations.

The 2003 BII Offering Circular identified one pending case (upon which they eventually prevailed at trial) and two settled cases.   No other litigation was required to be disclosed.

**(b)** **Plaintiffs were not obligated to disclose the four cases identified by Defendants**

Mr. Carneiro has conceded at deposition that he never read BII's Offering Circular. Therefore, any claim of a material misrepresentation must fail because of a lack of reliance. Ignoring this, Defendants seek to justify broad discovery as to all litigation over an 11 year period on the basis of four cases they name in which one or both of the Plaintiffs was a party. Identification of other litigation in which the Plaintiffs were involved is not, in and of itself, justification for either a claim of a material omission of litigation from an Offering Circular, nor does it justify the broad type of discovery requested, which is merely a fishing expedition.  The nature of the Offering Circular requirement anticipates that only <u>some</u> litigation, within the specific parameters of the rule, will be disclosed. There is no requirement that <u>all</u> litigation be disclosed.

The four cases which the Defendants cite are as follows:

(1)     *Honey Dew Associates, Inc. v. Yazbek.* <u>Defendants' Memo</u>, at p. 4.  The counterclaim against HDA was filed in 2004, several months after the BII Offering Circular was provided to the Defendants.  Clearly, there was no omission of a case which did not exist;

(2)     *Honey Dew Associates, Inc. v. M&K Food Corp. et al.*, <u>Defendants' Memo</u>, at p. 4, citing a 2000 decision of the Federal District Court for the District of Rhode Island in that

5

action. Defendants' reference to this case is deliberately misleading. That decision was reversed by 241 F.3d 243 (1st Cir. 2001). The matter was eventually settled, with no adverse finding against the Plaintiffs nor any material consideration from the Plaintiffs. No disclosure was required;

(3)   *Honey Dew Associates, Inc. and Bowen Investment, [sic] Inc. v. A&F Management, Inc.* Defendants' Memo, at p. 5. The matter was eventually settled, with no adverse finding against the Plaintiffs nor any material consideration from the Plaintiffs. No disclosure was required;

(4)   *Solomon Cohen, et al. v. Honey Dew Associates, Inc.* Defendants' Memo, at p. 10, Exhibit 1. This case was dismissed upon settlement with no adverse finding against the Plaintiffs nor any material consideration from the Plaintiffs.

It should be noted that the Defendants have already conducted Rule 30(b)(6) depositions of the Plaintiffs and questioned the Plaintiffs about the four specific cases and other litigation in which they were involved dating back to 1992. Following a lengthy Rule 7.1 conference on this issue the Defendants counsel chose to proceed with the instant motion rather than limiting the scope of discovery to the specific cases that fall within the UFOC guidelines or those that the Defendants relied upon in asserting the non-disclosure claim. The request is overbroad and not reasonably calculated to lead to admissible evidence. Food Lion, Inc. v. United Food and Commercial Workers International Union, 103 F.3d 1007, 1013 (D.C. Cir. 1997).

Defendants' assert that they are "entitled to full disclosure and discovery of all the plaintiffs relevant past litigation." Defendant's Memorandum at page 10. This is accurate. However, the interrogatories seek information about irrelevant litigation. Without a showing that there is any litigation which is relevant, the eleven years of discovery requested is not proper.

6

U. S. v. Building Inspector of America, 894 F. Supp. 507, 515-518 (D.Mass. 1995) is not to the contrary. That case involved non-disclosure of litigation which, by its nature, was required to have been disclosed, active cases alleging violations of law which had to be disclosed. Here, the Plaintiffs' objections to the Defendants' requests for information on **all** litigation in the past eleven years (including *present* litigation) are justified as the interrogatories are beyond the scope of relevant information.

To expand the scope of discovery in this manner, Defendants must make more than conclusory allegations that the requested additional discovery may lead to relevant information. See Schlagenhauf v. Holder, 379 U.S. 104, 118-119 (1964). They have to have a basis for their claim and their discovery in the first place. The Defendants fail to meet this burden and their motion must be denied.

WHEREFORE, for the foregoing reasons, the Plaintiffs hereby request that this Honorable Court deny the Defendants' motion to compel and sustain the Plaintiffs objections.

|  |  |
|---|---|
|  | BOWEN INVESTMENT, INC. |
|  | HONEY DEW ASSOCIATES, INC., |
|  | By their Attorneys, |
| Date: November 30, 2005 | /s/ Michael A. Wirtz |
|  | _____ |
|  | Jack J. Mikels, BBO# 345560 |
|  | Michael A. Wirtz, BBO# 636587 |
|  | Janell E. De Gennaro, BBO #656306 |
|  | JACK MIKELS & ASSOCIATES, LLP |
|  | 1 Batterymarch Park, Suite 309 |
|  | Quincy, MA  02169-7454 |
|  | Tel:  617.472.5600 |

BII\Lit\Carneiro\Plead\Opp-CompelInts3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11709-NMG

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
          Plaintiffs,
v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
               Defendants.

## CERTIFICATE OF SERVICE

I, Michael A. Wirtz, hereby certify that a true and complete copy of the Opposition to Defendants' Motion to Compel Plaintiffs' Answers to Interrogatories Related to Plaintiffs' Present and Past History of Litigation was served this day via electronic means available under CM/ECF to counsel for the Defendants, Kevin R. McCarthy, 155 Fairoaks Lane, Cohasset, MA 02025, kemccar68@comcast.net.

Signed under the pains and penalties of perjury this 30th day of November, 2005.

/s/ Michael A. Wirtz
_____
Michael A. Wirtz

BII\Lit\Carneiro\Plead\Opp-CompelInts3