UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BOWEN INVESTMENT, INC. <br> HONEY DEW ASSOCIATES, INC. <br>     Plaintiffs and Counterdefendants <br> <br> v. <br> <br> CARNEIRO DONUTS, INC and <br> MANUEL M. CARNEIRO <br>     Defendants and Counterclaimants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 05 – 11709 NMG <br> <br> Judge Nathaniel M. Gorton |

**MEMORANDUM OF DEFENDANTS TO COMPEL PRODUCTION OF DOCUMENTS RELATED TO THE SUBFRANCHISE AGREEMENT AND THE LEGAL RELATIONSHIP BETWEEN THE PLAINTIFFS**

    **I.**                          **INTRODUCTION**

On August 12, 2005 the Plaintiff's filed a three (3) count complaint against the Defendant's alleging breach of their Honey Dew related franchise contract, trademark violation claims and thirdly asking for post termination damages.  On October 20, 2005 the Defendants filed their first amended answers and alleged in counterclaim breach of contract, breach of the warranty of good faith and fair dealing, fraud through material misrepresentation, fraud through failure to disclose material facts, violation of the Rhode Island Franchise Investment Act and violation of M.G.L. c. 93A.   The Defendants are moving, pursuant to Fed. R. Civ. P. 37(a), for an order compelling the Plaintiff, Honey Dew Associates, Inc., to produce the only known document  responsive to the following four (4) document requests as well as any other documents responsive to these four (4) document requests ( See Exhibit 1)  - in response to the Defendants' First Request for the Production of Documents to Honey Dew Associates, Inc.

( "HDA") served on October 11, 2005 and inadequately responded to on November 4, 2005 as follows:

**RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO HONEY DEW ASSOCIATES, INC.**

**Request No. 24.**   Copy of the subfranchise agreement between HDA and BII.

**Response:**   Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 25.**   Copy of any document, contract or agreement between BII and HDA which relates to the relationship of BII to HDA as a subfranchisor.

**Response:**   Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 26**   Copies of any document which relates to HDA's grant to BII the right of BII to operate in the state of Rhode Island.

**Response:**    Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 23**.   Copies of any documents which describe the responsibilities or provide guidance to a Honey Dew subfranchisor with regard to the subfranchisor's obligations, rights and duties as a Honey Dew subfranchisor.

**Response:**    Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

This case is on an expedited track with discovery to be concluded by November 28, 2005 and trial set for January 17, 2006.

## II.  STATEMENT PURSUANT TO LOCAL RULE 7.1 (A) (2)

A formal discovery conference was held by phone on November 30, 2005.  Attorney Kevin McCarthy represented the Defendants and Attorney Michael Wirtz represented the Plaintiffs at this conference.   The conference lasted about 20 minutes and the counsels attempted in good faith to resolve or narrow our differences but failed with the exception of one issue which was document request # 37.   See attached Exhibit 2 which is the November 29, 2005 Rule 7.1 conference request letter sent to Plaintiffs' counsel by Defendants' counsel.   The parties' respective attorneys have also had other informal discussions and communications on these issues but they also failed to resolve the issues.

## ARGUMENT

**A.  The Defendants rightfully demand disclosure of the requested relevant "subfranchise agreement" and other responsive documents in order to fairly and properly defend themselves and to assert their counterclaims and defenses.**

The Plaintiffs directly refer to the requested "subfranchise agreement" in the 2/06/03 and 2/06/04 Uniform Franchise Offering Circulars disclosed to the Defendants.   In both of these disclosed offering circulars, and on the first page of each, the Plaintiffs state: " BII operates in Rhode Island pursuant to an agreement with the owner of the "Honey Dew" name, Honey Dew Associates, Inc. ("HDA")".   Additionally, Allegation number 7 of the Complaint states: "At all relevant times hereto, BII and HDA have agreed that BII may act as a subfranchisor for the purpose of franchising certain Honey Dew Donuts Shops in Rhode Island".   Also, in Paragraph 1 of the Affidavit of Robert P. Bowen filed in support of the Plaintiffs' Motion for Injunctive Relief Against the Defendants, he states: "I am the President

