UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. NO. 05-11709 NMG

| |
|---|
| BOWEN INVESTMENT, INC. and HONEY DEW ASSOCIATES, INC., <br>                     Plaintiffs, <br> v. <br><br> CARNEIRO DONUTS, INC., and MANUEL M. CARNEIRO, <br>                     Defendants. |

**PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS
PURSUANT TO LOCAL RULE 56.1**

Pursuant to Local Rule 56.1 the Plaintiffs, Bowen Investment, Inc. ("BII") and Honey Dew Associates, Inc. ("HDA") (collectively the "Plaintiffs") submit the following statement of the material facts of record as to which the Plaintiffs contend there is no genuine issue to be tried in this case.

1. BII is a Massachusetts corporation, with a principal place of business in Cranston, Rhode Island. At all times relevant hereto, BII was engaged in the franchising of coffee and donut shops known as Honey Dew Donuts® Shops in Rhode Island. Verified Complaint, at ¶1.

2. HDA, a Massachusetts corporation, is a franchisor of Honey Dew Donuts® Shops and owns the proprietary marks that are utilized by such shops. Verified Complaint at ¶¶3, 6 and 7.

3. Defendant Carneiro Donuts, Inc. ("CDI") is a Rhode Island corporation with a place of business at 460 Allens Ave., Providence, RI (the "Premises"). Defendant Manuel M. Carneiro ("Carneiro", together with CDI, the "Defendants") is a citizen of the state of Rhode Island and has been the owner and principal of CDI. Verified Complaint, ¶¶ 3, 4.

4. Defendants have no contractual relations with HDA.

5. In the Fall of 2003, the Defendants began making arrangements to purchase the assets and business of an existing BII franchisee, Allens Avenue Donuts, Inc., for a franchised Honey Dew Donuts® Shop operating at the Premises (the "Providence Shop"). Second Affidavit of Robert P. Bowen ("Robert Bowen Aff.") at ¶3.

6. On November 5, 2003, the Defendants received a BII Offering Circular dated February 6, 2003 (the "2003 Offering Circular"). Robert Bowen Aff. ¶3.

7. Defendant never read the 2003 Offering Circular that was provided to him. Defendants' Deposition, Affidavit of Michael A. Wirtz, ("Wirtz Aff."), Tab A at page 118, line 16.

8. On or about June 1, 2004, BII and CDI executed a Franchise Agreement, an Agreement Regarding Transfer of Honey Dew Donut Franchises and Addendum to Franchise Agreements, and a Lease (collectively the "Franchise Agreements".) Verified Complaint, ¶8, Exhibit "B". Carneiro also signed a Liability Agreement of even date agreeing to be jointly and severally liable to BII for all obligations of CDI pursuant to the Franchise Agreements. Verified Complaint, ¶9, Exhibit "C".

9. Franchise Documents require the Defendants to pay BII 9% of gross sales of the Providence Shop, due each Friday for the week ending the preceding Sunday as follows: (i) a royalty of 7%; and (ii) advertising fee of 2%. Verified Complaint, ¶¶11,12, Robert Bowen Aff., ¶ 5.

10. For convenience, BII requested that its franchisees issue two checks, 5% to BII and 4% to the Advertising Fund instead of 7% and 2%. Robert Bowen Aff. at ¶6.

11. Defendants violated the Franchise Documents by failing to make required payments due. Verified Complaint, ¶35, Robert Bowen Aff., ¶7(a)-(e). As result thereof:

(a) A Notice of Default was served on the Defendants on or about January 27, 2005, for failure to make required payments. Defendants did not timely cure the Default. Verified Complaint, ¶25, Robert Bowen Aff., ¶7(a);

(b) A Notice of Default was served on the Defendants, on or about February 22, 2005, for failure to make required payments. Defendants did not timely cure the Default. Verified Complaint, ¶26, Robert Bowen Aff., ¶7(b);

(c) A Notice of Default was served on the Defendants, on or about May 27, 2005, for failure to make required payments. Defendants did not timely cure the Defaults. Verified Complaint, ¶27, Robert Bowen Aff., ¶7(c);

(d) A Notice of Termination was served on the Defendants on or about May 27, 2005, for failure to timely cure the payment defaults set forth in the Notice of Default dated February 22, 2005 relating to payment deficiencies. Verified Complaint, ¶28, Robert Bowen Aff., ¶7(e).

12. Defendants continued business operations at the Premises through October 7, 2005. Robert Bowen Aff., ¶8.

13. Pursuant to a letter agreement dated July 26, 2004, the Defendants are required to pay BII $100.00 per week, due each Friday, for reimbursement of certain equipment costs due from Defendants and advanced by BII,. Verified Complaint, ¶15, . Robert Bowen Aff., ¶9.

14. BII did not provide "equipment financing", as such, nor did the Defendants purchase any equipment from BII. Robert Bowen Aff., ¶10.

|  |  |
|---|---|
|  | The Plaintiffs,<br>BOWEN INVESTMENT, INC.<br>HONEY DEW ASSOCIATES, INC.,<br>By their Attorneys, |
| Date: December 9, 2005 | /s/ Michael A. Wirtz<br>_____<br>Jack J. Mikels, BBO# 345560<br>Michael A. Wirtz, BBO# 636587<br>Janell E. De Gennaro, BBO #656306<br>JACK MIKELS & ASSOCIATES, LLP<br>1 Batterymarch Park, Suite 309<br>Quincy, MA  02169-7454<br>Tel:  617.472.5600 |

BII/Litigation/Carneiro/Pleadings/SJ/Rule 56.1