UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11709-NMG

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
               Plaintiffs,

v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
               Defendants.

## OPPOSITION TO MOTION OF DEFENDANTS CARNEIRO DONUTS, INC. AND MANUEL M. CARNEIRO TO COMPEL PLAINTIFFS' PRODUCTION OF DOCUMENTS RELATED TO THE PLAINTIFFS' PRESENT AND PAST HISTORY OF LITIGATION

The Plaintiffs oppose Defendants' motion to compel production of ***all*** complaints, answers, counterclaims and documents describing final disposition of litigation involving the Plaintiffs and their franchisees for the last ***11 years*** because: (i) the Plaintiffs do not have such documents (*as the Defendants were informed prior to filing the motion*) [1]; (ii) the documents are not reasonably calculated to lead to the discovery of admissible evidence in this case; and (iii) the documents are matters of public record that are freely accessible to the Defendants. Additionally, Plaintiffs object to the motion as the Defendants have exceeded the limit of requests for production set by Local Rule 26.1(C), having served the Plaintiffs with 4 sets of requests. In further support of this opposition the Plaintiffs state the following:

---

[1] Counsel for the parties conferred on this issue per Local Rule 7.1 and 15 days prior to Defendants filing the motion, Plaintiffs' counsel informed Defendants counsel that the Plaintiffs do not have the requested documents. See e-mail from Plaintiffs' counsel attached hereto as Exhibit "A" ("…Plaintiffs do not have any of the requested records as litigation matters and pleadings are left in the hands of counsel.")

I.     **Background**

This action involves the termination of the Franchise Agreement between Plaintiff, Bowen Investment, Inc. ("BII") and its franchisee Carneiro Donuts, Inc. ("CDI").[2]  BII, which is engaged in the franchising of Honey Dew Donuts® shops in Rhode Island, as a subfranchisor of Plaintiff Honey Dew Associates, Inc. ("HDA"), the owner of the Honey Dew proprietary marks.

CDI was terminated for its repeated failures to meet operational inspection standards and to timely pay weekly royalty, rent and advertising fee payments, as required by the Franchise Agreement, defaults which began almost immediately after its operations commenced.  At the time of termination, CDI has been a franchisee of BII for less than one year.

The Preliminary Injunction issued on October 7, 2005 ordered CDI to close its Honey Dew Donuts® shop, following CDI's post-termination continuation of business and use of the Honey Dew Marks after its license to use them had terminated.[3]

Defendants' requests for production of documents relate to an effort by Defendants to avoid the consequences of their clear contractual violations by fabricating counterclaims for which they have no factual basis.  Following the issuance of the preliminary injunction, the Defendants asserted that the underlying franchise transaction was illegally and fraudulently induced because of the Plaintiffs violations of Rhode Island franchise law.[4]  Since the Defendants have no factual basis for the claim, they now seek to utilize discovery as a fishing

---

[2] Defendant, Manuel Carneiro ("Carneiro") is CDI's principal and owner, who has agreed to joint and several liability for CDI's obligations to BII.

[3] In addition to the monetary damages due from the Defendants under the Franchise Agreement (pre and post termination), BII seeks injunctive relief to take possession of the underlying premises which it owns.

[4] The Defendants assert a number of counterclaims including breach of contract, breach of the warranty of good faith and fair dealing, fraud through material misrepresentation and failure to disclose material facts, and violations of the Rhode Island Franchise Investment Act and Mass. G.L. c. 93A

expedition in hopes of finding a cause of action that doesn't exist. The Defendants' motion to compel is without justification and must be denied.

## II. Argument

### (a)  The Disputed Requests and Responses

Franchising is an industry regulated by the Federal Trade Commission and, in Rhode Island, by the Department of Business Regulation. Franchisors are required to provide prospective franchisees with an Offering Circular which must include disclosure regarding specific categories of material litigation in which they have participated. Plaintiffs complied with these requirements. It is undisputed that Defendants received a timely Offering Circular and that a litigation disclosure, identifying several actions, was included.

