UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
BOWEN INVESTMENT, INC.                              )
HONEY DEW ASSOCIATES, INC.                          )        C.A. No. 05 – 11709 NMG
     Plaintiffs and Counterdefendants               )
                                                    )        Judge Nathaniel M. Gorton
v.                                                  )
                                                    )
CARNEIRO DONUTS, INC and                            )
MANUEL M. CARNEIRO                                  )
     Defendants and Counterclaimants                )
_____)

**MEMORANDUM OF DEFENDANTS IN SUPPORT OF DEFENDANTS' MOTION TO EXTEND THE SUMMARY JUDGMENT RESPONSE TIME PURSUANT TO FED. R. CIV. P. 56 (f)**

      **I.**                **INTRODUCTION**

      On August 12, 2005 the Plaintiff's filed a three (3) count complaint against the Defendant's alleging breach of their Honey Dew related franchise contract, trademark violation claims and thirdly asking for post termination damages. On October 20, 2005 the Defendants filed their first amended answers and alleged in counterclaim breach of contract, breach of the warranty of good faith and fair dealing, fraud through material misrepresentation, fraud through failure to disclose material facts, violation of the Rhode Island Franchise Investment Act and violation of M.G.L. c. 93A. On October 4, 2004, Judge Gorton set Jury Trial for 1/17/06 and amongst other relevant orders also set 11/28/05 as the end of Discovery and 12/09/05 as the date due for Dispositive Motions with responses due on 12/23/05. On December 9, 2005, the Plaintiffs filed a Motion for Summary Judgment. The Defendants are hereby moving, pursuant to Fed. R. Civ. P. 56(f) and Fed. R. Civ. P. 6(h) for an order extending the time for the Defendants to oppose the Plaintiffs' Motion for Summary Judgment until the Court has ruled on

three (3) previously and properly submitted Motions to Compel certain interrogatories and

documents so that the Plaintiffs may fairly and adequately defend against the Defendants'

12/09/05 Summary Judgment Motion.   See *Gonzalez v. K-Mart Corp.*, 940 F. Supp. 429, 431

(D.P.R. 1996) ("[c]"ourts should generally grant Rule 56(f) requests "unless party has been

dilatory in conducting discovery or is attempting to delay case".).

## II.     STATEMENT PURSUANT TO LOCAL RULE 7.1 (A) (2)

A formal discovery conference was held by phone on December 9, 2005.   Attorney

Kevin McCarthy represented the Defendants and Attorney Michael Wirtz represented the

Plaintiffs at this conference.   The conference lasted about 10 minutes and the counsels attempted

in good faith to resolve or narrow our differences but failed, in large part, because the parties

could not agree on an extension of the response time to Plaintiffs' Summary Judgment Motion

filed earlier on December 9, 2005.

## ARGUMENT

**A.  The Defendants have been diligent and timely in pursuing discovery but only await
the Court's decision on three (3) timely and proper Motions to Compel and the
discovery demanded by them in order to adequately and fairly oppose the Plaintiffs'
Summary Judgment motion.**

1.  On November 17, 2005, the Defendant's filed their MOTION OF

DEFENDANTS CARNEIRO DONUTS, INC. AND MANUEL M.

CARNEIRO TO COMPEL PLAINTIFFS' ANSWERS TO

INTERROGATORIES RELATED TO THE PLAINTIFFS' PRESENT AND

PAST HISTORY OF LITIGATION.   On November 30, 2005 the Defendants

timely filed an OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
PLAINTIFFS' ANSWERS TO INTERROGATORIES RELATED TO THE
PLAINTIFFS' PRESENT AND PAST HISTORY OF LITIGATION.

