UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOWEN INVESTMENT, INC. <br> HONEY DEW ASSOCIATES, INC. <br>     Plaintiffs and Counterdefendants <br> <br> v. <br> <br> CARNEIRO DONUTS, INC and <br> MANUEL M. CARNEIRO <br>     Defendants and Counterclaimants | C.A. No. 05 – 11709 NMG <br><br> Judge Nathaniel M. Gorton |

### RULE 56 (F) AFFIDAVIT OF DEFENDANT MANUEL M. CARNEIRO

I, Manuel M. Carneiro, being under oath depose and state as follows:

1. I am the individual defendant in the present case.

2. Carneiro Donuts Inc. ( "CDI)" is a Rhode Island corporation with a place of business as a Honey Dew/Bowen Investment franchise shop at 460 Allens Ave., Providence, RI, 02905.

3. I am the owner and principal of CDI.

4. This affidavit is made in support of DEFENDANTS' MOTION TO EXTEND SUMMARY JUDGMENT RESPONSE TIME PURSUANT TO RULE 56 (f).

5. I believe that the three (3) Motions to Compel which I filed on 11/17/05, 11/24/05 and 11/30/05 will yield material and relevant facts which will allow me to adequately and properly oppose the Plaintiffs' Motion for Summary Judgment filed on December 9, 2005. These Motions are entitled:

    a. MOTION OF DEFENDANTS CARNEIRO DONUTS, INC. AND MANUEL M. CARNEIRO TO COMPEL PLAINTIFFS' ANSWERS TO INTERROGATORIES RELATED TO THE PLAINTIFFS' PRESENT AND PAST HISTORY OF LITIGATION.

    b. MOTION OF DEFENDANTS CARNEIRO DONUTS, INC. AND MANUEL M. CARNEIRO TO COMPEL PLAINTIFFS' PRODUCTION OF DOCUMENTS RELATED TO THE PLAINTIFFS' PRESENT AND PAST HISTORY OF LITIGATION.

    c. MOTION OF DEFENDANTS CARNEIRO DONUTS, INC. AND MANUEL M. CARNEIRO TO COMPEL PRODUCTION OF DOCUMENTS RELATED TO THE SUBFRANCHISE AGREEMENT AND THE LEGAL RELATIONSHIP BETWEEN THE PLAINTIFFS.

I believe that these three (3) Motions and their rationale provide a more than sufficient articulation that previously undisclosed facts exist regarding the past litigation history of the Plaintiffs as well as previously undisclosed material facts relating to their legal relationship – all of which I believe are central and material to my opposition to the Plaintiffs' Motion for Summary Judgment.

6. Additionally, I believe that if the requested discovery is granted, these three (3) Motions to Compel will yield new evidence which will create the following trial-worthy issues:

    a. The 11/17/05 Motion for litigation answers should yield the Plaintiffs' disclosure of claims and/or counterclaims which should have been disclosed

in the 2/06/04 and 2/06/03 Offering Circulars they provided me and which would be important and material evidence for me to use in my Opposition to their Motion for Summary Judgment as well as in proving my Counterclaims. Once disclosed, the Defendants' knowledge and intent to make material misrepresentations will be trial-worthy issues as well as would be their negligence in this matter.

b. The 11/24/05 Motion for past litigation documents should provide undisclosed evidence regarding past claims and/or counterclaims which should have been disclosed in the 2/06/04 and 2/06/03 Offering Circulars they provided me and which would be important and material evidence for me to use in my Opposition to their Motion for Summary Judgment as well as in proving my Counterclaims. Once disclosed, the Defendants' knowledge and intent to make material misrepresentations should be trial-worthy issues as well as would be their negligence in this matter.

c. The 11/30/05 Motion regarding the presently unproduced subfranchise agreement would yield material evidence regarding the nature and existence or non-existence of Bowen Investment, Inc. as a legal, valid and proper subfranchisor. Once this document is produced, the Defendants' knowledge, intent and perhaps negligence regarding their representations that Bowen Investment, Inc. is, in fact, a subfranchisor of Honey Dew Associates, Inc. should be trial-worthy issues. Material factual issues surrounding this presently unproduced agreement by which Bowen Investment operates in Rhode Island and is allegedly granted the right to be a subfranchisor should

3

      also be trial-worthy. For example, if Bowen Investment, Inc. is shown not to actually be a subfranchisor of Honey Dew Associates, Inc. then I will prevail in my Counterclaims regarding the Plaintiff's alleged misrepresentations and failure to properly register in Rhode Island.

7.     As the three (3) above noted Motions to Compel clearly demonstrate, I have done all I can to obtain this important discovery and now just need the Court to grant the requested additional time for the Court to review and Rule on my Motions so I may obtain the clearly identified material discovery needed to oppose the Plaintiffs' Motion for Summary Judgment or, if my Motions are denied, to proceed with my Opposition to the Plaintiffs' Motion for Summary Judgment.

Signed under the penalties of perjury this 10th day of December, 2005.

*/s/ Manuel M. Carneiro*

Manuel M. Carneiro

4