UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.  05-11709-NMG

| |
|---|
| BOWEN INVESTMENT, INC. and<br>HONEY DEW ASSOCIATES, INC.,<br>            Plaintiffs,<br>v.<br><br>CARNEIRO DONUTS, INC. and<br>MANUEL M. CARNEIRO,<br>                    Defendants. |

**OPPOSITION TO MOTION OF DEFENDANTS CARNEIRO DONUTS, INC. AND
MANUEL M. CARNEIRO TO COMPEL PRODUCTION OF DOCUMENTS RELATED
TO THE SUBFRANCHISE AGREEMENT AND THE LEGAL RELATIONSHIP
BETWEEN THE PLAINTIFFS**

The Defendants' motion to compel Honey Dew Associates, Inc. ("HDA") to produce

documents should be denied as no information pertinent to the issues of this case or the legal

relationship between the Plaintiffs has been improperly withheld.  The Offering Circular that was

received by the Defendants and the Franchise Agreement that the Defendants signed clearly

disclose that Bowen Investment, Inc. ("BII") operates as a franchisor in Rhode Island pursuant to

an agreement with HDA, the owner of the Honey Dew name.  The Defendants assert no claim or

affirmative defense putting into question the validity or existence of the subfranchise agreement

between the Plaintiffs.  Instead, Defendants argue that production of the information is necessary

because their counterclaim asserts that HDA is not properly registered as a franchisor in Rhode

Island, an undisputed fact, that the Defendants purport to be a violation of the Rhode Island

Franchise Investment Act (the "Act").[1]  Even if HDA's non-registration did violate the Act, the

Defendants have no contractual relationship with HDA and thus they have no private right of

action against HDA under the Act.   HDA's objections must be sustained.

---

[1] HDA's non-registration is also disclosed in the Offering Circular that the Defendants received eight months prior
to signing the Franchise Agreement.  The fact is undisputed.

I.    **Background**

BII is engaged in the franchising of Honey Dew Donuts® shops in Rhode Island.  It

licenses such franchises pursuant to an agreement with HDA, the owner of the Honey Dew

proprietary marks and the system by which the franchises operate.   The agreement between

HDA and BII is disclosed in the Offering Circular that the Defendants received more than eight

months prior to signing the Franchise Agreement.  The Offering Circular also discloses that

HDA is not registered to franchise shops in Rhode Island and discloses the ownership and

relationship of the Plaintiffs.[2]

The Plaintiffs' claims in this action are based on the terms of Defendant, Carneiro

Donuts, Inc.'s ("CDI"), Franchise Agreement with BII, which necessarily assumes that BII is a

subfranchisor of HDA by the execution of said Franchise Agreement.[3]  Plaintiffs initiated this

action against the Defendants[4] seeking injunctive relief and damages including post-termination

royalties and advertising fees.   After approximately nine months of operations, BII formally

terminated the Franchise Agreement due to repeated failures in making timely payments and

meeting inspectional standards as required under the Franchise Agreement.  Defendants refused

to cease operations and vacate the underlying Honey Dew Donuts® shop which is owned by BII.

On October 7, 2005, this Court issued a Preliminary Injunction ordering closure of the business

pending further order of the Court, upon a finding that Plaintiffs are likely to succeed on the

---

[2] More specifically, the Offering Circular discloses that the owner of HDA is also an owner of BII, that the owner is not an officer or director of BII nor involved in the management or day to day activities of BII but that his partial ownership may give him the right to do so.  The Offering Circular also discloses that HDA and BII may be considered to be under "common control" and may be considered "affiliates" for the purposes of the offering circular.

[3] The first page of the Franchise Agreement also includes detailed disclosures concerning HDA's development and ownership of the unique and uniform system and trademarks relating to the Honey Dew Donuts business, that under contract allows BII to franchise.

[4] CDI's principal and owner, Manuel M. Carneiro ("Carniero"), is a Defendant to this action as he has agreed to be jointly and severally liable to BII for CDI's obligations pursuant to a written Liability Agreement.

merits and would otherwise suffer irreparable harm.  Following the issuance of the preliminary

injunction, the Defendants asserted that the underlying franchise transaction was illegally and

fraudulently induced because of the Plaintiffs' violations of Rhode Island franchise law.[5]   One

of the Defendants' purported claims is that HDA failed to register as a franchisor in Rhode

Island.

