UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.  05-11709-NMG

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
                Plaintiffs,
v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
                Defendants.

## OPPOSITION TO DEFENDANTS' MOTION TO EXTEND SUMMARY JUDGMENT RESPONSE TIME PURSUANT TO RULE 56(f)

The Defendants' Motion to Extend the Deadline to Oppose Summary Judgment should be denied.  Firm deadlines were established in this case due to the expedited trial schedule.  Defendants seek additional time to respond due to its filing three motions to compel discovery.  In the interim, two of those motions have been denied.  The third motion was partly allowed, and, while Plaintiffs have been required to produce a single document, that document is irrelevant to the summary judgment motion.

Plaintiffs have been ordered to produce the Subfranchise Agreement between them, and production is not required until after the deadline for Defendants to respond to summary judgment.  The Defendants' claim damages because Honey Dew Associates, Inc. (HDA) is not registered as a subfranchisor in Rhode Island.  HDA seeks summary judgment on the claim on the grounds that, since they have no direct contractual relationship with the Defendants, Rhode Island law does not permit Defendants to make their claim.  The contents of the document required to be produced are irrelevant to that dispute.  Rhode Island law either permits or does not permit the claim, as a matter of law.  No delay in the summary judgment schedule is warranted.

The Rule 56(F) Affidavit of Defendant Manuel M. Carneiro (the "Defendants' Rule 56(f) Affidavit") does not present a justification to delay the summary judgment proceedings. In further support of this opposition, the Plaintiffs' state the following:

## I. Background

This is a franchise case, whereby the defendant franchisee, Carneiro Donuts, Inc. ("CDI") was terminated by the plaintiff franchisor, Bowen Investment, Inc.("BII") following a series of failed operational inspections and failures to make timely weekly royalty, rent and advertising fee payments, as required by the Franchise Agreement. BII franchises Honey Dew Donuts® Shops in Rhode Island and was CDI's franchisor.

On October 7, 2005, this Court granted the Plaintiffs' Motion for Preliminary Injunction ordering the Defendants to cease business operations of their Honey Dew Donuts® Shop and set an expedited trial for January 17, 2006. Pre-trial deadlines were scheduled accordingly, including dates for completion of discovery and filing of dispositive motions and oppositions. After issuance of the injunction, the Defendants asserted a number of counterclaims and affirmative defenses claiming that the underlying franchise transaction was illegally and fraudulently induced because of the Plaintiffs violations of Rhode Island franchise law.[1] Having no factual basis for their claims, Defendants attempted to utilize discovery as a fishing expedition in hopes of finding facts to support their assertions.[2]

---

[1] Defendants' counterclaims include breach of contract, breach of the warranty of good faith and fair dealing, fraud through material misrepresentation and failure to disclose material facts, and violations of the Rhode Island Franchise Investment Act and Mass. G.L. c. 93A.

[2] Defendants' Rule 26 Disclosure Statements identified six fact witnesses who supposedly had knowledge of "all claims, counterclaims or defenses in this action". All six witnesses were deposed -- not a single one of them had knowledge of the factual basis of the Defendants' counterclaims regarding alleged registration violations nor any alleged misrepresentation.

2

The Defendants filed three motions to compel discovery from the Plaintiffs; two of the motions sought to compel information regarding the Plaintiffs' litigation history, the third one sought production of the Plaintiffs' Subfranchise Agreement.[3] On December 9th, Plaintiffs filed a timely motion for summary judgment as to liability against the Defendants on the Plaintiffs' Verified Complaint and also as to all Counterclaims. Defendants failed to make their own Motion for Summary Judgment. Instead, on December 10th, Defendants filed the instant motion seeking to extend the December 23rd deadline to oppose Plaintiffs' summary judgment motion pending the Court's ruling on the three motions to compel. On December 19th the Court issued an Order on the Defendants' discovery motions, the two motions regarding Plaintiffs' litigation history were denied and the third regarding production of the Subfranchise Agreement was allowed. Per the Order, production of the Subfranchise Agreement is due on or before January 3rd (after the existing deadline to oppose summary judgment expires). The terms of the Subfranchise Agreement should not be an impediment to the Defendants' ability to oppose summary judgment. No extension is necessary.

