UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. NO. 05-11709 NMG

BOWEN INVESTMENT, INC. and HONEY
DEW ASSOCIATES, INC.,
              Plaintiffs,
v.

CARNEIRO DONUTS, INC., and MANUEL
M. CARNEIRO,
              Defendants.

### REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

In opposing Plaintiffs' Motion for Summary Judgment, Defendants admit payment defaults and admit receipt of contractual Notices of Default, but contend that all payment defaults were timely cured. <u>Opposition</u>, pages 1-7.   Summary judgment is appropriate because (i) Defendants' assertion of a factual dispute relies on incomplete facts and a distorted history of events- in fact, the payment defaults were not timely cured; and (ii) termination was also based on the *issuance* of three notices of default in a one year period, <u>regardless of whether those defaults were timely cured.</u>  Therefore, summary judgment is appropriate as to liability as to Count I (pre-termination damages) and Count III (post-termination damages) of the Verified Complaint:

    **(a)** <u>**There is no genuine dispute regarding the Notice of Termination.**</u>

In relevant part, Section XX(A)(5) allows the Franchise Agreement to be terminated by BII if the franchisee receives three Notices of Default in any twelve month period, regardless of whether or not the defaults were corrected.  <u>Verified Complaint</u>, at ¶ 20 and Tab B at page 25.  It is undisputed

that CDI received three Notices of Default within a twelve month period for payment violations.[1] The three Notices of Default for payment violations are dated January 27, 2005, February 22, 2005 and May 27, 2005.  Second Affidavit of Robert P. Bowen ("Robert Bowen Aff.") at ¶7. Accordingly, no genuine dispute exists as to the issue of termination.[2]

### (b)  There is no genuine dispute regarding a failure to cure the Notices of Default.

The Franchise Agreement provides in Section XX(A)(3) that, to cure a Notice of Default for nonpayment of sums due, CDI must pay all overdue amounts specified in the Notice of Default, *all payments which have come due since the issuance of the Notice of Default*, all interest at 18% from the due date to the date paid, and all reasonable costs and fees resulting from the late payment including reasonable counsel fees and costs of collection. Verified Complaint, ¶19.

There is no dispute that CDI failed to pay the default interest, costs and fees resulting from its payment violations including reasonable counsel fees and costs of collection as required per the Franchise Agreement.[3]  Accordingly, there is no genuine dispute that the defaults cited in any of the Notices of Default were timely cured.

Moreover, issues of interest and costs aside, there is no specification by the Defendants stating any date, within any cure period, at which their weekly payments were up to date, not

---

[1] Actually, CDI received <u>five</u> notices of default within a <u>nine month</u> period.  Two of the Notices of Default pertain to failures to meet inspections for which a passing grade is required.  Verified Complaint ¶¶23, 24 and 29.  As the inspectional failure may have contested issues of material fact, they have been deliberately excluded from summary judgment consideration by the Plaintiffs.

[2] Defendants Opposition ignores this fact even though it is addressed in Plaintiffs' Memorandum in Support of Summary Judgment at page 5.

[3] The Notice of Default expressly states that said sums are due.  Verified Complaint, at Tab H.

only for the weeks in default when the notice of default was issued, but actually up to date on the date of cure. As Plaintiffs have alleged that no timely cure was made, it is the Defendants' burden to specify the date and payments which cured any of the default notices. They have provided no such specification.

                                       The Plaintiffs,

                                       BOWEN INVESTMENT, INC.
                                       HONEY DEW ASSOCIATES, INC.,
                                       By their Attorneys,

Date: January 6, 2005            /s/ Michael A. Wirtz
                                       _____
                                       Jack J. Mikels, BBO# 345560
                                       Michael A. Wirtz, BBO# 636587
                                       JACK MIKELS & ASSOCIATES, LLP
                                       1 Batterymarch Park, Suite 309
                                       Quincy, MA  02169-7454
                                       Tel:  617.472.5600

BII/Litigation/Carneiro/Pleadings/SJ/Reply SJ.doc2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11709-NMG

| |
|---|
| BOWEN INVESTMENT, INC. and HONEY DEW ASSOCIATES, INC., Plaintiffs, v. CARNEIRO DONUTS, INC. and MANUEL M. CARNEIRO, Defendants. |

CERTIFICATE OF SERVICE

I, Michael A. Wirtz, hereby certify that a true and complete copy of Reply to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment. was served this day via electronic means available under CM/ECF to counsel for the Defendants, Kevin R. McCarthy, 155 Fairoaks Lane, Cohasset, MA 02025, kemccar68@comcast.net.

Signed under the pains and penalties of perjury this 6th day of January, 2005.

/s/ Michael A. Wirtz
───────────────────────────
Michael A. Wirtz