United States District Court
District of Massachusetts

| | |
|---|---|
| BOWEN INVESTMENT, INC. and<br>HONEY DEW ASSOCIATES, INC.,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>CARNEIRO DONUTS, INC. and<br>MANUEL M. CARNEIRO,<br><br>　　　　Defendants. | Civil Action No.<br>05-11709-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

　　Plaintiffs Bowen Investment, Inc. and Honey Dew Associates, Inc. ("the plaintiffs") have alleged that Carneiro Donuts, Inc. and Manuel M. Carneiro ("the defendants"), have committed trademark infringement and wrongfully retained possession of certain of its property. The dispute arises from Plaintiffs' termination of a franchise agreement with defendants. Defendants have filed six counterclaims, including alleged breach of contract and fraud through material misrepresentation.

　　On October 7, 2005, this Court entered a preliminary injunction that enjoined the defendants from occupying and operating the Honey Dew Donuts Shop located at 460 Allens Avenue, Providence, Rhode Island (the "Shop"). The Court ordered the Shop to remain closed for business but possession of the premises

-1-

was not to be transferred pending further order of the Court. The preliminary injunction is effective from October 7, 2005 until the case is decided on the merits or until modified by further order of the Court.

On December 9, 2005, plaintiffs filed a Motion for Summary Judgment with respect to their claims and all of defendants' counterclaims. The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)(quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts

showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

On January 5, 2006, the Court held a pretrial conference at which it allowed counsel for the parties to present brief oral argument on plaintiffs' motion. After hearing oral argument and reviewing memoranda in support of and opposition to the motion, the Court finds that summary judgment is inappropriate on all claims.

Too many questions of material fact remain for this Court to find that there is no need for a trial and that plaintiffs are entitled to judgment as a matter of law. With respect to the plaintiffs' claims, it is unclear whether plaintiffs timely cured their defaults and whether the contractual agreement between the parties was a product of fraud. With respect to defendants' counterclaims, there are genuine, triable issues on plaintiffs' litigation history, equipment financing and the haphazard legal relationship between Bowen Investment, Inc. and Honey Dew

Associates, Inc. In light of these material factual disputes, summary judgment is unwarranted.

### ORDER

In accordance with the foregoing, Plaintiffs' Motion for Summary Judgment (Docket No. 31) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 6, 2006