UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. NO. 05-11709 NMG

BOWEN INVESTMENT, INC. and HONEY
DEW ASSOCIATES, INC.,
                          Plaintiffs,

v.

CARNEIRO DONUTS, INC., and MANUEL
M. CARNEIRO,
                          Defendants.

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

Plaintiffs, Honey Dew Associates, Inc. and Bowen Investment, Inc. propose the

following instructions be posed to the jury.  Plaintiffs reserve the right to supplement and/or

revise these instructions prior to the Court's charge of the jury.

Respectfully submitted,

Plaintiffs,
Bowen Investment, Inc.
Honey Dew Associates, Inc.
By their Attorneys,

Dated: January 10, 2006          /s/ Michael A. Wirtz

_____
Jack J. Mikels - BBO# 345560
Michael A. Wirtz BBO# 636587
JACK MIKELS & ASSOCIATES, LLP
1 Batterymarch Park, Suite 309
Quincy, MA  02169-7454
Tel:  617.472.5600

f.amik.BII/lit/Carniero/Trial/Jury Instruct

PLAINTIFFS' INSTRUCTION NO. 1
(Burden of Proof)

In a civil case the burden of proof is on the party who is bringing the claim or counterclaim.  The general rule in a civil case the burden of proof is on the party bringing the claim or in bringing the counterclaim to support, to convince  you of either his claim or his counterclaim, to have a jury verdict in his favor on a counterclaim or claim, the party bringing that counterclaim or claim must convince you to an actual belief in the truth of the elements of that claim or counterclaim on a more likely than not basis.  That's the standard applied in civil cases.  Certainty is not required.  There may be some remaining doubts.  You must be convinced of the truth of the  elements of the claim or counterclaim on a more likely than not standard.

A proposition is proved by a preponderance of the evidence if, after you have weighed the evidence, that proposition is made to appear more likely or probable in the sense that there exists in your minds an actual belief in the truth of that proposition derived from the evidence, notwithstanding any doubts that may still linger in your minds.

Simply stated, a matter has been proved by a preponderance of the evidence if you determine, after you have weighed all of the evidence that the matter is more probably true than not true.

Sargent v. Massachusetts Accident Co., 307 Mass. 246, 250, 29 N.E.2d 825, 827 (1940).  See also Lisbon v. Contributory Ret. App. Bd., 41 Mass.App.Ct. 246, 670 N.E. 2d 392 (1996).

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 2
(Credibility of Witnesses)

It will be your duty to decide any disputed questions of fact. You will have to determine which witnesses to believe, and how much weight to give their testimony. You should give the testimony of each witness whatever degree of belief and importance that you judge it is fairly entitled to receive. You are the sole judges of the credibility of the witnesses, and if there are any conflicts in testimony, it is your function to resolve those conflicts and determine where the truth lies.

You may believe everything a witness says, or only part of it. When you disbelieve a witness, it just means that you have to look elsewhere for credible evidence about that issue.

In deciding whether to believe a witness and how much importance to give a witness's testimony, you must look at all of the evidence, drawing on your own common sense and experiences in life. Often it may not be *what* a witness says, but *how* he or she says it that might give you a clue whether or not to accept his or her version of an event as believable. You may consider a witness's character, his or her appearance and demeanor on the witness stand, his or her frankness or lack of frankness in testifying, whether his or her testimony is reasonable or unreasonable, probable or improbable. You may take into account how good an opportunity he or she had to observe the facts about which he or she testifies, the degree of intelligence he or she shows, and whether his or her memory seems accurate.

You may also consider his or her motive for testifying, whether or not he or she has an interest in the outcome of the case.

Commonwealth v. Widrick, 392 Mass. 884, 888 (1984); Commonwealth v. Clary, 388 Mass. 583, 589 (1983); Commonwealth v. Hill, 387 Mass. 619, 623-24 (1982); Commonwealth v. Haywood, 377 Mass. 755, 765 (1979); Commonwealth v. Fitzgerald, 376 Mass. 402, 411 (1978); Commonwealth v. Dabrieo, 370 Mass. 728, 734 (1976); Lupia v. Marino, 353 Mass. 749, 749 (1967) (rescript opinion); Commonwealth v. Sabean, 275 Mass. 546, 550 (1931); Commonwealth v. Bishop, 9 Mass.App,Ct. 468, 471 (1980).

