UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. NO. 05-11709 NMG

BOWEN INVESTMENT, INC. and HONEY
DEW ASSOCIATES, INC.,
              Plaintiffs,
v.

CARNEIRO DONUTS, INC., and MANUEL
M. CARNEIRO,
              Defendants.

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBIT LIST**

The Plaintiffs object to the Defendants' proposed trial exhibits as follows:

**I.    Proposed Exhibit 2 (2004 Circular is Not Relevant to the Case)**

Plaintiffs object to the introduction of Bowen Investment, Inc.'s ("BII") Offering Circular dated February 6, 2004 (the "2004 Circular") as it is not relevant nor material to the issues for trial and would be unduly prejudicial and confusing to the jury. The transaction between BII and the Defendants arose out of defendant, Carneiro Donuts, Inc.'s ("CDI") purchase from the then-current BII franchise of a Honey Dew Donuts® shop operating at 460 Allens Ave. Rhode Island (the "Shop"), pursuant to a Purchase Agreement executed in December, 2003. In compliance with Rhode Island law, the Defendants immediately received an Offering Circular from BII dated February 6, 2003 (the "2003 Circular"). <u>No other Offering Circular is relevant to this action</u>.

During the discovery phase, the Defendants admitted that they only received the 2003 Circular.[1] Defendants have since contradicted their assertions after Plaintiffs' moved for summary judgment of the Counterclaims relating to alleged disclosure deficiencies in the 2004

---

[1] On November 11, 2005, Defendants responded to Plaintiffs' Request for Production of Documents seeking *all* Offering Circulars in Defendants' possession, custody or control stating that they only had the 2003 Circular.

Circular.[2] Defendants' conflicting positions are also inconsistent with the Offering Circular Receipt pages that Mr. Carneiro signed on November 5, 2003 and March 3, 2004, evidencing receipt of the 2003 Circular <u>only</u>.[3] Mr. Carneiro testified at deposition that he never read the Offering Circular (*nor saw one*)[4] thus, for the purpose of reliance, the circular has no relevance. Even if it were determined that the 2004 Circular is relevant, it should be excluded because its probative value is outweighed by the danger of unfair prejudice and confusion of the issues that would mislead the jury and cause an undue delay in trial and waste time for needless presentation of cumulative evidence. <u>Commonwealth v. Darby</u>, 37 Mass.App.Ct. 650, 654, 642 N.E.2d 303, 305 (1994) (Even where evidence is relevant, there must be a determination whether its probative value is outweighed by the prejudicial effect it might have on the jury). The Defendants' proposed Exhibit 2 should not be marked as an exhibit for trial.

## II.     **Proposed Exhibit 4 (Misleading Characterization of the Document as a "Note")**

Plaintiffs do not object to the proposed Exhibit itself, only the mischaracterization of the July 26, 2004 letter agreement between BII and the Defendants as a "Note".

## III.    **Proposed Exhibits 12, 17, 31, 41 and 42 (Carter/Mikels Letters Are Not Relevant)**

Plaintiffs object to the proposed letters between counsel for the Plaintiffs ("Mikels") and the prior franchisees of the Shop ("Carter") dated February 3, 2004, March 10, 2004, April 26,

---

[2] On December 22, 2005 Defendants amended their response to Plaintiffs' Request for Production of Documents to and claimed that they also received the 2004 Circular in order to avoid summary judgment.

[3] Defendants recently purport that they received the 2004 Circular from Plaintiffs' counsel. However, this is inconsistent with other evidence in the case including Defendants own admissions and the Offering Circular Receipt pages.

[4] <u>Defendants' Deposition Transcript</u>, at page 118, line 16.

2

2004 and June 28, 2004, and July 15, 2004 because the documents relate to the prior franchisees of the Shop and bear no relevance to the parties' claims in this action.

### IV.    Proposed Exhibits 13 and 24 (Litigation Documents Previously Determined as Irrelevant)

Plaintiffs object to the litigation material that the Defendants' proposed as Exhibits 13 and 24.  As indicated in this Court's Order of December 19, 2005 (Docket No. 42), documents relating to the Plaintiffs' history of litigation are irrelevant without a specific showing as to the relevance and materiality that the litigation would have to be included in the Offering Circular. In the absence of this preliminary showing, the Defendants should be precluded from marking the proposed Exhibits 13 and 24.

### V.    Proposed Exhibits 14 and 15 (Responses from AA Sign and DMX Are Not Relevant)

Plaintiffs object to the documents that were produced by AA Sign and DMX in response to Defendants' Rule 45 requests as they lack relevancy to the issues in this case and have not been properly authenticated.

### VI.    Proposed Exhibit 21 (Confidential Statement of Ad Fund Receipts and Expenditures is Not Relevant)

Defendants' proposed Exhibit 21 is a confidential statement relating to the receipts and expenditures of the Honey Dew Advertising Fund ("Ad Fund") for the year prior to CDI's franchise.[5]  Although the letter is dated June 2005, the statement pertains to Ad Fund receipts and expenditures for "January – December 2003."  The document is clearly marked "CONFIDENTIAL".  Given that CDI did not contribute to the Ad Fund until June 2004, the information contained in the proposed exhibit has no relevance to any of the issues in this case.

---

[5] Defendants mischaracterize the statement as an "accounting" which it is not.  Plaintiffs also object to the improper description given by the Defendants.

3

Furthermore, the Defendants have shown no basis for disclosing such confidential information. The document should be deemed inadmissible as an exhibit.

