United States District Court
District of Massachusetts

)
BOWEN INVESTMENT, INC. et al.,  )
                                )
        Plaintiffs,             )
                                )    Civil Action No.
        v.                      )    05-11709-NMG
                                )
CARNEIRO DONUTS, INC. et al.,   )
                                )
        Defendants.             )
                                )

**CHARGE TO THE JURY**

January 20, 2006

**MEMBERS OF THE JURY:**

You have now heard the evidence and the closing arguments in this case. It is now my duty to instruct you on the law that you must follow and apply. In any jury trial there are, in effect, two judges. I am one of the judges and you, collectively, are the other. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case. You, as jurors, are judges of the facts. But in determining what actually happened in this case, that is, in reaching your decision as to the facts, it is your sworn duty to follow the law as I am about to define it for you. When I have finished, you will begin your discussion with each other, what we call your deliberations.

-1-

To help you understand and remember these instructions on the law, I will divide them into three parts: First, general instructions intended to guide you throughout your deliberations; second, instructions about the claims, about questions you will be asked to answer (as stated in the Verdict Form), and about the law you must apply in considering these questions; and third, some additional general instructions about procedures during your deliberations.

These instructions are somewhat complicated, and I ask you to pay very careful attention. I need to read them because I cannot commit to memory all of the law about which I have to instruct you, but I will submit to you a written copy of this charge when you go to the jury room. I want to caution you right away, however, not to dwell on any one particular portion of it, if you decide to review it at all, because you must consider these instructions as a whole and not just one individual particular instruction. So I ask you to do your best to stay with me.

## PART I

### GENERAL INSTRUCTIONS

All of my instructions are about the law you must apply. I do not mean any of my instructions to be understood by you as a comment by me on the facts or on the evidence in this case. It is your function to determine the facts. Although the law allows a trial judge in this court to comment on evidence, I deliberately do

-2-

not do so and instead leave the fact-finding entirely in your hands. You are to be the sole and exclusive judges of the facts.

Fortunately, you do not need to resolve every dispute of fact raised by the evidence. In order to know which fact disputes are important, you need to know what rules of law to apply. I have explained some of the rules to you during the course of the trial, and I will explain others to you now. The lawyers were allowed to comment during their arguments on some of these rules of law, but if what they have said about the law differs in any way from my instructions, you must be guided only by the instructions on the law as I state them.

You must follow all of the rules as I explain them to you. A single sentence or statement might not refer to an exception or qualification that I have stated elsewhere in these instructions, so you must consider all these instructions together, as a unit.

Even if you disagree with one or more of the rules of law, or don't understand the reasons for them, you are bound to follow them. This is a fundamental part of our system of government by law rather than by the individual views of the judge or jurors who have the responsibility for deciding a case. If I make any mistake in instructing you about the law, fair and even-handed application of the law to this and other cases is nevertheless assured, because any mistake I make on the law can be corrected on appeal.

In contrast, your decision on disputed facts is final. That is, your findings on material disputed facts are not subject to appeal. You are the final and exclusive judges of the facts.

-3-

In your fact-finding, of course, you are not to be swayed by bias, prejudice, sympathy or antagonism. It is your function to find the facts fairly and impartially, on the basis of the evidence.

The evidence in the case consists of all exhibits received into evidence, all facts that may have been admitted or stipulated and all of the sworn testimony of the witnesses. A stipulation means simply that the parties accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. Statements and arguments of counsel are not evidence in the case. Any evidence ordered stricken by the Court must also be disregarded. Anything you may have seen or heard outside the courtroom is not evidence and you must disregard it entirely. Your verdict must be based solely on the evidence presented in this courtroom and in accordance with my instructions.

Also, from the facts proved, you may draw reasonable inferences about additional facts. An inference is a deduction or conclusion. An inference is an additional finding that your experience, reason and common sense lead you to draw from facts that you find are proved by the evidence.

Two more phrases often used in discussions about evidence received in a trial are "direct evidence" and "circumstantial evidence".

Testimony of a witness showing first-hand observation of a fact by that witness is direct evidence. For example, the

-4-

testimony of an eyewitness just about what he or she saw is direct evidence. If the witness is permitted to go beyond what he or she saw and is permitted to state a conclusion, or inference, or opinion, that part of the answer is not direct evidence. Instead, it is one kind of circumstantial evidence.

Circumstantial evidence is proof of some facts, including events and circumstances, on the basis of which the jury may infer the existence or nonexistence of additional facts.

