# JACK MIKELS & ASSOCIATES, LLP

1 BATTERYMARCH PARK • SUITE 309 • QUINCY, MASSACHUSETTS 02169-7454
Telephone: 617.472.5600 • Telecopier: 617.472.5875 • E-Mail: jmikels@gis.net

JACK J. MIKELS
MICHAEL A. WIRTZ

ROCHELLE NELSON MIKELS
JANELL E. DE GENNARO
*ATTORNEYS AT LAW*

January 24, 2006

Mr. Craig Nicewicz
Courtroom Clerk
John Joseph Moakley U. S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re: Bowen Investment, Inc., et al v. Carneiro Donuts, Inc., et al.
U.S. District Court for the District of Massachusetts C.A. No. 05-11709 NMG

Dear Mr. Nicewicz:

The parties in the above action were unable to reach a stipulation as to the issuance of injunctive relief regarding Count II of the Verified Complaint. Per the instruction of Judge Gorton, I am filing the enclosed order on behalf of the Plaintiffs for the Court's endorsement.

Thank you for you attention to this matter, please do not hesitate to contact me if you have any questions or concerns.

Sincerely,

/s/ Michael A. Wirtz

Michael A. Wirtz

MAW/
Enclosure
cc:   Kevin R. McCarthy, Esq.

F:\EVELYN\Michael\Michael 2006\0124063

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. NO. 05-11709 NMG

BOWEN INVESTMENT, INC. and HONEY DEW ASSOCIATES, INC.,
          Plaintiffs,

v.

CARNEIRO DONUTS, INC., and MANUEL M. CARNEIRO,
          Defendants.

**ORDER REGARDING INJUNCTIVE RELIEF**

Following disposition by jury trial, the Court makes to following Orders as a Permanent Injunction:

(A)    Defendants are permanently enjoined from using or displaying any of the Plaintiffs' trademarks, trade names, service marks, logos, symbols and trade dress, or any other marks, trade names or trade dress that are a colorable imitation of or otherwise likely to be mistaken for or confused with or dilute the distinctiveness of Plaintiffs' trademarks, service marks, and trade dress, in connection with the advertising, distribution, display or sale of any product or service. (Verified Complaint, Count II, Prayer A);

(B)    Defendants are permanently enjoined from representing themselves as being in any way associated with the Honey Dew® franchise system or making any statement or representation, or performing any act, likely to lead members of the public to believe that Defendants are in any manner, directly or indirectly, associated, affiliated, or connected with, or licensed, sponsored, authorized or approved by the Plaintiffs. (Verified Complaint, Count II, Prayer B);

(C) Defendants are permanently enjoined from using, selling, lending, distributing, licensing, giving, transferring, assigning, showing, disclosing, disseminating, reproducing, copying, misappropriating, or otherwise communicating any portion of the Honey Dew Operational Excellence Procedures Manual or any other trade secrets or confidential information provided to Defendants by Plaintiffs and are hereby ordered to return to counsel for Bowen Investment, Inc. all copies of the Operational Excellence Procedures Manual and all other confidential documents provided to them or to anyone on their behalf, that are in their possession, custody, or control. (<u>Verified Complaint, Count II, Prayer C</u>);

(D) Defendants are permanently enjoined from occupying and operating upon the site of the Honey Dew Donuts® Shop at 460 Allens Ave., Providence, RI (the "Premises"). (<u>Verified Complaint, Count II, Prayer D</u>);

(E) Defendants are ordered to immediately and peaceably tender possession of the Premises and the Premises are hereby restored to the exclusive possession of Bowen Investment, Inc. except as expressly set forth herein. (<u>Verified Complaint, Count II, Prayer E</u>);

(F) Defendants are ordered to fully comply with the post-termination covenants of their Franchise and Lease Agreements. (<u>Verified Complaint, Count II, Prayer F</u>); and

(G) Within seven (7) days of the date of this Order, the Defendants, on 24 hours written notice of the day and time (within usual business hours) access is requested, shall be given access to the Premises for up to six hours for the purpose of removing their property and equipment. Defendants shall not cause damage to the Premises. To the extent property or equipment is connected to the Premises, no item may be removed unless Defendants repair any damage to the Premises and, if connected by electrical wires or plumbing, such items may only be removed if licensed and insured electricians and plumbers are utilized to effectuate

disconnection and repairs.  Any equipment or property not so removed shall be deemed abandoned to Bowen Investment, Inc.

By the Court,

Date:   January _____, 2006          _____, J.
Nathaniel M. Gorton
United States District Judge

Carneiro;Trial; Injunction

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11709-NMG

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
         Plaintiffs,

v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
         Defendants.

CERTIFICATE OF SERVICE

I, Michael A. Wirtz, hereby certify that a true and complete copy of Plaintiffs' proposed Order Regarding Injunctive Relief was served this day via electronic means available under CM/ECF to counsel for the Defendants, Kevin R. McCarthy, 155 Fairoaks Lane, Cohasset, MA 02025, kemccar68@comcast.net.

Signed under the pains and penalties of perjury this 24th day of January, 2006.

/s/ Michael A. Wirtz
_____
Michael A. Wirtz

BII\Lit\Carneiro\Plead\SJ\CertServ.