# Kevin R. McCarthy
**Attorney at Law**
155 Fairoaks Lane
Cohasset, Massachusetts  02025

| **Telephone** | **E-mail** | **Fax** |
| --- | --- | --- |
| **781-383-0639** | **kemccar68@comcast.net** | **781-735-0228** |

January 25, 2006

Mr. Craig Nicewicz
Courtroom Clerk
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA  02210

      Re:  *Bowen Investment, Inc., et al v. Carneiro Donuts, Inc.*
         C.A. No. 05-11709  NMG

Dear Mr. Nicewicz:

     Attached is the Defendants' proposed Order to effectuate a speedy and efficient transfer of the premises to the Plaintiffs and removal of the Defendants' equipment.  We urge the Court to accept our proposed Order as it is less complicated, involves little or no interaction between the parties and will ensure a swift return of the premises to the Plaintiffs and return of equipment to the Defendants so that the parties may now peacefully move forward in their separate directions.

     **Most importantly, the Defendants' strongly urge to Court to avoid including the general language of Item F of the Plaintiffs' proposal as this calls for "full compliance" with the post-term provisions of the franchise and lease agreements.  This would provide an avenue for the Plaintiffs to further litigate and pursue the Defendants for extensive financial penalties noted in these post-term provisions.  For example, the lease calls for the Defendants to potentially pay double the usual rent to the Plaintiffs from the time of termination to the present.  The franchise agreement includes a formula which involves potentially paying the Plaintiffs' future royalties, ad fees and rents plus a 25% premium as well as considerable other legal, broker, renovation and other costs – all of which would add up to very large sums of monies in addition to the specific amount of $ 11, 944.26 awarded to the Plaintiffs in this case.  The Defendants asked the jury for these post-term amounts in their closing argument which the jury obviously rejected when it awarded $ 11,944.26.  Of course, the Defendants will comply with the non-financial elements of the post-term franchise and lease covenants.**

In sum, the Defendants' proposed Order ensures a peaceful and quick return of the premises to the Plaintiffs', retrieval of Defendants' equipment, avoids further dispute and litigation, conforms to the jury verdict and allows the parties to now go their separate ways. Accordingly, we urge the Court to adopt our attached Order.

Sincerely,

/s/ Kevin R. McCarthy
_____
Kevin R. McCarthy

Cc:  Michael A. Wirtz, Esq.

Enclosure

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. NO. 05-11709 NMG

BOWEN INVESTMENT, INC. and HONEY DEW ASSOCIATES, INC.,
    Plaintiffs,

v.

CARNEIRO DONUTS, INC., and MANUEL M. CARNEIRO,
    Defendants.

### COURT ORDER RE: EQUIPMENT, POSSESSION AND INJUNCTIVE RELIEF

Following disposition by jury trial, the Court makes the following Orders:

(A)  Defendants are permanently enjoined from using or displaying any of the Plaintiffs' trademarks, trade names, service marks, logos, symbols and trade dress, or any other marks, trade names or trade dress that are a colorable imitation of or otherwise likely to be mistaken for or confused with or dilute the distinctiveness of Plaintiffs' trademarks, service marks, and trade dress, in connection with the advertising, distribution, display or sale of any product or service;

(B)  Defendants are permanently enjoined from representing themselves as being in any way associated with the Honey Dew® franchise system;

(C)  Defendants are hereby ordered to return to counsel for Bowen Investment, Inc. all copies of the Operational Excellence Procedures Manual in their possession and all other confidential documents provided to them or to anyone on their behalf, that are in their possession, custody, or control;

(D) After four (4) days from this Order, Defendants are permanently enjoined from occupying and operating upon the site of the Honey Dew Donuts® Shop at 460 Allens Ave., Providence, RI (the "Premises");

(E) Within four (4) days of this Order, Defendants are ordered to peaceably tender possession of the Premises and the Premises are hereby restored to the exclusive possession of Bowen Investment, Inc.  Possession of the Premises remains as per the October 7, 2005 Order of this Court until transferred to the Plaintiffs per this new Order.

(G) Within four (4) days of the date of this Order, the Defendants shall remove all their property and equipment.  Defendants shall not cause damage to the Premises.  To the extent property or equipment is connected to the Premises, no item may be removed unless Defendants repair any damage to the Premises and, if connected by electrical wires or plumbing, such items may only be removed if licensed and insured electricians and plumbers are utilized to effectuate disconnection and repairs.  Any equipment or property not so removed shall be deemed abandoned to Bowen Investment, Inc.

H. The Defendants have no further financial liability to the Plaintiffs, under the lease or franchise agreement, other than as specified by the Jury in the Verdict form signed and returned to the Court on January 20, 2006.

By the Court,

: _____, J.
Nathaniel M. Gorton
United States District Judge

Date:  January,         2006

**CERTIFICATE OF SERVICE**

  I, Kevin R. McCarthy, certify that on this date I served a true copy the foregoing COURT ORDER RE: EQUIPMENT, POSSESSION AND INJUNCTIVE RELIEF to counsel for all other parties by electronic means (CM/ECF) to Michael A. Wirtz, counsel for the plaintiff, Jack Mikels and Associates LLP, 1 Batterymarch Park, Suite 309, Quincy, MA 02169.

   Date:  January 25, 2006

                                         /s/ Kevin R. McCarthy
                                         Kevin R. McCarthy