UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11709-NMG

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
        Plaintiffs,

v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
        Defendants.

**MOTION OF HONEY DEW ASSOCIATES, INC. FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO F.R.CIV.P. 50(a)**

Now comes the Plaintiff, Honey Dew Associates, Inc. ("HDA"), and moves for Judgment as a Matter of Law pursuant to F.R.Civ.P. 50(a), entering Judgment for HDA on all Counts of the First Amended Counterclaim`. In support of this Motion, HDA states as follows:

There has been no legally sufficient evidentiary basis for a reasonable jury to find for the Defendants on the following claims:

**Audit claim**

Defendants claim that HDA "breached its legal obligation to make available a sufficient, timely and proper annual audit of the Advertising Fund receipts and expenditures for use by the defendants in managing their business," Amended Counterclaim at ¶24, by failing to provide "proper annual audits of Advertising Fund receipts and expenditures for the years 2003 and 2004, Amended Counterclaim at ¶25, breached its legal duty to provide proper annual audits of receipts and expenditures for 2003 and 2004, Amended Counterclaim at ¶26. The claim is included within Count I as a breach of contract.

No breach of contract claim can be maintained by Defendants against HDA because there was no contract between Defendants and HDA. The only contracts in this action run between Defendants and BII. Therefore, judgment as a matter of law should be granted to HDA as to Defendants Count I claims. To the extent this claim survives, judgment as a matter of law is also appropriate for the reasons set forth in Bowen Investment, Inc.'s Motion for Judgment as a Matter of Law, filed herewith and incorporated herein.

**Payment Claim**

Defendants claim that HDA demanded advertising fees in sums not required under the Franchise Agreement, Amended Counterclaim at ¶16, violated the FTC Franchise Rule by failing to accurately disclose the terms and rates by which advertising and franchise fees were to be paid. Amended Counterclaim at ¶20, demanded payment of advertising fees from defendants in excess of 2%, Amended Counterclaim at ¶25, required payments of such fees in excess of the amount stated in the Defendants' Franchise Agreement. Amended Counterclaim at ¶25, and required payment of advertising fees in excess of the requirements of the Franchise Agreement. This claim is included within Count I as a breach of contract.

No breach of contract claim can be maintained by Defendants against HDA because there was no contract between Defendants and HDA. The only contracts in this action run between Defendants and BII. Therefore, judgment as a matter of law should be granted to HDA as to Defendants Count I claims. To the extent this claim survives, judgment as a matter of law is also appropriate for the reasons set forth in Bowen

Investment, Inc.'s Motion for Judgment as a Matter of Law, filed herewith and incorporated herein.

Defendants also assert that HDA violated the FTC Franchise Rule by failing to require BII to accurately disclose the terms and rates by which advertising and franchise fees were to be paid, Amended Counterclaim at ¶84. This claim is included in Count VI as a violation of Mass. G.L. c. 93A. No evidence was presented that HDA had any control over BII's disclosures. There is no statutory authority by which HDA is liable for BII's violations of the FTC Rule. Moreover, to the extent this claim survives, judgment as a matter of law is appropriate for the reasons set forth in Bowen Investment, Inc.'s Motion for Judgment as a Matter of Law, filed herewith and incorporated herein.

Defendants also assert that HDA violated the RIFIA for failing to make proper disclosures regarding the payment of advertising and franchise fees. Amended Counterclaim at ¶91. This claim is included in Count VI as a violation of Mass. G.L. c. 93A. HDA provided no disclosures to Defendants nor had any direct relationship with them. All Offering Circulars offered into evidence were of BII. Therefore, there can be no violation.

Defendants also assert that HDA assisted BII in an illegal scheme to require Defendants to pay BII's 2% advertising fee commitment. Amended Counterclaim at ¶92. This claim is included in Count VI as a violation of Mass. G.L. c. 93A. No evidence was produced at trial to support a claim of HDA's assistance in any such endeavor. Moreover, to the extent this claim survives, judgment as a matter of law is appropriate for the reasons set forth in Bowen Investment, Inc.'s Motion for Judgment as a Matter of Law, filed herewith and incorporated herein.

