UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.  05-11709-NMG

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
Plaintiffs,

v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
Defendants.

PLAINTIFF'S OBJECTION TO ADMISSION OF LITIGATION DATA

Now come the Plaintiffs and object to litigation documents offered as trial

exhibits by defendants and to questions relating to the litigation history of the plaintiffs.

The Court has ruled as follows:

(1)    Litigation papers from three cases may be admitted and questions may

be asked about them; and

(2)    With respect to Norfolk Superior actions the defendants may ask of the

plaintiffs whether they were involved in the agreed number of cases between 1998 to

the present.

The Exhibits and testimony are inadmissible and are prejudicial to the plaintiffs.

The documents for testimony have been offered by the defendants purportedly to show

that Bowen Investment, Inc. Offering Circulars did not make complete disclosure of

litigation.

Rhode Island law requires franchisors to provide prospective franchisees with

the Uniform Franchise Offering Circular as adopted and amended by the North America

Securities Administrators Associates, Inc.  See, R.I. Stat. §§19-28-1-3(f) and §19-28.1-

8(a). The relevant portion of the NASSA requirements relating to litigation require the franchise to disclose (i) pending litigation in which they are accused of franchise law violations or similar unfair or deceptive trade practices and (ii) judgments or dispositions in litigation in which they were held liable for such misconduct or agreed to provide material consideration in settlement of such allegations. Disclosure is also required for other litigation "significant in the context of the number of franchisees and the size, nature or financial condition of the franchise system or its business operations" with excepts "ordinary routine litigation incidental to the business." The complete text of NASAA's instructions are attached hereto as Exhibit "A". The regulation does not require disclosure of cases won by the franchisor or cases settled on favorable terms by the franchisor.

Two of the cases for which the Defendants seek to introduce some of the litigation dockets (the Cohen case and the Andrade case) were settled. The court will also allow a question confirming the number of superior court cases in which one or both of the plaintiffs has been involved, with no identification of what cases or what they are.

Defendants were precluded during discovery from obtaining additional data from Plaintiffs regarding the litigation in part because they had not made a threshold showing that the litigation *should* have been disclosed in the Offering Circulars. No deposition of litigation counsel or any of the parties was ever requested. No witness has been listed by Plaintiff who have knowledge of the cases. No expert will testify that any of the litigation falls within the parameters of litigation which should be disclosed. has been. Now, still without a factual predicate to sustain a claim that the litigation

should have been disclosed, the Defendants are being allowed to introduce some evidence of the *existence* of such cases. Without affirmative proof that the cases should have been disclosed, this data is misleading and prejudicial.

Additionally, the defendant has testified at deposition that he neither read the Offering Circular nor remembered whether he had received it. As a result, even if the Offering Circular were deficient, defendants would be unable to prove reliance.

The Plaintiffs,
BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
By their Attorneys,

Date: January 17, 2006

Jack J. Mikels, BBO# 345560
Michael A. Wirtz, BBO# 636587
JACK MIKELS & ASSOCIATES, LLP
1 Batterymarch Park, Suite 309
Quincy, MA  02169-7454
Tel: 617.472.5600

f/amik/bii/lit/carneiro/pl/Pl Objection



## Item 3

### LITIGATION

DISCLOSE WHETHER THE FRANCHISOR, ITS PREDECESSOR, A PERSON
IDENTIFIED IN ITEM 2 OR AN AFFILIATE OFFERING FRANCHISES UNDER
THE FRANCHISOR'S PRINCIPAL TRADEMARK:

A.   HAS AN ADMINISTRATIVE, CRIMINAL OR MATERIAL CIVIL ACTION
PENDING AGAINST THAT PERSON ALLEGING A VIOLATION OF A FRANCHISE,
ANTITRUST OR SECURITIES LAW, FRAUD, UNFAIR OR DECEPTIVE
PRACTICES, OR COMPARABLE ALLEGATIONS.   IN ADDITION, INCLUDE
ACTIONS OTHER THAN ORDINARY ROUTINE LITIGATION INCIDENTAL TO THE
BUSINESS WHICH ARE SIGNIFICANT IN THE CONTEXT OF THE NUMBER OF
FRANCHISEES AND THE SIZE, NATURE OR FINANCIAL CONDITION OF THE
FRANCHISE SYSTEM OR ITS BUSINESS OPERATIONS.   IF SO, DISCLOSE THE
NAMES OF THE PARTIES, THE FORUM, NATURE, AND CURRENT STATUS OF
THE PENDING ACTION.   FRANCHISOR MAY INCLUDE A SUMMARY OPINION OF
COUNSEL CONCERNING THE ACTION IF A CONSENT TO USE OF THE SUMMARY
OPINION IS INCLUDED AS PART OF THIS OFFERING CIRCULAR.