and sole shareholder of Bowen Investment, Inc., a Massachusetts corporation, which, at all relevant times has had an agreement with Honey Dew Associates, Inc. ("HDA") for the purpose of franchising certain Honey Dew Donuts Shops in Rhode Island". The Plaintiffs have used and referred to the above noted "agreement" in their Complaint and in support of their Motion for Injunctive Relief. As a basic principle of fairness, the Defendants should at least be able to view this document otherwise their legal rights are put at jeopardy without an opportunity to view or examine readily available evidence which has been introduced into this case by the Plaintiffs.

The Plaintiffs in this case are both Bowen Investment, Inc. ("BII") and Honey Dew Associates, Inc. ("HDA"). Their legal relationship is an important issue as well as a basis of their suit against the Defendants. By their own disclosures and admissions their legal relationship and status (and thus their legal relationship and status with the Defendants) is significantly predicated on a certain "subfranchise" or other "agreement". Bob Bowen, President of BII, further confirmed the existence of this "subfranchise" document in his November 10, 2005 deposition answers as follows (See Exhibit 3):

    Q. Explain to me your involvement with Honey Dew Associates at this period, the time you became involved and how you became involved?

    A. Sure. In the late eighties, I was granted the rights to be the sub-franchisor for Honey Dew Donuts in Rhode Island. At that time I was still running the Old Fashioned Donut shop in Franklin.

    Q. Okay. How did you come about to be granted those rights, were they granted to you personally?

    A. I don't recall. My brother Dick is the President of Honey Dew Associates and I started a company called Bowen Investment, Inc., and we were granted the rights by Honey Dew Associates to be the sub-franchisor in Rhode Island.

    Q.  And is there a contract between you and Honey Dew Associates or between Bowen Investments and Honey Dew Associates that memorialized that sub-franchising agreement?

    A.  I believe there is.

    Q.  What is the name of that document, I would like you to describe that document to me?

    A.  I don't recall.

    Q.  So you have the rights to sub-franchise in Rhode Island under a document and you don't recall the name of it, right?

    A.  That is correct.

    Q.  What does the document have in it, what were the contents of the documents, what does it state?

    A.  I recall it gives Bowen Investment the rights to be the sub-franchisor for Honey Dew Donuts in Rhode Island allowing us to develop stores and sell them.

   And slightly further on in Mr. Bowen's November 10, 2005 deposition he provided the following answers in regards to the document/agreement which is the main document sought in this Motion to Compel ( See Exhibit 3):

    Q.  Where is this agreement by which you are the sub-franchisor of Honey Dew Associates?

    A.  I don't recall.

    Q.  When did you see it last?

    A.  I don't remember.

    Q.  How long is the agreement?

    A.  I don't recall.

    Q.  Is it beyond ten pages?

    A.  I don't recall.

    Q.  Does it describe your responsibilities as a sub-franchisor?

> A. Again, I don't remember.
>
> Q. Does it describe any of your rights as a sub-franchisor?
>
> A. I don't recall.
>
> Q. How long does the sub-franchise agreement you have last and when does it expire?
>
> A. I don't recall.
>
> Q. To save some time do you recall anything at all about this agreement?
>
> A. Not off the top of my head, no.
>
> Q. Did you ever see it?
>
> A. I do recall seeing it.
>
> Q. Did you sign it?
>
> A. I don't recall.
>
> Q. Has anybody ever asked you for a copy of it?
>
> A. I don't remember.

Clearly, an important document exists regarding central issues in this case and the Defendants have a right to its proper production to them pursuant to Fed. R. Civ. P 26 (b). Moreover, Mr. Bowen, President of BII, does not recall even signing this agreement which would bring into question the validity of BII's claimed right to be a subfranchisor or that there is a valid subfranchise agreement in existence. This could also bring into serious question BII's legal status to even bring the present action against the Defendants.