Defendants seek additional information regarding *all* litigation between Plaintiffs and their franchisees over the last *11 years*. Clearly, Defendants are attempting to find litigation which was not disclosed but should have been. Obviously, they filed their claim, alleging "serious franchise violations" without an adequate factual basis. There are fourteen requests for production of documents in dispute are as follows:

**Defendant's First Request for Production of Documents to HDA**

**Request No. 1:** Copies of all complaints filed by the plaintiff against any franchisee or former franchisee since June 1, 1994.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 2:** Copies of all answers filed by any franchisee in response to the complaints referred to in Request # l.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor

3

reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 3:**  Copies of all counterclaims filed by any franchisee in response to the complaints referred to in Request # 1.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 4:**  Copies of any complaints ever filed by any past or present franchisee against HDA.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 5:** Copies of all answers filed by HDA in response to the complaints referred to in Request # 4.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 6:** Copies of all counterclaims filed by HDA in response to the complaints referred to in Request # 4.

**Response:** Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 7:** Copies of any document showing or describing the final disposition of any litigation between HDA and any present or past HDA franchisee.

**Response:**  Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this case.

### Defendant's First Request for Production of Documents to BII

**Request No. 5:**  Copies of all complaints filed by the plaintiff against any franchisee or former franchisee since June 1, 1994.

**Response:** Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 6:**  Copies of all answers filed by any franchisee in response to the complaints referred to in Request # 5.

**Response:** Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 7:**  Copies of all counterclaims filed by any franchisee in response to the complaints referred to in Request # 5.

**Response:** Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 8:**  Copies of any complaints ever filed by any past or present franchisee against BII.
**Response:** Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 9:**  Copies of all answers filed by BII in response to the complaints referred to in Request # 8.

**Response:** Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 10:**  Copies of all counterclaims filed by BII in response to the complaints referred to in Request # 8.

**Response:** Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Request No. 11:**  Copies of any document showing or describing the final disposition of any litigation between BII and any present or past BII franchisee.

**Response:** Plaintiff, Bowen Investment, Inc. objects to this Request as it seeks documents and information that are irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence in this case.

Despite the provisions of Local Rule 26.1(C), limiting the permitted requests for production of documents to 2 sets per each side, Defendants have served double the allotted

number of sets. There were 4 sets in total amounting to over 104 individual Requests (not including subparts.) As trial in this case is on an expedited schedule and the Plaintiffs wanted to avoid protracted discovery disputes, they objected generally to the excessive sets that had been served on them by the Defendants, but responded or objected to all of the 104+ Requests.

**O**n November 10, 2005, following a lengthy Rule 7.1 conference between counsel, Plaintiffs further responded to the disputed Requests stating that they do not have any of the requested documents. See Exhibit "A".[5] Plaintiffs cannot produce records that they do not have, yet the Defendants persisted in filing this motion.[6]

**(b)** **The Disputed Requests Are Overbroad and Not Reasonably Calculated to Lead to Admissible Evidence**

(i) Rhode Island Law Requires Disclosure of only Certain Litigation

Rhode Island law requires franchisors to provide prospective franchisees with the Uniform Franchise Offering Circular as adopted and amended by the North America Securities Administrators Associates, Inc. See, R.I. Stat. §§19-28-1-3(f) and §19-28.1-8(a). The relevant portion of the NASSA requirements relating to litigation require the franchise to disclose (i) pending litigation in which they are accused of franchise law violations or similar unfair or deceptive trade practices and (ii) judgments or dispositions in litigation in which they were held liable for such misconduct or agreed to provide material consideration in settlement of such allegations.

---

[5] Plaintiffs do not have in-house counsel and refer all litigation matters and send all pleadings to their outside counsel. Plaintiffs do not maintain files with the pleadings that have been requested.