2.   On November 24, 2005, the Defendant's filed their MOTION OF
DEFENDANTS CARNEIRO DONUTS, INC. AND MANUEL M.
CARNEIRO TO COMPEL PLAINTIFFS' PRODUCTION OF
DOCUMENTS  RELATED TO THE PLAINTIFFS' PRESENT AND PAST
HISTORY OF LITIGATION.   On December 9, 2005, the Defendants filed an
OPPOSITION TO MOTION OF DEFENDANTS CARNEIRO DONUTS,
INC. AND MANUEL M. CARNEIRO TO COMPEL PLAINTIFFS'
PRODUCTION OF DOCUMENTS   RELATED TO THE PLAINTIFFS'
PRESENT AND PAST HISTORY OF LITIGATION.

3.   On November 30, 2005 the Defendants filed their MOTION OF
DEFENDANTS CARNEIRO DONUTS, INC. AND MANUEL M.
CARNEIRO TO COMPEL PRODUCTION OF DOCUMENTS RELATED
TO THE SUBFRANCHISE AGREEMENT AND THE LEGAL
RELATIONSHIP BETWEEN THE PLAINTIFFS.  The due date for any
Opposition to this Motion is December 14, 2005.

The Plaintiffs have been diligent and timely in pursuing their legitimate discovery and
would be prejudiced if they were required to respond to the Plaintiffs' motion for summary
judgment without the discovery documents and information which are the subject of the

above three (3) filed Motions to Compel.    See Stearns Airport Equipment. Co. v. FMC

Corp., 170 F. 3d 518, 534 ( 5th Cir. 1999) (noting that Rule 56 (f) motions are generally

favored and should be liberally granted).

**B. The requested Interrogatory answers and Document productions are centrally important and highly material to the Defendants' Counterclaims and Defenses.**

The document requests and interrogatory answers sought by the Defendants in their

11/17/05 and 11/24/05 Motions to Compel relate to the Plaintiffs' present and past litigation,

which the Defendant's are alleging in their Counterclaims that the Plaintiffs have failed to

properly disclose to the Defendants in violation of The FTC Franchise Rule, The Rhode Island

Franchise Investment Act and the common law.    Additionally, the document requests and

interrogatory answers sought by the Defendants are material and directly relate to at least several

of the Defendants' defenses.  For example, factual evidence of failure to properly disclose

litigation, as required in Item Three (3) of the Defendants' Uniform Franchise Offering Circular,

relates directly to the Defendants' defenses of Fraud, Unclean Hands, and Estoppel.   Moreover,

the November 30, 2005 Motion to Compel demands documents that relate to the legal

relationship between the Plaintiffs and thus directly to the Defendants' allegations that Honey

Dew Associates, Inc. has failed to properly register in the state of Rhode Island under the Rhode

Island Franchise Investment Act and if that is found factually and legally true then the

Defendants' franchise agreement would be subject to rescission pursuant to the Rhode Island

Franchise Investment Act.

    To be clear, however, this present Motion is not a Motion to Compel (those have

already been duly filed) – this present Motion is to obtain an Order which will expand the

response time previously set by the Court so that the Defendants can fairly and adequately obtain

the discovery they diligently, vigilantly and rightfully requested of the Plaintiffs so that the

Defendants have a fair opportunity to adequately oppose the Plaintiffs' December 9, 2005

Motion for Summary Judgment.    See *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F. 3d 86,

92 (1st Cir. 1996) ("Rule 56(f) is designed to minister to the vigilant, not to those who slumber

upon perceptible rights").

**C. Not allowing the completion of Discovery in this case, including rulings on Defendants' outstanding Motions to Compel, would preclude a judgment that the nonmovant Defendants lack substantial evidence to support their Defenses and Counterclaims without such a judgment violating the Defendants' Seventh Amendment right to a jury trial.**

While the Seventh Amendment is not violated when a court properly determines that

a nonmovant such as the Defendants lack substantial evidence to support their counterclaims

and defenses, making that determination via summary judgment rather than directed verdict

would violate the Seventh Amendment in this case, where the Court has ordered a short

discovery period commencing October 7, 2005 and concluding November 28, 2005 and three

(3) timely  Motions to Compel material factual discovery remain outstanding and yet to be

ruled upon by the Court.   See U.S. Const., Amend VII;  Celotex Corp. v. Catrett, 477 U.S.