The Defendants allege in their instant motion that the disputed discovery relates to their

non-registration claim against HDA.  The four document requests and HDA's objections are as

follows:

> **Request No. 23:** Copies of any documents which describe the responsibilities
> or provide guidance to a Honey Dew subfranchisor with regard to the
> subfranchisor's obligations, rights and duties as a Honey Dew subfranchisor.
>
> **Response:**  Plaintiff, Honey Dew Associates, Inc. objects to this Request as it
> seeks documents and information that are irrelevant and not reasonably
> calculated to lead to the discovery of admissible evidence in this case.
>
> **Request No. 24:** Copy of the subfranchise agreement between HDA and BII.
>
> **Response:**  Plaintiff, Honey Dew Associates, Inc. objects to this Request as it
> seeks documents and information that is not reasonably calculated to lead to
> the discovery of admissible evidence in this case.
>
> **Request No. 25:** Copy of any document, contract or agreement between BII and
> HDA which relates to the relationship of BII to HDA as a subfranchisor.
>
> **Response:**  Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks
> irrelevant information that is not reasonably calculated to lead to the discovery of
> admissible information.
>
> **Request No. 26:** Copies of any document which relates to HDA's grant to BII
> the right of BII to operate in the state of Rhode Island.
>
> **Response:**  Plaintiff, Honey Dew Associates, Inc. objects to this Request as it seeks
> irrelevant information that is not reasonably calculated to lead to the discovery of
> admissible information.

---

[5]The Defendants assert a number of counterclaims including breach of contract, breach of the warranty of good faith
and fair dealing, fraud through material misrepresentation and failure to disclose material facts, and violations of the
Rhode Island Franchise Investment Act and Mass. G.L. c. 93A

## II.    Argument

Local Rule 26.1(C) limits the permitted requests for production of documents to 2 sets per each side.   Defendants have served <u>double</u> the allotted number of sets on the Plaintiffs, there were 4 sets in total amounting to over <u>104</u> individual Requests (not including subparts.)  Since trial in this case is on an expedited schedule and the Plaintiffs wanted to avoid protracted discovery disputes, they objected generally to the excessive sets that had been served on them by the Defendants, and responded or objected to all of the 104+ Requests.

The agreement between the Plaintiffs whereby BII may act as a subfranchisor on behalf of HDA in Rhode Island will not to lead to relevant information in this case to support any claim or counterclaim in this action.[6]   The fact that there is an agreement between the Plaintiffs and that HDA is not registered as franchisor in Rhode Island are undisputed and have was disclosed to the Defendants well in advance of the signing of the Franchise Agreement (8 months).  The Defendants have asserted no counterclaims or affirmative defenses putting into question the status of BII as a franchisor of HDA.  Production of the requested document will add nothing to the Defendants' claim nor will it lead to the discovery of admissible evidence in this case.

Furthermore, with respect to the Defendants' argument that the discovery relates to their claim against HDA under the Rhode Island Franchise Investment Act (the "Act"), Defendants have no contractual relationship with HDA and thus have no private right of action against HDA under the Act.  According to R.I. Gen. Laws Section 19-28.1-5, "it is unlawful for any person to offer or sell a franchise unless the offer is registered under the Act or is exempt from registration under § 19-28.16."  CDI obtained a franchise from BII and had no direct relationship with HDA.

---

[6] Not only is the information requested completely irrelevant, the Plaintiffs consider it be confidential and proprietary business information.

Since, as to CDI, HDA did not engage in offering or selling a franchise, no claim exists nor should one have been asserted.   HDA's objections are appropriate.[7]

WHEREFORE, for the foregoing reasons, the Plaintiffs hereby request that this Honorable Court deny the Defendants' motion to compel and sustain the objections of Honey Dew Associates, Inc.


                                             BOWEN INVESTMENT, INC.
                                             HONEY DEW ASSOCIATES, INC.,
                                             By their Attorneys,

Date: December 14, 2005            /s/ Michael A. Wirtz

                                             _____
                                             Jack J. Mikels, BBO# 345560
                                             Michael A. Wirtz, BBO# 636587
                                             Janell E. De Gennaro, BBO #656306
                                             JACK MIKELS & ASSOCIATES, LLP
                                             1 Batterymarch Park, Suite 309
                                             Quincy, MA  02169-7454
                                             Tel:  617.472.5600

BII\Lit\Carneiro\Plead\Opp-CompelSFA

---

[7] Furthermore, in the course of the Local Rule 7.1 conference with Defendants' counsel, he could not articulate one reason why the so called subfranchise agreement between BII and HDA were relevant to the outcome of this case.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.  05-11709-NMG

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
                    Plaintiffs,
v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
                         Defendants.

CERTIFICATE OF SERVICE

I, Michael A. Wirtz, hereby certify that a true and complete copy of the Opposition to

Motion of Defendants Carneiro Donuts, Inc, and Manuel M. Carneiro to Compel Production of

Documents Related to the Subfranchise Agreement and the Legal Relationship Between the

Plaintiffs was served this day via electronic means available under CM/ECF to counsel for the

Defendants, Kevin R. McCarthy, 155 Fairoaks Lane, Cohasset, MA 02025,

kemccar68@comcast.net.

Signed under the pains and penalties of perjury this 14th day of December, 2005.

/s/ Michael A. Wirtz

_____
Michael A. Wirtz

BII\Lit\Carneiro\Plead\Opp-CompelSFA