**II. Argument**

Discovery "may not be used as a 'fishing expedition to discover additional instances of wrongdoing beyond those already alleged.'" In re Pe Corporation Securities Litig. 221 F.R.D. 20, 23 (D. Conn. 2003); quoting Tottenham v. TransWorld Gaming Corp., 2002 U.S. Dist. Lexis 11313 (S.D.N.Y. June 21, 2002). There is no requirement in Rule 56 of the Federal Rules of Civil Procedure that summary judgment be delayed until discovery is complete. See, e.g. Brown v. Chaffee, 612 F.2d 497, 504 (10th Cir. 1979); see also Miller v. United States, 710 F.2d 656,

---

[3] More specifically the three motions were as follows: (i) On November 17th the Defendants moved to compel answers to interrogatories related to Plaintiffs' present and past history of litigation. This Motion was denied; (ii) On November 24th the Defendants moved to compel production of documents related to the Plaintiffs' present and past history of litigation. This Motion was denied; and (iii) On November 30th the Defendants moved to compel HDA to produce documents related to the Subfranchise Agreement and the legal relationship between the Plaintiffs.

666 (10th Cir.), cert denied, 464 U.S. 939 (1983).  The function of summary judgment is to sift proofs pro and con as submitted in various affidavits and exhibits, so that determination may be made, without expense and delay of trial, that there are or are not real, as distinct from mere fictitious or paper, issues to be disposed of in traditional manner by trial.  Irving Trust Co. v. United States, 221 F.2d 303 (2nd Cir. 1955); cert denied 350 U.S. 828 (1955).

The Defendants' Rule 56(f) Affidavit demonstrates that, rather than having a claim, the Defendants are attempting to find a claim.  In relevant part, the Defendants' Rule 56(f) Affidavit states:

> "Once [the Subrfanchise Agreement] is produced, the Defendants' knowledge, intent and perhaps negligence regarding their representations that Bowen Investment, Inc. is, in fact, a subfranchisor of Honey Dew Associates, Inc. should be trial worthy-issues.  Material factual issues surrounding this presently unproduced agreement by which Bowen Investment operates in Rhode Island and is allegedly granted the right to be a subfranchisor should also be trial-worthy.  For example, if Bowen Investment, Inc. is shown not to actually be a subfranchisor of Honey Dew Associates, Inc. then I will prevail in my Counterclaims regarding the Plaintiff's alleged misrepresentations and failure to properly register in Rhode Island."

Rule 56(f) Affidavit of Defendant Manuel M. Carneiro at ¶ 6(c).

Defendants argument fails to address the sole issue raised on summary judgment, i.e., that under Rhode Island law, the absence of a contractual relationship between HDA and Defendants precludes this non-registration claim under Rhode Island law.  The contents of the Subfranchisee Agreement would have no relevant to that argument.

Clearly, the Defendants are seeking discovery to *create* a claim.  Defendants' Rule 56(f) Affidavit lacks a factual basis essential to justify an extension of the opposition deadline.  See Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 391 (D.P.R. 1981) (Defendant's suggestion that he might discover evidence sufficient to defeat plaintiff's motion for summary judgment by cross-examining defendant's affiants constitutes inadequate response.)

4

All issues of liability in this case are ripe for summary judgment, including the Defendants' counterclaim against HDA for non-registration as a franchisor under the Rhode Island Franchise Investment Act. Enlarging the opposition deadline until the Subfranchise Agreement is produced is unwarranted.

WHEREFORE, for all of the foregoing reasons, the Defendants' motion to extend summary judgment response time pursuant to Rule 56(f) should be denied.

|  |  |
|---|---|
|  | BOWEN INVESTMENT, INC.<br>HONEY DEW ASSOCIATES, INC.,<br>By their Attorneys, |
| Date: December 21, 2005 | /s/ Michael A. Wirtz<br>_____<br>Jack J. Mikels, BBO# 345560<br>Michael A. Wirtz, BBO# 636587<br>Janell E. De Gennaro, BBO #656306<br>JACK MIKELS & ASSOCIATES, LLP<br>1 Batterymarch Park, Suite 309<br>Quincy, MA  02169-7454<br>Tel:  617.472.5600 |

BII\Lit\Carneiro\Plead\Opp-MoExtnd2.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.  05-11709-NMG

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
          Plaintiffs,
v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
          Defendants.

## CERTIFICATE OF SERVICE

I, Michael A. Wirtz, hereby certify that a true and complete copy of the Opposition to Defendants' Motion to Extend Summary Judgment Response Time Pursuant to Rule 56(f) was served this day via electronic means available under CM/ECF to counsel for the Defendants, Kevin R. McCarthy, 155 Fairoaks Lane, Cohasset, MA 02025, kemccar68@comcast.net.

Signed under the pains and penalties of perjury this 21rd  day of December, 2005.


          /s/ Michael A. Wirtz
          _____
          Michael A. Wirtz


BII\Lit\Carneiro\Plead\Opp-MoExtnd3.doc