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 3
(Inferences)

An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Inferences are things you do every day: little steps in reasoning, in which you take some known information, apply your experience in life to it, and then draw a conclusion.

You may draw an inference even if it is not necessary or inescapable, so long as it is reasonable and warranted by the evidence.

*Example:*

Let me give you an example of what an inference is. If your mailbox was empty when you left home this morning, and you find mail in it when you go home tonight, you may infer than the mailman delivered the mail. Now, obviously, you did not see the mailman deliver the mail, but from the fact that it was empty this morning and is filled tonight, you can properly infer that the mailman came in the interim and delivered the mail. That is all that we mean by an inference.

(It is proper to use an illustration to explain the concept of inference.) Commonwealth v. Shea, 398 Mass. 264, 271, 496 N.E.2d 631, 635 (1986).

Commonwealth v. Niziolek, 380 Mass. 513, 404 N.E. 2d 643 (1980), habeas corpus denied sub nom. Niziolek v. Ashe, 694 F.2d 282 (1st Cir. 1982).

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 4
(Impeachment by Prior Inconsistent Statement)

When you evaluate how reliable a witness's testimony is, you may take into account whether that witness made an earlier statement that differs in any significant way from his/her present testimony at trial. It is for you to say how significant any difference is. The earlier statement is *not* itself evidence of any fact that is mentioned in it.

To repeat, if a witness's earlier statement is not consistent with his/her present testimony, you may take that into account when you determine how much belief to give that witness's present testimony from the witness stand. The prior statement is relevant *only* as to the witness's creditability and you may not take it as proof of any fact contained in it.

Commonwealth v. Repoza, 382 Mass. 119, 131, 414 N.E.2d 591, 598 (1980); Commonwealth v. Paradiso, 368 Mass. 205, 208 n.2, 330 N.E.2d 825, 827 n.2 (1975); Commonwealth v. Bailey, 12 Mass.App.Ct. 104, 106 n.2, 421 N.E.2d 791, 793 n.2 (1981).

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 5
(Discrepancies in Testimony)

Where there are inconsistencies or discrepancies in a witness's testimony, or between the testimony of different witnesses that may not cause you to discredit such testimony.

Innocent mistakes of memory do happen – sometimes people forget things, or get confused, or remember an event differently.  In weighing such discrepancies, you should consider whether they involve important facts or only minor details, and whether the discrepancies result from innocent lapses of memory or intentional falsehoods.

United States v. Jones, 880 F.2d 55, 67 (8th Cir. 1989); Charrow & Charrow, "Making Legal Language Understandable:  A Psycholinguistic Study of Jury Instructions," 79 Colum.L.Rev. 1306, 1345-46 (1979); Manual of Jury Instructions for the Ninth Circuit, Instruction 3.08 (West 1985 ed.).

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 6
(Contract)

A contract is a promise, or a set of promises, between two or more parties to do or not do a certain thing. If the parties enter a written contract as a basic general rule the writing defines the terms of what they've agreed to. The Franchise Agreement and the Lease dated June 1, 2004 between Bowen Investment, Inc. (hereafter "Bowen Investment") and Carneiro Donuts, Inc. (hereafter "Carneiro Donuts") are contracts. You the jury should rely on the writing in deciding what are the terms of those contracts.

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 7
(Contract)

As a matter of law, a contract will not be set aside on the ground of hardship imposed upon one of the contracting parties, and the parties are bound by the terms of their own contracts even if a bad bargain has been made.  Nor will a contract be set aside because one of the parties makes a substantial profit, the more particularly where he assumed the chances of loss.

Crimins & Pierce Co. v. Kidder Peabody Acceptance Corp., 282 Mass. 367, 185 N.E. 383 (1933); Kelly v. Dimeo, Inc., 31 Mass.App.Ct. 626, 581 N.E. 2d 1316 (1991), *review denied* 412 Mass. 1102, 588 N.E. 2d 691 (1992); *quoting* Crimins.

Chamberlain & Burnham v. Cohn, 261 Mass. 322, 158 N.E. 846 (1927); Hancock Bank & Trust Co. v. Shell Oil Co., 365 Mass. 629, 309 N.E. 2d 482 (1974).

Bell v. Fred T. Ley & Co., 278 Mass. 60, 179 N.E. 294 (1932).