### VII. Proposed Exhibit 25 (Confidential License Agreement is Not Relevant)

The proposed Exhibit 25 is the license agreement between HDA and BII that the Defendants have stipulated to as confidential. The agreement is a license from HDA to BII to authorizing BII's use of the Honey Dew trademarks and System in connection with the Honey Dew Donuts® shops that BII franchises in Rhode Island. The Defendants are not a party to the license agreement and the information contained therein is considered confidential having no relevance to the claims involved in this action. The license agreement should not be marked as a trial exhibit.

### VIII. Proposed Exhibit 33 (All Deposition Transcripts and Exhibits is Not Relevant)

Defendants propose that all of the Deposition Transcripts and Exhibits thereto be marked as trial Exhibit 33. Plaintiffs object. Including all deposition transcripts in this case as a trial exhibit exceeds the parameters of F.R.Civ.P. 32(a) and would improperly allow portions of the transcript, not permissible under the Rule, to come in as substantive evidence. The Defendants have not satisfied any of the preconditions of the Rule to allow the transcripts to be admitted.[6] See also F.R. Evid. 801(d). In addition, there is a total of approximately 100 Exhibits to the depositions to which the Plaintiffs have numerous objections as to such issues including relevancy, identification and authentication. The proposed Exhibit 33 would allow in all of these

---

[6] All thirteen deponents are available to testify at trial and none meet the conditions of F.R.Civ.P. 32(a)(3). The deponents include the Plaintiffs and their respective Presidents, the Defendants and seven non-party witnesses: Tracy Bothelo, Donal Smith, Mario Carneiro, Geary Paolino designated 30(b)(6) witness of AA Thrifty Sign, Walter Richard designated 30(b)(6) witness of Rhode Island Restaurant and Equipment, Frank Wrightington and Joe Garcia. None of these individuals are dead, live beyond 100 miles of the Courthouse, are elderly or imprisoned and cannot be procured by subpoena.

deposition exhibits which are not part of the list. Defendants' proposed Exhibit 33 should not be marked.

### IX.     Proposed Exhibits 34 and 35 (Documents Not Properly Identified)

Defendants proposed Exhibits 34 and 35 consist of all documents disclosed by Plaintiffs in response to Defendants' document requests. Plaintiffs object to the blanket category of this Exhibit as there has been no specification given as to which records the Defendants are proposing to mark. Further specification should be made by the Defendants that would give Plaintiffs adequate notice of the records and allow Plaintiffs an opportunity to determine whether there are evidentiary issues or objections of concern. For example, the broad identification of these proposed Exhibits may also include records that are objected to herein or documents that have not been properly authenticated or identified.

### X.     Proposed Exhibits 36 and 37 (Objections of Counsel Are Improper Exhibits)

Plaintiffs object to marking their Answers to Interrogatories generally. While answers to interrogatories may be used for impeachment purposes, counsel's objections are not proper evidence for trial. Accordingly, Plaintiffs object to Defendants' proposed Exhibits 36 and 37.

### XI.     Proposed Exhibit 38 (HDA 2002 Circular is Not Relevant to the Case)

Plaintiffs object to the introduction of Honey Dew Associates, Inc.'s ("HDA") Offering Circular dated March 1, 2002, (the "2002 Circular") on the grounds that it is not relevant nor material to the issues for trial and would be unduly prejudicial and highly confusing to the jury. CDI was a franchisees of BII (not HDA).[7] The 2002 Circular is not a BII offering circular (its HDA's offering circular). The 2002 Circular is also not relevant to the time period that CDI was

---

[7] BII is engaged in the franchising of Honey Dew Donuts® Shops in Rhode Island. It licenses such franchises pursuant to a license agreement with HDA, the owner of the Honey Dew proprietary marks and the system by which the franchisees operate.

5

involved with purchasing the franchise.[8]  Even if the 2002 Circular was relevant, it should be excluded because its probative value is outweighed by the danger of unfair prejudice, confusion and misleading the jury.  <u>Commonwealth v. Darby</u>, 37 Mass.App.Ct. 650, 654, 642 N.E.2d 303, 305 (1994).

### XII. **Proposed Exhibit 39 (District meeting Agenda is Not Relevant )**

Defendants' proposed Exhibit 39 is a district meeting agenda dated September 28, 2004 which has no probative value and is irrelevant to this case.  Plaintiffs object to it being marked.

### XIII. **Proposed Exhibit 40 (Defendants' Profit and Loss Projections Include Information that Requires Redaction)**

Plaintiffs do not object to the January 29, 2004 profit and loss projections and coversheet from Mario Carniero but the hand written notes and projections included on the document must be redacted as the Defendants and their accountant could not identify what the numbers represent at deposition.

WHEREFORE, for all of the above reasons, the Plaintiffs request that their objections to Defendants' Exhibit List be sustained.

|  |  |
|---|---|
|  | Respectfully submitted, Plaintiffs, Bowen Investment, Inc. Honey Dew Associates, Inc. By their Attorneys, |
| Dated: January 11, 2006 | /s/ Michael A. Wirtz |
|  | Jack J. Mikels - BBO# 345560 Michael A. Wirtz BBO# 636587 JACK MIKELS & ASSOCIATES, LLP 1 Batterymarch Park, Suite 309 Quincy, MA  02169-7454 Tel:  617.472.5600 |

---

[8] CDI entered its Purchase and Sale Agreement for the Shop in December 2003.

6

## CERTIFICATE OF SERVICE

I, Michael A. Wirtz, hereby certify that on January 11, 2006, a copy of the within document was served via the electronic means available under CM/ECF to counsel for the Defendants, Kevin R. McCarthy, 155 Fairoaks Lane, Cohasset, MA 02025, kemccar68@comcast.net.

                                      /s/ Michael A. Wirtz
                                      _____
                                      Michael A. Wirtz

f.amik.BII/lit/Carniero/Trial/Object Exhibits