For example, let's suppose that you have been in this courtroom for a few hours and you have not been able to look outside. A man comes into this courtroom wearing a wet raincoat and carrying a dripping umbrella. You may draw the inference from those circumstances that it is raining outside. That is what we call circumstantial evidence as opposed to direct evidence which would be the testimony of the man in the wet raincoat taking the stand and telling you that it is raining outside.

Direct and circumstantial evidence have equal standing in law. That is, with respect to what weight shall be given to evidence before you, the law makes no distinction between direct and circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence. You are to consider all the evidence in the case and give each item of evidence the weight you believe it deserves.

Any inference that you draw from the facts proved must be a reasonable one and not merely conjecture or guesswork. You might decide that you do not have a sufficient basis to decide what

inference to draw. It is for you, as judges of the facts, to decide whether the evidence before you is or is not sufficient for you to draw an inference. Ultimately, in drawing inferences, you should use your common sense.

If any reference by the Court or by the lawyers to matters of evidence is different from the way you remember the evidence, let your collective memory control.

At times during the trial you heard lawyers object to questions asked by the other lawyer, and to answers by witnesses. It is a proper function of lawyers to object. In objecting, a lawyer is requesting that I make a decision on a question of law. Do not draw from such objections, or from my rulings on the objections, any inferences about facts. The objections and my rulings related only to legal questions that I had to determine. They should not influence your thinking about the facts.

When I sustained an objection to a question, the witness was not allowed to answer. Do not attempt to guess what the answer might have been. And, if you heard an answer to the question before my ruling, you are to disregard it. In your deliberations, do not consider or talk about any question to which I sustained an objection or any answer or other statement that I excluded, or struck, or told you not to consider.

Also, during the course of the trial I may have made comments to the lawyers, or spoken to a witness concerning the manner of his or her testifying. Do not assume from anything that I may have said that I have any opinion concerning any of the issues in this

-6-

case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## Note Taking

At the beginning of the trial, I instructed you about taking notes. I remind you that notes taken by any juror are not evidence in the case and must not take precedence over your independent recollection of the evidence received in the case. Notes are only an aid to recollection and are not entitled to any greater weight than actual recollection or the impression of each juror as to what the evidence actually is.

## Credibility

An important part of your job as jurors will be deciding whether or to what extent you believe what each witness had to say, and how important that testimony was. You are the sole judges of the credibility of each witness. In deciding whether to believe a witness or how much weight to give a witness's testimony, you may consider anything that reasonably helps you to assess that testimony. The following are the kinds of questions you may want to consider in evaluating a witness's credibility. Did the person seem honest? Did he or she have some reason not to tell the truth? Did the witness have an interest in the outcome of the case? Did he or she gain any personal advantage by testifying in this case? Did the witness seem to have a good memory? Did the witness's testimony differ from his or her earlier testimony or from the testimony of other witnesses? Was the witness's testimony

-7-

different on cross and direct examination? What was the witness's manner while testifying? These are some, but, of course, not all, of the kinds of things that will help you decide how much weight to give to what each witness said.

You may also consider any demonstrated bias, prejudice or hostility of a witness in deciding what weight to give to the testimony of that witness.

The mere number of witnesses or exhibits or the length of the testimony has no bearing on what weight you give to evidence, or on whether you find that the burden of proof has been met. Weight does not mean the amount of the evidence. Weight means your judgment about the credibility and importance of the evidence.

You may consider inconsistencies or differences as you weigh evidence, but you do not have to discredit testimony merely because an inconsistency or difference exists. Two or more witnesses may see or hear things differently. Innocent misrecollection, like failure of recollection, is a common experience. In weighing the effect of any inconsistency or difference, consider whether it concerns a matter of importance or an unimportant detail, and whether it results from innocent error or intentional falsehood.

On the other hand, you are not required to accept testimony, merely because it is uncontradicted. You may decide, because of the witness's bearing and demeanor, or because of inherent improbability, or for whatever reason, that testimony is not worthy of belief. You may accept all of a witness's testimony or you may reject all of it, or you may accept part and reject another part.

## Prior Inconsistent Statements

You have heard evidence that at some earlier time a witness has said or done something which counsel argue is inconsistent with the witness's trial testimony. Evidence of a prior inconsistent statement is not to be considered as affirmative evidence in determining credibility. Rather, it was placed before you for the more limited purpose of helping you decide whether, or how much, if any, of that witness's trial testimony to believe.

In making this determination, you may consider whether the witness purposely made a false statement or made an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency, and if so, whether it appeals to your common sense.