**Registration Claim**

Defendants claim that HDA failed to register as a franchisor in the state of Rhode Island as required by the Rhode Island Franchise Investment Act ("RIFIA"). Amended Counterclaim at ¶¶24, 71. This claim is included in Count I as a breach of contract and in Count V as a violation of the RIFIA.

On a factual basis, Defendants claim that the License Agreement between HDA and BII required HDA to register with the State of Rhode Island pursuant to the RIFIA. This is incorrect as a matter of law. The RIFIA defines a franchise as an agreement with several characteristics, one of which is that there is a requirement of a franchise fee in excess of $500 paid to the franchisor. R.I. Stat §19-28.1-3.

As the trial evidence is undisputed that HDA granted BII franchise rights at no charge, the agreement is not a "franchise". Registration is only required where a franchise is offered or sold. R.I. Stat. §19-28.1-4. Defendants could not have been damaged by HDA's failure to register, because they had no dealings with HDA. Thus, the non-registration claim against HDA may not be maintained, as a matter of law.[1]

**Wrongful Termination**

Defendants claim that HDA breached the warranty by pretextually defaulting, sending cease and desist letters and illegally terminating the Defendants as franchisees.

---

[1] No breach of contract claim can be maintained by Defendants against HDA because there was no contract between Defendants and HDA. The only contracts in this action run between Defendants and BII. Therefore, judgment as a matter of law should be granted to HDA as to Defendants Count I claims. No claim that HDA failed to register can be maintained because there was no Franchise Agreement between Defendants and HDA. Defendants cannot claim that HDA failed to register because HDA neither offered nor sold a franchise to Defendants. According to R.I. Gen. Laws Section 19-28.1-5, "it is unlawful for any person to offer or sell a franchise unless the offer is registered under the Act or is exempt from registration under § 19-28.16." Carneiro Donuts, Inc. ("CDI") obtained a franchise from BII and had no direct relationship with HDA. Since, as to CDI, HDA did not engage in offering or selling a franchise to CDI, CDI would have no claim against HDA. Thus, even if HDA violated the statute, it did not do so in any transaction with Defendants, so such a claim could be maintained only by the State.

Amended Counterclaim at ¶¶30, 34.  This claim is included in Count I as a breach of contract and in Count II as a breach of the warranty of good faith and fair dealing.

No breach of contract or warranty claim can be maintained by Defendants against HDA because there was no contract or other direct relationship between Defendants and HDA.  The only contracts or relationships in this action run between Defendants and BII.  Therefore, judgment as a matter of law should be granted to HDA as to Defendants Count I and Count II claims.

## JOINT LIABILITY CLAIM

Defendants assert that HDA bears joint and several liability for the wrongful acts of BII under the RIFIA, Amended Counterclaim at ¶75, and bears joint and several liability for BII's FTC Rule violations.  Amended Counterclaim at ¶85.  These claims are included in Count V as a violation of the RIFIA and in Count VI as a violation of Mass. G.L. c. 93A.  There is no provision of law which supports this contention and no factual basis for the claim has been introduced into evidence.

## MASS G.L. C. 93A

To the extent any claim survives pursuant to Mass. G.L. c. 93A, Judgment as a Matter of Law is appropriate for the reasons set forth in the Bowen Investment, Inc.'s Motion for Judgment as a Matter of Law, filed herewith and incorporated herein.

HONEY DEW ASSOCIATES, INC.,
By their Attorneys,

Date: January 20, 2006

Jack J. Mikels, BBO# 345560
Michael A. Wirtz, BBO# 636587
JACK MIKELS & ASSOCIATES, LLP
1 Batterymarch Park, Suite 309
Quincy, MA  02169-7454
Tel: 617.472.5600

Judgment matter law- hda