B.   HAS DURING THE 10 YEAR PERIOD IMMEDIATELY BEFORE THE DATE OF
THE OFFERING CIRCULAR BEEN CONVICTED OF A FELONY OR PLEADED NOLO
CONTENDERE TO A FELONY CHARGE; OR BEEN HELD LIABLE IN A CIVIL
ACTION BY FINAL JUDGMENT OR BEEN THE SUBJECT OF A MATERIAL ACTION
INVOLVING VIOLATION OF A FRANCHISE, ANTITRUST OR SECURITIES LAW,
FRAUD, UNFAIR OR DECEPTIVE PRACTICES, OR COMPARABLE ALLEGATIONS.
IF SO, DISCLOSE THE NAMES OF THE PARTIES, THE FORUM AND DATE OF
CONVICTION OR DATE JUDGMENT WAS ENTERED, PENALTY OR DAMAGES
ASSESSED AND/OR TERMS OF SETTLEMENTS.

C.   IS SUBJECT TO A CURRENTLY EFFECTIVE INJUNCTIVE OR RESTRICTIVE
ORDER OR DECREE RELATING TO THE FRANCHISE OR UNDER A FEDERAL,
STATE OR CANADIAN FRANCHISE, SECURITIES, ANTITRUST, TRADE
REGULATION OR TRADE PRACTICE LAW RESULTING FROM A CONCLUDED OR
PENDING ACTION OR PROCEEDING BROUGHT BY A PUBLIC AGENCY.   IF SO,
DISCLOSE THE NAME OF THE PERSON, THE PUBLIC AGENCY AND COURT, A
SUMMARY OF THE ALLEGATIONS OR FACTS FOUND BY THE AGENCY OR COURT
AND THE DATE, NATURE, TERMS AND CONDITIONS OF THE ORDER OR
DECREE.

### Item 3 Definitions:

   i.   For purposes of these instructions to Item 3, "franchisor"
includes the franchisor, its predecessors, persons identified in
Item 2 and affiliates offering franchises under the franchisor's
principal trademarks.

   ii.   Action:  Action includes complaints, cross claims,
counterclaims, and third party complaints in a judicial

Adopted by NASAA on
April 25, 1993

proceeding, and their equivalents in an administrative action or arbitration proceeding. The franchisor may disclose its counterclaims. Omit actions that were dismissed by final judgment without liability of or entry of an adverse order against the franchisor.

iii. Included in the definition of material is an action or an aggregate of actions if a reasonable prospective franchisee would consider it important in making a decision about the franchised business.

iv. In this Item, settlement of an action does not diminish its materiality if the franchisor agrees to pay material consider- ation or agrees to be bound by obligations which are materially adverse to its interests.

v. "Ordinary routine litigation" means actions which ordinarily result from the business and which do not depart from the normal kinds of actions in the business.

vi. "Held liable" includes a finding by final judgment in a judicial, binding arbitration or administrative proceeding that the franchisor, as a result of claims or counterclaims must pay money or other consideration, must reduce an indebtedness by the amount of an award, cannot enforce its rights, or must take action adverse to its interests.

vii. "Currently Effective": An injunctive or restrictive order or decree is "currently effective" unless it has been vacated or rescinded by a court or by the issuing public agency. An order that has expired by its own terms is not "currently effective." If the named party(s) have fully complied with an order (for example, through registration of its franchise offer), the order is not "currently effective." A party has not fully complied with an order to act or to refrain from an act (for example to comply with the franchise law or to refrain from violating the franchise law) until the order expires by its own terms.

Item 3 Instructions:

Civil litigation, or Injunctive or Restrictive Order:

viii. Use sample answer 3-1 for a negative response to Item 3 the franchisor has never been named in litigation or if the only litigation naming the franchisor is outside the scope of Item 3

ix. Disclose in the same order as the instructions below appear.

x. Title each action and state its case number or citation parentheses. Underline the title of the action.

Adopted by NASAA
April 25, 1993

xi. For each action state the action's initial filing date and the opposing party's name and relationship with the franchisor. Relationships include competitor, supplier, lessor, franchisee, former franchisee, or class of franchisees.

xii. Summarize the legal and factual nature of each claim in the action.

xiii. Summarize the relief sought or obtained.  Summarize conclusions of law or fact.

xiv. State that other than these (list number of actions) no litigation is required to be disclosed in this offering circular.

Criminal convictions or Pleas:

xv.  Disclose in the same order as the following instructions appear.

xvi.  Title each action and state its citation in parentheses. Underline the title of the action.

xvii. Name the person convicted or who pleaded.

xviii. Next, state the crime or violation and the date of conviction.

xix. Next, disclose the sentence or penalty imposed.

xx. Lastly, state that other than these (list the number of actions) actions, no litigation is required to be disclosed in this offering circular.

-17-    **Adopted by NASAA on April 25, 1993**