Also, if BII is not, in fact, a subfranchisor of HDA then that would certainly offer further proof of the Defendants' fraud, misrepresentation and RI Franchise Investment Act counterclaims (against both BII and HDA) as they may have been issued franchise rights by a "subfranchisor" who may not actually be a "subfranchisor". As well, the Defendants

6

allege that HDA is not properly registered in the State of Rhode Island, which is a serious violation of the Rhode Island Franchise Investment Act, and the requested agreement and other responsive documents requested by this Motion would shed direct light on whether or not or how HDA must be registered in Rhode Island.   See First Amended Defendants Answers, Counterclaims and Jury Demand – Counterclaim V.

The Plaintiffs' must disclose this relevant document/agreement by which BII is granted the right to operate as a subfranchisor in Rhode Island in order for the Defendants' to obtain important discovery which bears direct relevance to their counterclaims and defenses and which may well shed serious doubt on or weaken the claims of the Plaintiff.   The Plaintiff's must produce this document/agreement under Fed. R. Civ. P 26  (b) (1).

Accordingly, the requested document disclosures are also highly relevant to the following Defenses asserted by the Defendants (See First Amended Defendants Answers, Counterclaims and Jury Demand):

### **AFFIRMATIVE DEFENSES**

1. ILLEGALITY

The plaintiffs are barred from recovery of damages because they are based upon contractual agreements that are illegal or were obtained by illegal means.

3. FRAUD

The plaintiffs are barred from recovery because the contractual agreements upon which they base their complaints were induced by intentional misrepresentations and omissions.

3. UNCLEAN HANDS

The plaintiffs come into court with unclean hands and should not recover.

7

        4.   ESTOPPEL

The plaintiffs are barred from recovery by their own wrongful conduct.

**IV.**                                **CONCLUSION**

The above four (4) document requests appear to largely involve a single document which can be obtained through no other means that by the requested production from the Plaintiffs. Because this document/agreement is central and highly relevant to this entire case, the Court should order the Plaintiffs to promptly produce it to the Defendants. As well, the above four (4) document requests are highly relevant to the issues, claims, defenses and allegations of the Defendants and thus the Plaintiffs must produce the documents requested per Fed. R. Civ. P. 26 (b) (1) and Rule 34 (a) (b). The Plaintiffs should not be allowed to bring a Complaint against the Defendants and then refuse to produce and assert ignorance about the contents of an essential document which will clearly shed light on the central issues, legal status and legal relationships between all the parties in this case. Particularly, as the President of BII has no memory of its content, the Court on that basis alone should require the "subfranchise" document/agreement's disclosure as it's the only means by which key evidence in this case can be discovered. However, all four (4) of the document requests should be ordered disclosed as these document requests are quite reasonably calculated to lead to the discovery of admissible evidence pertaining to the legal status of all parties and their legal rights and obligations under the RI Franchise Investment Act as well as the FTC Franchise Rule. See Fed. R. Civ. P. 26 (b) (1).

WHEREFORE, the defendants Carneiro Donuts, Inc. and Manuel M. Carneiro ask this Honorable Court to:

1. Order the Plaintiffs, or at least HDA, to fully and completely produce documents pursuant to Fed. R. Civ. P. 34 in response to Requests 24, 25, 26, and 23 of the DEFENDANTS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFF, HONEY DEW ASSOCIATES, INC. and to do so within 7 days - and:

2. Specifically Order the Plaintiffs, or at least HDA, to produce to the Defendants the agreement between BII and HDA which is specifically noted on page one (1) of BII's 2/06/2003 and 2/06/2004 offering circulars and which should have been produced in response to the above noted four (4) document requests. – and

3. Order the Plaintiffs, or at least HDA, as the defendants so hereby move, to pay the Defendants' reasonable attorney fees and expenses pursuant to Fed. R. Civ. P 37(4)(A) for failure to make disclosures required by Rule 26 (a).