[6] As the Defendants have already demonstrated, all of the documents that have been requested is a matter of public record, to which they have equal access. As the information sought is not relevant to this case, the Plaintiffs should not be burdened with the unnecessary costs involved in obtaining the documents for production.

6

The transaction between BII and the Defendants arose out of CDI's purchase from the then-current BII franchise of a Honey Dew Donuts® shop operating at the underlying premises, pursuant to a Purchase Agreement executed in December, 2003. In compliance with Rhode Island law, CDI and Carneiro immediately received an Offering Circular from BII dated February 6, 2003 (the "2003 Offering Circular"). No other Offering Circular is relevant to this action. The 2003 BII Offering Circular identified one pending case (upon which Plaintiffs eventually prevailed at trial) and two settled cases. No other litigation was required to be disclosed.

      (ii)    <u>Plaintiffs were not obligated to disclose the four cases identified by Defendants</u>

Mr. Carneiro has conceded at deposition that he never read BII's Offering Circular. Therefore, any claim of a material misrepresentation must fail because of a lack of reliance. Ignoring this, Defendants seek to justify broad discovery as to all litigation over an 11 year period on the basis of four cases they name in which one or both of the Plaintiffs was a party. Identification of other litigation in which the Plaintiffs were involved is not, in and of itself, justification for either a claim of a material omission of litigation from an Offering Circular, nor does it justify the broad type of discovery requested, which is merely a fishing expedition. The nature of the Offering Circular requirement anticipates that only <u>some</u> litigation, within the specific parameters of the rule, will be disclosed. There is no requirement that <u>all</u> litigation be disclosed.

The four cases that the Defendants cite in their motion are as follows:

      (1)    *Honey Dew Associates, Inc. v. Yazbek.* <u>Defendants' Memo</u>, at p. 5. The counterclaim against HDA was filed in 2004, several months after the BII Offering Circular was provided to the Defendants. Clearly, there was no omission of a case which did not exist;

(2) *Honey Dew Associates, Inc. v. M&K Food Corp. et al.*, <u>Defendants' Memo</u>, at p. 5, citing a 2000 decision of the Federal District Court for the District of Rhode Island in that action. Defendants' reference to this case is deliberately misleading. That decision was reversed by 241 F.3d 243 (1st Cir. 2001). The matter was eventually settled, with no adverse finding against the Plaintiffs nor any material consideration from the Plaintiffs. No disclosure was required;

(3) *Honey Dew Associates, Inc. and Bowen Investment, [sic] Inc. v. A&F Management, Inc.* <u>Defendants' Memo</u>, at p. 6. The matter was eventually settled, with no adverse finding against the Plaintiffs nor any material consideration from the Plaintiffs. No disclosure was required;

(4) *Solomon Cohen, et al. v. Honey Dew Associates, Inc.* <u>Defendants' Memo, at p. 11, Exhibit 1</u>. This case was dismissed upon settlement with no adverse finding against the Plaintiffs nor any material consideration from the Plaintiffs.

It should be noted that the Defendants have already conducted Rule 30(b)(6) depositions of the Plaintiffs and questioned the Plaintiffs about the four specific cases and other litigation in which Plaintiffs were involved dating back to 1992. The Defendants requests are therefore overbroad, unnecessary and not reasonably calculated to lead to admissible evidence. <u>Food Lion, Inc. v. United Food and Commercial Workers International Union</u>, 103 F.3d 1007, 1013 (D.C. Cir. 1997).

Defendants' assert that they are "entitled to full disclosure and discovery of all the plaintiffs relevant past litigation." Defendant's Memorandum at page 12. The document requests, however, seek information about <u>irrelevant</u> litigation. Without a showing that there is any litigation which is relevant, the eleven years of discovery requested is not proper.

<u>U. S. v. Building Inspector of America</u>, 894 F. Supp. 507, 515-518 (D.Mass. 1995), relied upon by Defendants, is not to the contrary. That case involved non-disclosure of litigation which, by its nature, was required to have been disclosed, including active cases alleging violations of franchise law. There has been no showing of any similar circumstances in the case at bar.