317, 326 (1986)  ( "The parties had conducted discovery, and no serious claim can be made

that respondent was in any sense "railroaded" by a premature motion for summary judgment.

Any potential problem with such premature motions can be adequately dealt with under Rule

56(f) which allows a summary judgment motion to be denied, or the hearing on the motion to

be continued, if the nonmoving party has not had an opportunity to make full discovery").  In

this case, the Defendants are confronted with a summary judgment motion by the same

Plaintiffs who have failed to comply with legitimate and material discovery requests, forcing

the Defendants to file three (3) Motions to Compel and yet now these same Plaintiffs seek

premature summary judgment.   It would be "railroading" in the sense meant by the Supreme

Court in *Celotex Corp v. Catrett as* well as a violation of the Defendants' Seventh

Amendment protections not to grant an extension to respond to the Plaintiffs' Summary

Judgment Motion until the Defendants can obtain the material factual discovery they have

timely and properly requested during a short discovery period or at least to obtain a ruling

from the Court on their three (3) Motions to Compel.

WHEREFORE, the defendants Carneiro Donuts, Inc. and Manuel M. Carneiro

ask this Honorable Court to:

1. Extend the deadline for the Defendants' opposition and response to the Plaintiffs'
   Motion for Summary Judgment from 12/23/05 until 10 days after receiving the
   last of  the documents and interrogatories the Court orders the Plaintiffs to
   produce as a result of the three (3) timely filed Defendants' Motions to Compel
   referred to above – and/or

2. In the event that the Court denies all of the Defendant's Motions to Compel,
   extend the deadline for the Defendants' opposition and response to the Plaintiffs'
   Motion for Summary Judgment from 12/23/05 until 10 days after the Court rules
   on the last of the three (3) timely filed Defendants' Motions to Compel– or

3. Direct the parties, pursuant to Fed. R. Civ. P. 16, to appear before the Court for a
   conference to resolve the issues raised by this Motion as well as the outstanding
   Motions to Compel and also to review the present trial schedule to ensure the
   expeditious but just disposition of this action.

4.  Grant other such relief as the Court deems just and proper.

Respectfully,
MANUEL M. CARNEIRO
CARNEIRO DOUNTS, INC.
By their Attorney,


/s/ Kevin R. McCarthy
Kevin R. McCarthy
(BBO # 640788)
155 Fairoaks Lane
Cohasset, Ma  02025
781-383-0639

Date:   December 10, 2005


# CERTIFICATE OF SERVICE

I, Kevin R. McCarthy, certify that on this date I served a true copy the foregoing MEMORANDUM OF DEFENDANTS IN SUPPORT OF DEFENDANTS' MOTION TO EXTEND THE SUMMARY JUDGMENT RESPONSE TIME PURSUANT TO FED. R. CIV. P.  56 (f) to counsel for all parties by electronic means (CM/ECF) to Jack J. Mikels, counsel for the plaintiff, at Jack Mikels and Associates LLP, 1 Batterymarch Park, Suite 309, Quincy, MA 02169.

Date:  December 10, 2005

/s/ Kevin R. McCarthy
Kevin R. McCarthy


# LOCAL RULE 7.1 (A) (2) and 37(1)(B) CERTIFICATION

I, Kevin R. McCarthy, counsel for the defendants, do hereby certify pursuant to Local Rule 7.1 (A) (2), that prior to filing this motion I conferred by phone on December 9, 2005 with Michael Wirtz, counsel for the Plaintiffs, in an effort to resolve or narrow the issues raised by this Motion and that, pursuant to Local Rule 37 (1) (B), I conferred in good faith in an effort to resolve the issues without Court action but these efforts failed.

/s/ Kevin R. McCarthy
Kevin R. McCarthy

Date:  December 10, 2005