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 8
(Breach of Contract)

A breach of contract is a failure to comply with one or more terms of the contract.  In order to prevail on a breach of contract claim, a party must prove the following four elements by a preponderance of the evidence:

1.     that there is a contract,

2.     that the party performed its obligations under the contract (or  is excused from performance),

3.     that the other party breached the contract, and

4.     that the nonbreaching party suffered damages as a result of the breach of contract.

Shaw's Supermarkets, Inc. v. Delgiacco, 410 Mass. 840, 842, 575 N.E. 2d 1115, 1117 (1991); Barrett Assocs., Inc. v. Aronson, 346 Mass. 150, 152, 190 N.E.2d 867, 868 (1963); Cherry v. Crispin, 346 Mass. 89, 92, 190 N.E. 2d 93, 95 (1963); Fogarty v. Van Loan, 344 Mass. 530, 532, 183 N.E. 2d 111, 112 (1962); Nat'l Shawmut Bank v. Johnson, 317 Mass. 485, 490, 58 N.E. 2d 849, 852 (1945); Metro. Life Ins. Co. v. Burno, 309 Mass. 7, 8-9, 33 N.E. 2d 519, 520 (1941); McCartin v. Westlake, 36 Mass.App.Ct. 221, 630 N.E. 2d 283 (1994); Cassano v. Gogos, 20 Mass.App.Ct. 348, 353, 480 N.E.2d 649, 652 (1985); Nat'l Car Rental Sys., Inc. v. Mills Transfer Co., 7 Mass.App.Ct. 850, 852, 385 N.E.2d 523 (1969); Restatement (Second) of Contracts §§ 159, 162(1)(1981).


_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 9
(Fraud )

In order for Carniero Donuts to recover for fraudulent misrepresentation, it must prove that Bowen Investment made a misrepresentation as to a mater of fact, opinion, intention or law for the purpose of inducing Carniero Donuts to invest and operate a Honey Dew franchise at that location and that Carniero Donuts lost money as a result of its reasonable reliance upon Bowen Investment's misrepresentations.  If you the jury find that the Carniero Donuts did not prove by a preponderance of the evidence that it had a monetary loss as a result of any misrepresentations knowingly made by Bowen Investment that Carniero Donuts reasonably relied on then Carniero Donuts has failed to prove its claim of misrepresentation against Bowen Investment.

Danca v. Taunton Savings Bank, 385 Mass. 1,8, 429 N.E.2d 1129, 1133 (1982) (citations omitted) (Under Massachusetts law, in order to establish a claim for fraudulent misrepresentation, it is incumbent upon a plaintiff to prove that defendant the made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his detriment ) *see also* Turner v. Johnson & Johnson, 809 F.2d 90, 95 (1st Cir., 1986).

Saxon Theatre Corporation of Boston v. Sage, 347 Mass. 662, 666-667, 200 N.E. 2d 241-245 (1964); Kennedy v. Josephthal & Company, Inc. 814 F.2d 798, 805 (1st Cir. 1987) (It is required that the plaintiff's reliance upon the alleged misrepresentation be reasonable.)


_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 10
(Voidable -- Misrepresentation)

A misrepresentation is an assertion that is not true.  In order to find that a misrepresentation was made, you must find that the assertion was a material one of fact. Statements of opinions or statements about the future are not misrepresentations.

In order for the maker of the statement to be liable, the representation had to have been made with knowledge of its falsity or made of the maker's own knowledge in a matter susceptible of knowledge and without the maker having such knowledge.

A misrepresentation is "material" if it is shown that the misrepresentation was one of the principal grounds, though not necessarily the sole ground, that caused the plaintiff to take the particular action the wrongdoer, intended that he or she should take as a result of such representation, and that otherwise (he or she) would not have taken such action.

Restatement (Second) of Torts §538 (2)(a); Coddington Enterprises, Inc. v. Werries, 54 F. Supp. 2d 935, 943 (D. Mo., 1999), citing Houlihan v. Offerman & Co., Inc.  31 F. 3d 692, 695 (8th Cir., 1994); see also Forbes v. Thorpe, 209 Mass. 570, 95 N.E. 955 (1911); Zimmerman v. Kent, 31 Mass.App.Ct. 72, 575 N.E.2d 70 (1991).


_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 11
(Reliance)


Under Massachusetts law, an individual who signs a contract is charged with knowledge

of what it says and is bound by its terms regardless of whether the person reads or understands

those terms.