## Burden of Proof

In this case, the plaintiffs have alleged claims against the defendants for breach of contract and infringement of the plaintiffs' trademark. The defendants, in response, have alleged independent claims against the plaintiffs for breach of contract, fraud and violations of the Rhode Island Franchise Investment Act. When a defendant alleges a claim against the plaintiff, that claim is called a "counterclaim".

Because this is a civil case, the plaintiffs have the burden of proving every disputed element of their claims by a preponderance of the evidence. Similarly, with respect to their counterclaims, the defendants bear the burden of proving the material allegations of those claims by a preponderance of the

-9-

evidence. If you conclude that the plaintiffs have failed to establish a claim by a preponderance of the evidence, you must decide against the plaintiffs on that particular claim. By the same token, if you conclude that the defendants have failed to establish a particular counterclaim by a preponderance of the evidence, you must decide against the defendants on that counterclaim.

To establish something by a preponderance of the evidence means to prove that it is more likely true than not true. It means that such evidence, when considered and compared with the evidence opposed to it, has more convincing force and produces in your mind the belief that what is sought to be proved is more likely true than not true. As I said at the beginning of the trial, to put it differently, if you were to put the plaintiffs' and defendants' evidence on opposite sides of the scales, the plaintiffs would have to make the scales tip somewhat to their side with respect to that claim. In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have introduced them. The burden of proof has not been carried if, after considering all the evidence, you find that you must speculate, guess or imagine that one or more of the necessary facts is true.

Although, on the claims in this case, the burden is on the plaintiffs (or, with respect to the counterclaims, the defendants)

-10-

to prove their contentions on that issue by a preponderance of the evidence, this rule does not, of course, require proof to an absolute certainty. Nor is proof beyond a reasonable doubt or by clear and convincing evidence required. As to all of the issues in this case, the standard for defining the burden of proof is the "preponderance of the evidence" standard.

## Sympathy

In many cases there is an element of sympathy which surrounds the trial. People involved in the case may be deserving of sympathy in everyday life. However, the courtroom is not the place for sympathy. When you decide this case, you must do so on the basis of the facts as you find them, disregarding sympathy and emotion. You must consider the evidence in a calm, dispassionate, analytical manner in accordance with the burden of proof I have just described and the specific instructions I will give you momentarily.

## Corporate Defendants

The fact that some of the parties to this case are corporations does not mean that they are entitled to any lesser consideration by you than if they were individuals. All litigants, corporations as well as individuals, are entitled to your fair and unbiased consideration.

In the remainder of my instructions, I may refer to acts or omissions of Bowen Investment, Inc. (hereinafter called Bowen, Inc.), Honey Dew Associates, Inc. (hereinafter "Honey Dew") or

-11-

Carneiro Donuts, Inc. (hereinafter "Carneiro Donuts"). You may consider this to refer to the acts or omissions of principals or employees of that entity. I also will talk about things that a "person" may do or rights that a "person" may have, but in this case I mean "person" to include any legal entity, including a corporation.

## PART II

In this case, I will submit specific questions to you in a Verdict Form. First, I will summarize the claim and explain how to apply the law to that claim. In a moment, my deputy clerk will distribute copies of the Verdict Form that you will have in the jury room and that I will refer to from time to time during the remainder of my instructions.

The plaintiffs in this case, Bowen, Inc. and Honey Dew, have brought two claims against the defendants, Carneiro Donuts and Manuel M. Carneiro (hereinafter "Mr. Carneiro"): 1) breach of the franchise agreement and 2) infringement of the plaintiffs' trademark.

## BREACH OF CONTRACT

### [Distribute Verdict Form and read Questions 1 and 2]

A contract is a legally enforceable promise or set of promises between two or more parties to do or not do a certain thing. A contract is formed when the parties agree to the terms and conditions of mutual promises and understand what each party is agreeing to do or not to do. This is often referred to as a

-12-

"meeting of the minds". Both parties must intend to agree to the terms of the contract at the time the contract is made. If the parties enter a written contract, as a general rule, the writing defines the terms of what the parties have agreed to. The Franchise Agreement and the Lease dated June 1, 2004 between Bowen, Inc. and Carneiro Donuts are contracts and, thus, you should rely on the writing in deciding what are the terms of those contracts.

A breach of contract is a failure to comply with one or more of the terms of the contract. In order to prevail on a breach of contract claim, a plaintiff must prove, by a preponderance of the evidence, that:

1) the parties entered into a contract;

2) the plaintiff performed its obligations under the contract (or is excused from performance);

3) the defendant failed to perform its obligations under the contract, or breached the contract; and

4) the plaintiff suffered damages as a result of the defendant's breach of contract.