                                              Respectfully,
                                              MANUEL M. CARNEIRO
                                              CARNEIRO DOUNTS, INC.
                                              By their Attorney,

                                              /s/ Kevin R. McCarthy
                                              Kevin R. McCarthy
                                              (BBO # 640788)
                                              155 Fairoaks Lane
                                              Cohasset, Ma  02025
                                              781-383-0639

Date:   November 30, 2005

## CERTIFICATE OF SERVICE

      I, Kevin R. McCarthy, certify that on this date I served a true copy the foregoing to MEMORANDUM OF DEFENDANTS TO COMPEL PRODUCTION OF DOCUMENTS RELATED TO THE SUBFRANCHISE AGREEMENT AND THE LEGAL RELATIONSHIP BETWEEN THE PLAINTIFFS to counsel for all parties by electronic means (CM/ECF) to Jack J. Mikels, counsel for the plaintiff, at Jack Mikels and Associates LLP, 1 Batterymarch Park, Suite 309, Quincy, MA 02169.

      Date:  November 30, 2005

                                      /s/ Kevin R. McCarthy
                                      Kevin R. McCarthy

## LOCAL RULE 7.1 (A) (2) and 37(1)(B) CERTIFICATION

      I, Kevin R. McCarthy, counsel for the defendants, do hereby certify pursuant to Local Rule 7.1 (A) (2), that prior to filing this motion I conferred by phone on November 30, 2005 with Michael Wirtz, counsel for the Plaintiffs, in an effort to resolve or narrow the issues raised by this Motion and that, pursuant to  Local Rule 37 (1) (B), I conferred in good faith in an effort to resolve the issues and receive responses to the above noted 4 document requests without Court action but these efforts failed.

                                      /s/ Kevin R. McCarthy
                                      Kevin R. McCarthy

      Date:  November 30, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11709-NMG

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
Plaintiffs,

v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
Defendants.

## RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO HONEY DEW ASSOCIATES, INC.

**General objection to Requests Nos. 1 - 38:** Plaintiff, Honey Dew Associates, Inc. objects to this Request for Production of Documents on the grounds that Local Rule 26.1(C), limits the Defendants, Carneiro Donuts, Inc. and Manuel M. Carneiro, as a group of parties with a common interest, to serving on the Plaintiffs, Bowen Investment, Inc. and Honey Dew Associates, Inc. two (2) separate sets of requests for production of documents, and the Defendants have exceeded this limit. Without waiver of this objection, the Plaintiff, Honey Dew Associates, Inc. states:

**Request No. 1:** Copies of all complaints filed by the plaintiff against any franchisee or former franchisee since June 1, 1994.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 2:** Copies of all answers filed by any franchisee in response to the complaints referred to in Request # 1.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 3:** Copies of all counterclaims filed by any franchisee in response to the complaints referred to in Request # 1.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Response:** Documents responsive to this Request are attached hereto.

**Request No. 22:** Copies of all documents, correspondence, notes, memorandum or e-mails received by the plaintiff from the defendant or any representative of the defendant.

**Response:** Honey Dew Associates, Inc. has no such documents in its possession.

**Request No. 23:** Copies of any documents which describe the responsibilities or provide guidance to a Honey Dew subfranchisor with regard to the subfranchisor's obligations, rights and duties as a Honey Dew subfranchisor.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 24:** Copy of the subfranchise agreement between HDA and BII.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that is not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 25:** Copy of any document, contract or agreement between BII and HDA which relates to the relationship of BII to HDA as a subfranchisor.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible information.

**Request No. 26:** Copies of any document which relates to HDA's grant to BII the right of BII to operate in the state of Rhode Island.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible information.

**Request No. 27:** Copies of all present Offering Circular filings that HDA has with the state of Rhode Island or of any filing related to its Honey Dew franchise business with the state of Rhode Island.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible information. Without waiver of this objection, there are no such documents.