To expand the scope of discovery in this manner, Defendants must make more than conclusory allegations that the requested additional discovery may lead to relevant information. <u>See</u> <u>Schlagenhauf v. Holder</u>, 379 U.S. 104, 118-119 (1964). They have to have a basis for their claim and their discovery in the first place. The Defendants fail to meet this burden and their motion must be denied.

WHEREFORE, for the foregoing reasons, the Plaintiffs hereby request that this Honorable Court deny the Defendants' motion to compel and sustain the Plaintiffs objections.

                                BOWEN INVESTMENT, INC.
                                HONEY DEW ASSOCIATES, INC.,
                                By their Attorneys,

Date: December 9, 2005        /s/ Michael A. Wirtz
                                _____
                                Jack J. Mikels, BBO# 345560
                                Michael A. Wirtz, BBO# 636587
                                Janell E. De Gennaro, BBO #656306
                                JACK MIKELS & ASSOCIATES, LLP
                                1 Batterymarch Park, Suite 309
                                Quincy, MA  02169-7454
                                Tel:  617.472.5600

BII\Lit\Carneiro\Plead\Opp-CompelRPDs2

**EXHIBIT "A"**

**JACK MIKELS & ASSOCIATES, LLP**

E-MAIL COVER SHEET

Date:   November 10, 2005

To:   Kevin R. McCarthy, Esquire

From: Michael A. Wirtz

Phone: (617) 472-5600 Fax: (617) 472-5875 E-Mail: jmikels@gis.net

Re:   LR 7.1 Conference regarding Plaintiffs' Responses to Requests for Production of Documents

<u>Message</u>:   Dear Attorney McCarthy:

I received your fax regarding the Rule 7.1 conference yesterday.  You have misrepresented the discussions as there was no mention of any "similar interrogatories to both plaintiffs".  The only matters that we discussed involved the Plaintiffs' Responses to Defendant's First Requests for Production of Documents seeking production of litigation pleadings.  This will confirm that the Plaintiffs object to the relevancy and scope of your requests to Honey Dew Associates, Inc. (Requests 1-7) and Bowen Investment, Inc. (Requests 5-11).  Without waiver of the stated objections, please note that the Plaintiffs do not have any of the requested records as litigation matters and pleadings are left in the hands of counsel.

If you have matters to discuss regarding interrogatories, please contact me to schedule a time.

Michael

*If you do not receive all of the above pages, please call (617) 472-5600 (collect, if a toll call) and ask for the above-named operator.*

*CONFIDENTIALITY NOTICE*

*The documents accompanying this page contain confidential information, which may be legally privileged. The information is intended only for the use of the listed recipient named above. If you are not the named recipient above, you are hereby notified that any disclosure, copying, distribution or taking of any action in reliance upon the contents hereof, except direct delivery to the intended recipient named above, is strictly prohibited. If you have received this E-Mail in error, please notify us immediately by telephone or arrange for return of the original documents to us.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11709-NMG

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
              Plaintiffs,
v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
                 Defendants.

### CERTIFICATE OF SERVICE

I, Michael A. Wirtz, hereby certify that a true and complete copy of the Opposition to Motion of Defendants Carneiro Donuts, Inc, and Manuel M. Carneiro to Compel Plaintiffs' Production of Documents Related to the Plaintiffs' Present and Past History of Litigation was served this day via electronic means available under CM/ECF to counsel for the Defendants, Kevin R. McCarthy, 155 Fairoaks Lane, Cohasset, MA 02025, kemccar68@comcast.net.

Signed under the pains and penalties of perjury this 9th day of December, 2005.

                              /s/ Michael A. Wirtz
                              _____
                              Michael A. Wirtz

BII\Lit\Carneiro\Plead\Opp-CompelRPDs2