Tiffany v. Sturbridge Camping Club, Inc., 32 Mass.App.Ct. 173, 587 N.E. 2d 238 (1992);
Kravetz v. U.S. Trust Company, 941 Fed. Supp. 12 95 Dist. Mass. (1996).


_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 12
(Reliance)

A franchisee who continues to operate with knowledge of misrepresentations or violations of franchise law by the franchisor, waive their rights to such claims.    A party may not evidence an intent to perform the contract, despite knowledge of fraud, to selectively add or alter contract terms, while affirming the contract generally.  The Franchisee must elect promptly to get out of the contract or continue with it.  If it elects to continue with the contract, it is subject to all the burdens contained in the contract as well as the benefits.    A franchisee who knowingly operates after obtaining knowledge of fraud or misconduct is barred from attempting to rescind the contract later and is barred from claiming recovery for the fraud or misconduct.


Elias Brothers Restaurants, Inc. v. Acorn Enterprises, Inc., 831 Fed.Supp. 920, (D.Mass. 1993).

Soviero Brothers Contracting Corp. v. City of New York, 142 NYS 2d 508, 415 (App. Div. 1955).

American Nursing Care of Toledo v. Leisure, 609 F.Supp. 419 (D. Ohio, 1984).


_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 13
(Implied Covenant of Good Faith and Fair Dealing)


The law prohibits one from overriding the express contractual provisions of a contract by claiming that the other party did not act with good faith and fair dealing.


General Aviation, Inc. v. Cessna Aircraft Co., 915 F2d 1038, 1041 (6th Cir. 1990); Cook v. Little Ceasar Enters., 210 F.3d 653 (6th Cir. 2000).


_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 14
(Corporations - Defined)


A corporation is a legally created business organization recognized by the law.  With very few exceptions, each corporation is treated as a separate person or a separate party in the law, even if it may be owned by the same person.  Even if two or more corporations all have the same president and owners, the law treats each corporation as separate.



See: Black's Law Dictionary, 1781 (4th ed. Rev. 1968) p. 409.



_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 15
( Representation by Attorney)

If a party in doing business and negotiating a contract or other business activities is represented by an attorney, the attorney's statements are as if the party himself is speaking. If the attorney is representing a corporation, the attorney is speaking for that corporation. So, the attorney's statements speak for the party.

If information or statements are given to an attorney who represents a corporation or a business person, then statements to the attorney who represents a corporation or business person are the same as if the statements were given to that corporation or business person directly.

Levin v. Berley, 728 F.2d 551, 553 (1st Cir., 1984) (Clients are bound by and charged with the knowledge of their counsel) citing Continental Casualty Co. v. United States; 337 F.2d 602, 603 (1st Cir. 1964); Quinn v. Hintlian, 4 Mass. App.Ct. 805, 806, 346 N.E.2d 374, 375 (1976).

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 16
(Trademark Infringement )

This action involves claims for trademark infringement.  A trademark owner and/or

licensee may enforce the right to exclude others from  unauthorized use of the trademark in an

action for infringement.  In this action, Honey Dew Associates, Inc. and Bowen Investment seek

damages against the Defendants, Carneiro Donuts and Manuel Carneiro for infringement on the

trademarks and service marks that are owned by Honey Dew Associates, Inc. because Carneiro

Donuts and Carneiro continued to use the Marks following termination of the Franchise

Agreement.

15 U.S.C.A. §§ 1114 and 1051; <u>S&R Corp. v. Jiffy Lube Int'l, Inc.,</u> 968 F. 2d 371, 376 (3rd Cir.
1992) (holding that franchisee's continued operations and use of the franchisor's trademarks was
an infringement where franchise agreement was properly terminated for franchisee's failure to
pay royalties) <u>Burger King Corp. v. Majeed,</u> 805 F. Supp. 994, 1002 (S.D. Fla. 1992( (noting the
"well-settled doctrine that a terminated franchisee's continued use of its former franchisor's
trademarks, by its very nature constitutes trademark infringement").

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 17
(License )

The owner of a trademark or service mark may enter into an agreement that permits

another person to use the trademark or service mark.  This type of agreement is called a license,

and the person permitted to use the trademark is called the licensee.  Here, Honey Dew

Associates, Inc. gave Bowen Investment, Inc. the right to use the Marks owned by Honey Dew

Associates , Inc. in connection with Bowen Investment, Inc. franchising of Honey Dew Donuts®

Shops in Rhode Island.  A trademark license does not have to be in writing.