In order for the plaintiff here to prove that Carneiro Donuts breached the franchise contract in this case, it must first show that the parties entered into a valid franchise contract covering the business establishment on Allens Avenue in Providence, Rhode Island and that the plaintiff performed its own obligations under the contract.

The plaintiff must then show that Carneiro Donuts failed to comply with its obligations under the contract. In addition to the express terms of the franchise contract itself, under Massachusetts

-13-

law, all contracts contain an implied covenant of good faith and fair dealing. That covenant means that neither party may do anything that will have the effect of destroying or injuring the right of the other party to receive the benefits under the contract. The phrase "good faith" has generally been defined as honesty in fact in the conduct or transaction concerned, but it is ultimately circumscribed by the obligations contained in the contract itself. A lack of good faith may be inferred where a party's conduct is "unreasonable under all the circumstances". If a party violates the implied covenant of good faith and fair dealing, that party is deemed to have violated its obligations under the contract and that party may not obtain relief for a breach of the contract. Finally, even if you find that Carneiro Donuts breached the franchise agreement, Bowen, Inc. is obligated to terminate the contract with Carneiro Donuts in accordance with the terms of that agreement in order to preserve its breach of contract claim.

If you find that the plaintiff, Bowen, Inc., has proved each required element of the breach of contract claim, by a preponderance of the evidence, you should find that Carneiro Donuts breached the franchise contract. If you find that the plaintiff has failed to prove one or more of the elements of its contract claim, however, you should find that there was no breach of the franchise agreement.

-14-

## TRADEMARK INFRINGEMENT

### [Read Question 7]

The term "trademark" includes any word, name, symbol or device or any combination thereof, adopted and used by a manufacturer or merchant to identify and distinguish its goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown.  The main function of a trademark is to identify and distinguish goods as a product of a particular manufacturer or merchant and to protect its goodwill against the sale of another's product as its own.  A trademark is also a merchandising symbol that helps a prospective purchaser to select the goods the purchaser wants.  A trademark signifies that all goods bearing the mark derive from a single source and are equivalent in quality.  There is, therefore, a public interest in the use of trademarks.

The owner of a trademark may enter into an agreement that permits another person to use the trademark.  This kind of an agreement is called a license and the person permitted to use the trademark is called a licensee.  A license agreement may include the right to exclude others from using the trademark.  A licensee may enforce this right to exclude others in an action for infringement.  Here, Honey Dew gave Bowen, Inc. the right to use its marks in connection with Bowen, Inc.'s franchising of Honey Dew Donuts shops in Rhode Island.

The law entitles the owner of a trademark to permit or exclude

-15-

others from using that trademark. The owner of a trademark may enforce the right to exclude others in an action for trademark infringement.

Anyone who uses the trademark of another, without the authorization of the owner of the mark, in connection with the sale of goods or services in a manner likely to cause confusion as to the source of the goods or services is liable for trademark infringement.

A properly terminated franchisee who continues to use the franchisor's marks is liable for trademark infringement. Continued use represents to the public that the use is sanctioned by the franchisor and divests the franchisor of its absolute right to control use of the mark. The quality of the use by the terminated franchisee is irrelevant. Use without authorization is infringement.

In order for the plaintiffs to prove that Carneiro Donuts and Mr. Carneiro infringed the Honey Dew trademark, they must show that the defendants continued to use the trademark after their right to do so under the franchise agreement had been terminated. If you find that the plaintiffs have proved their claims of trademark infringement, by a preponderance of the evidence, you should find that Carneiro Donuts and Mr. Carneiro infringed plaintiffs' trademark. If you find that the plaintiffs have failed to prove their claim of trademark infringement, however, you should find that there was no infringement of their trademark.

-16-

## COUNTERCLAIMS

Carneiro Donuts and Mr. Carneiro have brought five counterclaims against Bowen, Inc. and Honey Dew.

## BREACH OF CONTRACT

### [Read Question 3]

As their first counterclaim, Carneiro Donuts alleges that Bowen, Inc. breached the franchise contract by its actions with respect to attempting to terminate that agreement.

In order for Carneiro Donuts to prove that Bowen, Inc. breached the franchise contract in this case, it must first show that the parties entered into a valid franchise contract covering the business establishment on Allens Avenue in Providence, Rhode Island and that Carneiro Donuts performed its own obligations under the contract. Carneiro Donuts must then show that Bowen, Inc. failed to comply with its obligations under the contract, including the implied covenant of good faith and fair dealing, and that Carneiro Donuts suffered damages as a result of that breach.