Honey Dew Associates, Inc.
By its Attorneys,

*[signature]*

Jack J. Mikels, BBO#345560
Michael A. Wirtz, BBO# 636587
Janell E. De Gennaro, BBO# 656306
JACK MIKELS & ASSOCIATES
1 Batterymarch Park, Suite 309
Quincy, MA 02169-7454
Tel: 617.472.5600

F:aa-mik\Bll/lLit/Carneiro\Discovery\RPDARespRPD1 HDA

# Kevin R. McCarthy
### Attorney at Law
### 155 Fairoaks Lane
### Cohasset, Massachusetts 02025

| Telephone | E-mail | Fax |
|---|---|---|
| 781-383-0639 | kemccar68@comcast.net | 781-735-0228 |

**FAX**

November 29, 2005

Michael A. Wirtz
Jack Mikels & Associates, LLP
1 Batterymarch Park, Suite 309
Quincy, MA  02169

    Re: **Request for a LR 7.1 (A) (2) Conference regarding the Plaintiffs' "subfranchise agreement" and other document requests of HDA.**

Dear Michael:

    This letter is to request a Local Rule 7.1 (a) (2) conference to see if we can resolve our discovery dispute regarding Requests 24, 25, 26, 23, and 37 of the  DEFENDANTS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFF, HONEY DEW ASSOCIATES, INC.   In particular we must demand that you produce the agreement between BII and HDA which is specifically noted on page one (1) of BII's 2/06/03 and 2/06/2004 offering circulars.  Please contact me to set up or hold this conference – otherwise I will call you later today.  Thank you.

                                                Sincerely,

                                                Kevin R. McCarthy

**ORIGINAL**

VOLUME: 1
PAGES: 1 - 130
EXHIBITS: See Index

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

```
*****************************************
BOWEN INVESTMENT, INC., HONEY DEW     )
ASSOCIATES, INC.,                     )
    Plaintiffs and Counterdefendants, )
                                      )   Case No.
               Vs.                    )   05-11709NMG
                                      )
CARNEIRO DONUTS, INC., and MANUEL     )
M. CARNEIRO,                          )
    Defendants and Counterclaimants.  )
*****************************************
```

DEPOSITION OF ROBERT P. BOWEN, a Witness called by and on behalf of the Defendants, taken pursuant to the applicable Massachusetts Rules of Civil Procedure, before Vincent Martino, a Notary Public within and for the Comm. Of Massachusetts, held at the Law Office of Kevin McCarthy, No. 155 Fairoaks Lane, Cohasset, Mass., 02025, on Thursday, November 10, 2005, commencing at 10:30 a.m

COPLEY COURT REPORTING
101 Tremont Street
Boston, Massachusetts 02108
(617) 423-5841

1      Q.   Is that correct?

2      A.   Gary and I dissolved the partnership back in the

3 eighties. I kept the Franklin store and he kept the

4 Attleboro store. I stayed there until approximately

5 1995-96.

6      Q.   As the owner of the one unit?

7      A.   Right.

8      Q.   Then what did you do in 1995-96?

9      A.   In the late eighties, I was granted the rights by

10 Honey Dew Associates to be the sub-franchisor of the Honey

11 Dew in Rhode Island so I was opening up stores in Rhode

12 Island.

13     Q.   I thought we were at 1996. During this period where

14 you owned the store, in the middle eighties did you say,

15 1985-86, is that correct, you were granted the license, is

16 that what you are saying?

17          MR. MIKELS: Objection.

18          THE WITNESS: I'm sorry.

19     Q.   Explain to me your involvement with Honey Dew

20 Associates at this period, the time you became involved and

21 how you became involved?