Rey v. Lafferty, 990 F2d 1379, 1393 (1st. Cir.), cert. denied, 510 U.S. 828, 114 S.Ct. 94, 126
L.Ed.2d 61 (1993); Kentucky Fried Chicken Corp. v. Diversified Packaging Corp., 549 F.2d 368,
387 (5th Cir. 1977); TMT North America, Inc. v. Magic Touch GmbH, 124 F 3d 876, 885 (7th
Cir. 1997). McCarthy, McCarthy on Trademarks and Unfair Competition 4h ed. § 18:43 (A
trademark license does not have to be in writing.)

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 18
(Trademark/Service Mark definitions)

A "trademark" is a word, a name, a symbol, a device or a combination of them that indicates the source of goods or services. A "service mark" provides legal protection for symbols that identify and distinguish services (as opposed to goods). A "mark" is a shorthand, generic reference to cover all categories of marks, including trademarks and service marks. An owner of a Mark may obtain a certificate of registration issued by the United States Patent and Trademark Office. Thereafter, when the owner brings an action for infringement, the owner may rely solely on the registration certificate to prove that the owner has the right to exclude others from using the Mark without authorization.

15 U.S.C.A. §§ 1127; 15 U.S.C.A. § 1057(b).

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 19
(Infringement)


A terminated franchisee that continues to operate under the franchisor's Marks is liable for trademark infringement.  Continued use represents to the public that the operation is sanction by the franchisor and divests the franchisor of its absolute right to control use of the Marks.  The quality of the use by the franchisee is irrelevant.  Use, without authorization is infringement.



Dunkin' Donuts Incorporated v. Gav-Sta Donuts, Inc., 139 F.Supp.2d 147, 158 (D.Mass. 2001); Precision Tune Auto Care, Inc., v. Pinole Auto Care, Inc., 2001 U.S. Dist. LEXIS 24840 (D.Va. 2001); S&R Corp. v. Jiffy Lube Int'l, Inc. 968 F.2d 371, 376 (3rd Cir. 1992); Burger King Corp. v. Majeed, 805 F. Supp. 994, 1002 (S.D. Fla. 1992); see also Two Men and a Truck/Int'l Inc. v. Two Men and a Truck/Kalamazoo Inc., No. 5:94-cv-162, 1995 U.S. Dist Ct. Lexis 11295(W.D. MI 1995) (The risk of confusion is considered likely when a franchisee continues to use the franchisor's trademarks after termination.)



_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 20
(Infringement – Post Termination Use of Mark)


Anyone who uses the Mark of another without the authorization in connect with the sale

of goods or services in a manner likely to cause confusion as to the source of the goods or

services is liable for trademark infringement.


15 U.S.C. A. §§ 1114(a), 1125(a);  DeCosta v. Viacom Int'l Inc., 981 F.2d 602, 605 (1st Cir.
1992), cert. denied, 509 US 923 (1993) (In the First Circuit, "to win a trademark case [under 15
U.S.C. §§ 1114 or 1125(a)], a[plaintiff must show (1) that he uses, and thereby 'owns' a mark (2)
that the defendant is using that same or a similar mark and (3) that the defendant's use is likely to
confuse the public, thereby harming the plaintiff."); S&R Corp. v. Jiffy Lube Int'l, Inc., 968 F.
2d 371, 376 (3rd Cir. 1992) (holding that franchisee's continued operations and use of the
franchisor's trademarks was an infringement where franchise agreement was properly terminated
for franchisee's failure to pay royalties) Burger King Corp. v. Majeed, 805 F. Supp. 994, 1002
(S.D. Fla. 1992( (noting the "well-settled doctrine that a terminated franchisee's continued use of
its former franchisor's trademarks, by its very nature constitutes trademark infringement").
Johnny Blastoff, Inc. v. Los Angles Rams Football Co., 188 F.3d 427, 436 (7th Cir. 1999), cert.
denied, 528 U.S. 1188, 120 S.Ct.1241, 146 L.Ed.2d 100 (2000).  See generally, McCarthy,
McCarthy on Trademarks and Unfair Competion, Section 15:1 (4th Edition 2001). Manual of
Model Civil Jury Instructions for the Disrict Courts of the Ninth Circuit, Instruction No. 15.2.1
(1997);