If you find that Carneiro Donuts has proved each required element of the breach of contract counterclaim, by a preponderance of the evidence, you should find that Bowen, Inc. breached the franchise contract. If you find that Carneiro Donuts, Inc. has failed to prove one or more of the elements, however, you should find that there was no breach of the contract by Bowen, Inc.

-17-

## GOOD FAITH AND FAIR DEALING

### [Read Question 4]

Carneiro Donuts alleges that Bowen, Inc. breached the implied covenant of good faith and fair dealing through its efforts to terminate the franchise of the store on Allens Avenue in Providence, Rhode Island.

The implied covenant of good faith and fair dealing is found in all Massachusetts contracts. That covenant means that neither party will do anything that will have the effect of destroying or injuring the right of the other party to receive the benefits under the contract. The phrase "good faith" describes a state of mind which is honest of purpose, free from an intention to defraud and in keeping with an employee's responsibility to his or her employer. The phrase "bad faith" describes a state of mind which is fraudulent or designed to mislead or deceive, or one in which an employee's neglect or refusal to fulfill some duty or obligation is not the result of an honest mistake but arises out of an improper motive.

In order to prove that Bowen, Inc. breached the implied covenant of good faith and fair dealing, Carneiro Donuts must show that

1)   it had a contract with Bowen, Inc.;

2)   Bowen, Inc. breached the covenant of good faith and fair dealing as it related to that contract through its efforts to terminate the franchise agreement; and

3)   Carneiro Donuts suffered damages as a result of Bowen,

-18-

Inc.'s actions.

If you find that Carneiro Donuts has proven, by a preponderance of the evidence, each of those three elements, you should find Bowen, Inc. liable for breaching the implied covenant of good faith and fair dealing. If you find, however, that Carneiro Donuts has not proven all such elements, you should find Bowen, Inc. not liable on that claim.

## FRAUDULENT MISREPRESENTATION

### [Read Question 9]

The defendants, Carneiro Donuts and Mr. Carneiro, allege in a counterclaim that Bowen, Inc. made intentional and material misrepresentations to them through its franchise offering circular. To succeed on their counterclaim for intentional misrepresentation, the defendants must prove, by a preponderance of the evidence, that

a.   Bowen, Inc. made a false representation;

b.   that misrepresentation related to a material fact;

c.   Bowen, Inc. knew or should have known that the misrepresentation was false;

d.   Bowen, Inc. intended that Carneiro Donuts and Mr. Carneiro would rely upon the misrepresentation;

e.   Carneiro Donuts and Mr. Carneiro in fact relied upon the misrepresentation and their reliance was reasonable under the circumstances; and

f.   Carneiro Donuts and/or Mr. Carneiro suffered damages as a result of their reliance.

A fact is "material" if a reasonable person would attach

-19-

importance to its existence or nonexistence in determining choice of action in the transaction in question or the maker of the representation knows or has reason to know that its recipient regards (or is likely to regard) the matter as important in determining choice of action, although a reasonable person would not so regard it.

If you find that the defendants have proven, by a preponderance of the evidence, that Bowen, Inc. made a fraudulent misrepresentation, you should find for the defendants on that counterclaim.  If, on the other hand, you find that the defendants have not proven, by a preponderance of the evidence, all of the elements of their counterclaim for fraudulent misrepresentation, you should find for Bowen, Inc. on that counterclaim.

**FRAUDULENT CONCEALMENT**

**[Read Question 10]**

The defendants, Carneiro Donuts and Mr. Carneiro, allege in a counterclaim that Bowen, Inc. committed fraud through its failure to disclose material facts in its franchise offering circular.

Fraudulent concealment is a kind of fraudulent misrepresentation in which a defendant fails to disclose information which it has a duty to disclose and intends to mislead the plaintiff by its failure to disclose such information.  A party who fails to disclose a fact that he/she

-20-

knows may justifiably induce another party to act or refrain from acting in a business transaction is subject to liability as though it had represented the nonexistence of the matter, if it is under a duty to the other party to exercise reasonable care to disclose the matter in question.

To succeed on this counterclaim, Carneiro Donuts and Mr. Carneiro must prove that

1) Bowen, Inc. was under a duty to Carneiro Donuts and Mr. Carneiro to exercise reasonable care to disclose the matter in question;

2) Bowen, Inc. knew the truth relating to the matter in question;

3) Bowen, Inc. failed to disclose the matter in question;

4) Bowen, Inc. intended that Carneiro Donuts and Mr. Carneiro would rely on the absence of the undisclosed fact in making a decision;

5) Carneiro Donuts and Mr. Carneiro did, in fact, rely on the absence of the undisclosed fact and their reliance was reasonable under the circumstances; and

6) Carneiro Donuts and Mr. Carneiro suffered damages as a result of their relying on the absence of the undisclosed fact.