22     A.   Sure. In the late eighties, I was granted the

23 rights to be the sub-franchisor for Honey Dew Donuts in

24 Rhode Island. At that time I was still running the Old

25 Fashioned Donut shop in Franklin.

```
 1      Q.   Okay. How did you come about to be granted those
 2   rights, were they granted to you personally?
 3      A.   I don't recall. My brother Dick is the President of
 4   Honey Dew Associates and I started a company called Bowen
 5   Investment, Inc., and we were granted the rights by Honey
 6   Dew Associates to be the sub-franchisor in Rhode Island.
 7      Q.   And is there a contract between you and Honey Dew
 8   Associates or between Bowen Investments and Honey Dew
 9   Associates that memorialized that sub-franchising
10   agreement?
11      A.   I believe there is.
12      Q.   What is the name of that document, I would like you
13   to describe that document to me?
14      A.   I don't recall.
15      Q.   So you have the rights to sub-franchise in Rhode
16   Island under a document and you don't recall the name of
17   it, right?
18      A.   That is correct.
19      Q.   What does the document have in it, what were the
20   contents of the documents, what does it state?
21      A.   I recall it gives Bowen Investment the rights to be
22   the sub-franchisor for Honey Dew Donuts in Rhode Island
23   allowing us to develop stores and sell them.
24      Q.   Are you or do you have or does that give you
25   exclusive rights or are there any other sub-franchisors in
```

```
 1   Rhode Island?
 2       A.   I don't recall.
 3       Q.   Are there any sub-franchisors in the Honey Dew
 4   system other than Bowen Investments?
 5       A.   I don't know.
 6       Q.   Do you own Bowen Investments entirely yourself
 7   personally?
 8       A.   No.
 9       Q.   Who else owns that?
10       A.   My brother Dick is partners with me.
11       Q.   How much does he own of Bowen Investments?
12       A.   I believe it is fifty-fifty.
13       Q.   And how long has he owned fifty percent?
14       A.   From the beginning.
15       Q.   Which is approximately 1985?
16       A.   ---
17       Q.   Is that correct?
18       A.   Probably 1987-88.  Late eighties.
19       Q.   Where is this agreement by which you are the
20   sub-franchisor of Honey Dew Associates?
21       A.   I don't recall.
22       Q.   When did you see it last?
23       A.   I don't remember.
24       Q.   How long is the agreement?
25       A.   I don't recall.
```

```
 1     Q.   Is it beyond ten pages?
 2     A.   I don't recall.
 3     Q.   Does it describe your responsibilities as a
 4   sub-franchisor?
 5     A.   Again, I don't remember.
 6     Q.   Does it describe any of your rights as a
 7   sub-franchisor?
 8     A.   I don't recall.
 9     Q.   How long does the sub-franchise agreement you have
10   last and when does it expire?
11     A.   I don't recall.
12     Q.   To save some time do you recall anything at all
13   about this agreement?
14     A.   Not off the top of my head, no.
15     Q.   Did you ever see it?
16     A.   I do recall seeing it.
17     Q.   Did you sign it?
18     A.   I don't recall.
19     Q.   Has anybody ever asked you for a copy of it?
20     A.   I don't remember.
21     Q.   Did you register it with the State of Rhode Island?
22     A.   I believe we are registered with the State of Rhode
23   Island.
24     Q.   Is your agreement with Honey Dew Associates in that
25   registration with the State of Rhode Island?
```

```
 1
 2
 3
 4                         CERTIFICATE
 5
 6   COMMONWEALTH OF MASSACHUSETTS
 7   NORFOLK, SS.
 8
 9        I, Vincent R. Martino, Shorthand Reporter and
10   Notary Public within and for the Commonwealth of
11   Massachusetts, do hereby Certify:
12        That ROBERT P. BOWEN, the witness whose deposition
13   is hereinbefore set forth, was duly sworn by me and that
14   such deposition is a true record of the testimony given by
15   the said witness to the best of my skill and ability.
16        IN WITNESS WHEREOF, I have hereunto set my hand and
17   Notarial Seal this 15th day of November, 2005.
18
19                         _____
20                             Vincent R. Martino
21                             Shorthand Reporter
22
23
24
25
```