_____Accepted


_____Accepted in Substance


_____Rejected


_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 21
(Damages – Trademark Infringement)

Where infringement occurs, the owner of the Marks is entitled to recover its damages for the unauthorized use.  Such damage is generally found to be irreparable and no susceptible to precise calculations.  Therefore, Federal Law (the Lanham Act) allows the Owner of the Mark to recover the infringing defendant's profits during the period of misuse.  The Owner of the Mark is merely required to prove sales the amount of the infringing defendant's gross sales.  The infringing defendant has to prove all elements of costs of doing business or deductions for payroll, rent and other expenses claimed.   Such damages are awarded  (1) as a measure of damages; (2) to prevent the infringer from being unjustly enriched; or (3) if necessary, to deter a willful infringer from doing so again.

The infringing defendant's profits are considered a rough measure of the plaintiff owner's damages but, they are probably the best possible measure of damages available.  An award of the infringing defendant's profits is particularly appropriate where the infringement constituted a deliberate intent to exploit the trademark owner's Mark.

Even where the Defendant asserts that it lost money, you may allow the Plaintiff to recover profits, so the plaintiff is not prejudiced by the defendant's inefficiency.

15 U.S.C. A. §§ 1114(1), 1117(a), 1125(a).

Nurrivida, Inc. v. Immuno Vital, Inc., 46 Fed. Supp. 2d, 1310, 1315 (S.D. FL 1998), citing Ramada Inns, Inc. v. Gadsdan Motel Co., 804 Fed. 2d 1562, 1564 (11th Circuit 1986).

McCarthy, McCarthy on Trademarks and Unfair Competition, Section 30:59 at 30-111 (4th Edition 2001); Bishop v. Equinox International Corp., 245 Fed. 3rd 1050, 1054 (10th Circuit 2001); Booker King Corp. v. Mason, 855 Fed. 2d 779, 781 (11th Circuit 1988).  See also Polo Fashions, Inc. v. Crafttex, Inc., 516 Fed. 2d, 145, 149 (4th Circuit 1987). New York Racing Association, Inc. v. Stroup New Agency Corp., 920 Fed. Supp. 295, 301 (M.D. NY 1996),

"American Honda Motor Co. v. Two Wheel Corp., 918 F. 2nd 1050, 1063 (2nd Circuit 1990). McCarthy §30:66 at 30-131.


Precision Tune Auto Care, Inc., v. Pinole Auto Care, Inc., 2001 U.S. Dist. LEXIS 24840 (D.Va. 2001);  See Bambu Sales, Inc. v. Ozak Trading, Inc., 55 Fed. 3rd 849, 854 (2d Circuit 1995); Burger King Corp. v. Mason, 855 Fed. 2d, 779, 781 (11th Circuit 1988).


Ctis Clapp & Son, Inc. v. Filmore Vitamin Co., 754 Fed. 2nd 738, 744 (7th Circuit 1985).  See also Jonas Apparel Group, Inc. v. Steinman, 466 Fed. Supp. 560, 562-563 (E.D. PA 1979).  Polo Fashions, Inc. v. Bruhn, 793 Fed. 2d, 1132, 1134-35, 9th Circuit, 1986.



_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 22
(Damages Contract – Generally)

A party that breaches a contract is liable for whatever damages follow as a natural consequence of his conduct, or which may reasonably be supposed to have been within the contemplation of the parties at the time the contract was made as a probable result of a breach of it.

The fundamental principal of law upon which damages for brach of contract are assessed is that the injured party shall be placed in the same position if the contract had not been breached and so far as compensation therfor in money can be computed by rational methods upon a firm basis of facts.

Leavitt v. Fiberloid Co., 196 Mass. 440, 82 N.E. 682 (1907); White Spot Const. Corp. v. Jet Spary Cooler, Inc. 344 Mass. 632, 183 N.E. 2d 719 (1962).

John Hetherington & Sons, Ltd. v. William Firth Co., 210 Mass. 8, 95 N.E. 961 (1911); Louise Caroline Nursing Home, Inc. v. Dix Construction Corp., 362 Mass. 306, 285 N.E. 2d 904 (1972); Quinn Bros., Inc. v. Wecker, 414 Mass. 815, 611 N.E.2d 234 (1993).