Bowen, Inc. was under a duty to exercise reasonable care to disclose to the defendants information known to Bowen, Inc. if: 1) Carneiro Donuts and Mr. Carneiro were entitled to know the information because the parties were in a relationship of trust and confidence, 2) the information was necessary to prevent Bowen, Inc.'s partial or ambiguous statements of fact from being misleading or 3) the information consisted of facts basic to the transaction and Bowen, Inc. knew that the defendants were about

-21-

to enter into the transaction under a mistake as to the facts and that Carneiro Donuts and Mr. Carneiro would reasonably expect a disclosure of such facts because of the relationship between the parties.

If you find that Bowen, Inc. was under a duty to disclose information to Carneiro Donuts and Mr. Carneiro and that the other elements of the counterclaim are met, you should find for Carneiro Donuts and Mr. Carneiro on the fraudulent concealment counterclaim. If, on the other hand, you find that all of the elements of this counterclaim of the defendants have not been proven, you should find for Bowen, Inc. on this counterclaim.

## RHODE ISLAND FRANCHISE INVESTMENT ACT

### [Read Question 11 and 13]

The defendants, Carneiro Donuts and Mr. Carneiro, allege in a counterclaim that Bowen, Inc. and Honey Dew, Inc. each violated the provisions of the Rhode Island Franchise Investment Act. The Act requires franchisors to provide prospective franchisees with the Uniform Franchise Offering Circular. The Act requires, among other things, that franchisors include in their franchise offering circular

1) pending litigation in which they are accused of franchise law violations or similar unfair or deceptive trade practices;

2) judgments or dispositions in litigation in which they were held liable for such misconduct or agreed to provide material consideration in settlement of such allegations;

3) litigation significant in the context of the number of

-22-

franchisees and the size, nature or financial condition of
the franchise system or its business operations with the
exception of ordinary routine litigation incidental to the
business;

4) the terms and conditions of each financing arrangement
offered directly or indirectly to franchisees; and

5) franchisee obligations to purchase or lease from the
franchisor.

Moreover, the Act states that it is unlawful for any person

to offer or sell a franchise unless the offer is registered under

the Act. The Act also states that it is unlawful to sell any

franchise in the state of Rhode Island without first providing a

copy of a disclosure document, specifically the uniform offering

circular, reflecting all material changes together with a copy of

all proposed agreements relating to the sale of the franchise to

the prospective franchisee.

In connection with the offer or sale of a franchise, the Act

makes it unlawful for a person, directly or indirectly,

1) to employ a device, scheme or artifice to defraud;

2) to make an untrue statement of material fact or omit to
state a material fact necessary in order to make the
statements made, in light of the circumstances under which
they are made, not misleading;

3) to engage in an act, practice or course of business which
operates or would operate as a fraud or deceit on a person;

4) to represent to an offeree of a franchise that the filing
of a franchise constitutes a finding by the Director of
Business Regulations that a document filed under the Act is
true, complete and not misleading or that the Director of
Business Regulations has passed upon the merits of the
franchise; and

5) to misrepresent that a franchise is registered or
exempted from registration under the Rhode Island statute.

-23-

Nevertheless, Bowen, Inc. and/or Honey Dew, Inc. will not be liable under the Act if they prove that Carneiro Donuts and Mr. Carneiro knew the facts concerning the violation.

If you find that Carneiro Donuts and Mr. Carneiro have proven, by a preponderance of the evidence, that Bowen, Inc. and/or Honey Dew, Inc. are liable for violating the Rhode Island Franchise Investment Act, you should find for the defendants on that counterclaim. If, on the other hand, you find that the Carneiro Donuts and Mr. Carneiro have not proven, by a preponderance of the evidence, all of the elements of their counterclaim for violations of the Rhode Island Franchise Investment Act, you should find for Bowen, Inc. and/or Honey Dew, Inc. on that counterclaim.

## DAMAGES

I have completed my instructions on the substantive claims and will now instruct you on the law of damages as that law applies to this case. The mere fact that I instruct you on the law of damages does not mean that I believe damages are due or not due in this case. That is for you to decide. You are to consider damages only if you first find that the party then under consideration is liable to the other party on that particular claim or counterclaim.