_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 23
(Defendants Damages – Generally)

If and only if you find that Carneiro Donuts has established all of the elements of its

claims against Bowen Investment and Honey Dew Associates, Inc. by a preponderance of the

evidence, then you should compute the damages to which Carneiro Donuts is entitled from

Bowen Investment or Honey Dew Associates, Inc.  The purpose of damages is to make a party

whole for its losses -- that is, to award, as far as possible, just and fair compensation for the loss,

if any, which resulted from the unlawful conduct against Carneiro Donuts.

The fact that you are instructed on damages is not to suggest that you must consider

damages or that I have an opinion on the outcome of this case.  The damages instructions which

follow are given only so that these instructions will be complete.

Conway v. Electro Switch Corp., 402 Mass. 385, 388 (1988); Rombola v. Cosindas, 351 Mass.
382, 385 (1966); Agoos Leather Co. v. American & Foreign Ins. Co., 324 Mass. 603, 608
(1961).

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 24
(Damages -- Burden of Proof)

Any damages that you award must have a reasonable basis in the evidence.  Therefore, if you determine that the existence of claimed damages is an issue requiring speculation, you may not award damages based upon that speculation.  Carneiro Donuts must prove by a preponderance of the evidence both that it has in fact sustained damages, and the amount, to a reasonable certainty, of compensable damages it sustained.

If and only if you find that Bowen Investment committed fraud against Carneiro Donuts, may you award compensatory damages, which are damages awarded to return to the Carneiro Donuts the money which it has lost as a result of the damage.


Authority

Conway v. Electro Switch Corp., 402 Mass. 385, 388 (1988); Rombola v. Cosindas, 351 Mass. 382, 385 (1966); Agoos Leather Co. v. American & Foreign Ins. Co., 342 Mass. 603, 608 (1961).

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 25
(Mass.Gen.L. c. 93A)

**ADVISORY**

If and only if you find that the actions and transactions constituting the alleged Chapter

93A unfair or deceptive practices occurred within the Commonwealth of Massachusetts can  you

rule in favor of Carneiro Donuts on that claim because Chapter 93A is not applicable to actions

that occur outside of Massachusetts.

M&I Heat Transfer Products, Ltd. v. Gorchev, 141 F.3d 21, 23 (1st Cir. 1988) (company
allegedly injured by letters generated in Massachusetts were not subject to statute, since the
impact and harm occurred in Tennessee);  Bushkin Assocs., Inc. v. Raytheon Co., 393 Mass.
622, 638, 473 N.E. 2d 662, 672 (Mass. 1985)(no 93A claim where misrepresentations made in
Massachusetts were alleged to have been received in New York and all damages occurred in
New York).

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

PLAINTIFFS' INSTRUCTION NO. 26
(Mass.Gen.L. c. 93A)

**ADVISORY**

A practice or act is only unfair under <u>Chapter 93A</u>, if it is (1) within the penumbra of a common law, statutory, or other established concept of unfairness; (2) immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to competitors or other business people.

The crucial factors to consider are the nature of challenged conduct and on the purpose and effect of that conduct in determining whether it was unfair or deceptive. The applicable standard is conduct that violates reasonably accepted standards of legitimate business behavior, conduct that unfairly interferes with and unfairly injures another. It includes conduct that an ordinary, honest, legitimate business person would consider unacceptable and unfair business behavior and in violation of reasonable, expected standards of ethics and behavior in the business world; not just vigorous competition or legitimate and energetic pursuit of one's own business self interest.

<u>Heller Fin. v. Insurance Co. of N. Am</u>, 410 Mass. 400, 408 (1991);

<u>Morrison v. Toys "R" Us</u>, 441 Mass. 451 (2004); <u>Boston Pilots v. Motor Vessel Midnight Gambler</u>, 357 F.3d 129, 134 (2004).

<u>Brennan v. Carvel Corporation</u>, 929 F.2d 801, 813, 1991 LEXIS 5307 (1991)

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

## CERTIFICATE OF SERVICE

I, Michael A. Wirtz, hereby certify that on January 10, 2006, a copy of the within document was served via the electronic means available under CM/ECF to counsel for the Defendants, Kevin R. McCarthy, 155 Fairoaks Lane, Cohasset, MA 02025, kemccar68@comcast.net.

/s/ Michael A. Wirtz

_____

Michael A. Wirtz

f.amik.BII/lit/Carniero/Trial/Jury Instruct