If you find that one party is liable to another party, then you must determine the extent to which that party is liable. The burden is on the party asserting the claim to prove damages by a preponderance of the evidence. You may award only that amount of

-24-

damages that will reasonably compensate a party for its loss.

You are not permitted to award speculative damages. Any award of damages must be based on the evidence and on a finding by you that the party claiming damages has convinced you, by a preponderance of the evidence, that it has been damaged as it claims to have been damaged. Moreover, the party claiming damages must prove, by a preponderance of the evidence, that the damages it suffered were proximately caused by the wrongful conduct of the other party then under consideration. Damages must be ascertainable by reference to some definite standard, either of market value, established experience or direct inference from known circumstances. However, a mathematical certainty in measuring damages is not a prerequisite for recovery. The determination of damages is left to your judgment and estimation as the triers of fact.

A party which has been damaged by the wrongful act of another is bound to exercise reasonable care and diligence to avoid loss and to minimize damages. A party may not recover for losses that it could have prevented by reasonable efforts on its part.

You must not award duplicative or overlapping damages or award damages more than once for the same injury. The parties are entitled to be made whole again but not to recover more than their loss. Of course, if different damages are attributed to different claims, then you may compensate the parties in full for all of their damages.

If you award damages, you are not to include any amount for interest. The law provides for interest on any damages awarded and such calculations in this case are not for the jury. In addition, you are not to take into account any kind of taxes and you may not include any amount for court costs or for attorneys' fees. Additionally, you may not award punitive damages or damages to punish the liable party or parties; you may only award damages in an amount necessary to compensate the damaged party according to the principles on which I will instruct you.

## Contract Damages

### [Read Questions 5 and 6]

If you find that Carneiro Donuts is liable to Bowen, Inc. on the breach of contract claim referred to in Questions 1 and 2, then you must determine the extent to which Carneiro Donuts is liable for contract damages. Likewise, if you find that Bowen, Inc. is liable to Carneiro Donuts on the breach of contract and/or implied covenant of good faith and fair dealing claim(s) referred to in Questions 3 and 4, then you must determine the extent to which Bowen, Inc. is liable for contract damages.

Upon any breach of a contract, the breaching party is liable for whatever damages follow as a natural consequence and as a proximate result of its conduct or which were within the contemplation of the parties at the time the contract was made as a probable result of a breach of the contract.

The standard measure of recovery for a breach of contract is

-26-

compensatory or expectancy damages, that is, an amount intended to put the non-breaching party in the position it would have been in if the contract had been fully performed. In other words, the non-breaching party should receive "the benefit of the bargain". The non-breaching party should not be awarded damages that put it in a better position than if the contract had been carried out.

Your award of damages should include so-called general and special, or consequential, damages. General damages are whose which flow as the natural and probable result of the breach. Consequential damages result from special circumstances known or presumed to have been known to both parties.

If the breach of contract caused no damage, or if the loss is not proved with sufficient certainty, you may award the injured party nominal damages, which for your purposes, would be one dollar ($1).

## Trademark Infringement Damages

**[Read Question 8]**

If you find for Bowen, Inc. and Honey Dew, Inc. on their trademark infringement claim, you must determine their damages. In assessing compensatory damages, you should consider whether the defendants' infringement of the trademark caused the following:

1) any injury to plaintiff's reputation;

2) any injury to the goodwill of the product or of the plaintiffs, including injury to the plaintiffs' general business reputation;

3) any loss of plaintiffs' sales; and

-27-

4) any loss of plaintiffs' profits.

In addition, you may also consider any evidence that the infringement of Carneiro Donuts and/or Mr. Carneiro will necessitate prospective costs, including any expense incurred by the plaintiffs in preventing customers from being deceived, misled or confused, or any cost of future corrective advertising reasonably required to correct any customer confusion. Such a prospective award, however, may not exceed the actual damage to the value of the trademark at the time of the infringement. Lastly, you may consider any other factors that bear on plaintiffs' actual damages.

If you find that the plaintiffs' goodwill has been damaged, either by injury to their general business reputation or by injury to the goodwill of the product, you may assess whatever compensatory damages you find justified by the evidence. The measure of the plaintiffs' damage is the difference between the value of such goodwill before and after the acts of the defendants.

As an additional category of compensatory damages, the plaintiffs are entitled to any profits earned by the defendants that are attributable to the defendants' infringement. You may not, however, include in any award of such profits any amount that you already took into account in assessing compensatory damages under prior instruction.

Profit is determined by deducting all expenses from gross revenue. Gross revenue is all of defendants' receipts from using

the infringing mark in the sale of its product. The plaintiffs have the burden of proving the defendants' gross receipts by a preponderance of the evidence. The defendants, on the other hand, have the burden of proving expenses as well as proving that any portion of the profit is attributable to factors other than the infringement. The defendants' must prove such expenses and factors by a preponderance of the evidence. Unless you find that a portion of the profit from the sale of the products using the trademark is attributable to factors other than the use of the trademark, you may find that the total profit, if any, is attributable to the infringement.

If you find that the evidence before you is insufficient to show that the plaintiffs have sustained any substantial damages, then you may return a verdict for the plaintiffs on trademark infringement and fix the amount of the compensatory damages in a nominal sum such as one dollar ($1).

**Fraudulent Misrepresentation and Fraudulent Concealment Damages**
**[Read Question 12]**

If you find that Carneiro Donuts and Mr. Carneiro have proven each of the elements of the fraudulent misrepresentation and/or fraudulent concealment claims against Bowen, Inc., the defendants are entitled to recover the benefit of what they were promised by Bowen, Inc.. Thus, you are to award Carneiro Donuts and Mr. Carneiro an amount that is the difference between the value of what they received and the actual value of what they would have received if the representations had been true. In

-29-

addition, you should include an amount to compensate Carneiro Donuts and Mr. Carneiro for any additional expenses that were reasonably foreseeable as a result of Bowen, Inc.'s fraudulent misrepresentation or concealment.  You may also award damages relating to any lost profits of Carneiro Donuts and Mr. Carneiro as a result of the fraudulent misrepresentations and/or concealments.

## Damages Resulting from Violation of the Rhode Island Franchise Investment Act

### [Read Questions 12 and 14]

If you find that Carneiro Donuts and Mr. Carneiro have proven their counterclaim that Bowen, Inc. and/or Honey Dew, Inc. violated the Rhode Island Franchise Investment Act, Carneiro Donuts and Mr. Carneiro are entitled to recover appropriate damages.

## PART III

## Procedures During Deliberations

When you go to the jury room to begin considering the evidence in this case, the foreman, Mr. Mitton, will assure that every juror is present during all of your deliberations and that all jurors, the foreman included, will have equal and full opportunity to participate in the deliberations.  Once you are in the jury room, if you need to communicate with me, the foreman will send a written message to me.  If you do send a written message to me, I will discuss it with the lawyers for both sides before responding to you, so please continue your deliberations

-30-

to the extent you are able during the time it takes for me to respond to your question. Do not stop your deliberations while you wait for a response. And do not tell me how you stand, either numerically or otherwise, on any issue before you, until after you have reached a verdict.

On matters touching simply on the arrangements for your meals, schedule and convenience, you are free to communicate with the marshal orally rather than in writing. You are not to communicate with anyone other than me about the case, however, and then only in writing.

I have read to you what is called a verdict form. A verdict form is simply the written notice of the decision that you reach. You will have the original and copies of this form in the jury room and, when you have reached your verdict, you will have your foreman fill in, date, and sign the original to state the verdict upon which you agree. You will then report, in writing to the marshal, that you have reached a verdict after which you will be invited to return with your verdict to the courtroom. Your verdict must be unanimous. That is, you must be unanimous as to the answer to each of the questions you answer.

It is my practice, absent special circumstances, to allow a jury to recess before dinner and begin deliberations again in the morning of the next regular court day.

It is not yet time for you to start deliberating. I will have a sidebar conference with counsel and you can be at ease for a few minutes. I will then have some brief final instructions to

-31-

give you before you retire to deliberate.

**[SIDEBAR]**

Members of the jury, it is now time for the case to be submitted to you. You may commence your deliberations. All of you who are the jury must be together at all times when you are deliberating. Whenever you need a recess for any purpose, your foreman, Mr. Mitton, may declare a recess. Do not discuss the case during a recess in your deliberations. All your discussion of the case should occur only when you are all together and your foreman has indicated that deliberations may proceed. This should be your procedure so that everyone in the jury will have equal opportunity to participate and to hear all of what other members of the jury have to say.

You may go to the jury room and may commence your deliberations.

1

*Addendum to Charge to the Jury*
*Jan 20, 2006*

1    Under Rhode Island law, you can assume that Honey Dew

2    Associates, Inc., is a master franchiser, and the particular

3    statute that we're dealing with, the Rhode Island Franchise

4    Investment Act, states that "A master franchise means an

5    agreement, express or implied, oral or written, by which a

6    person pays a franchiser for the right to sell or negotiate the

7    sale of franchises."

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25