UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.  05-11709-NMG

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
          Plaintiffs,
v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
          Defendants.

## MEMORANDUM IN SUPPORT OF BOWEN INVESTMENT, INC.'S MOTION FOR ATTORNEYS FEES

In this action, Plaintiff Bowen Investment, Inc. ("BII") has successfully prevailed on claims arising out of a Franchise Agreement with Defendant, Carneiro Donuts, Inc. ("CDI").

The Franchise Agreement and Lease expressly provide:

> (CDI) will be liable to (BII) for all costs of collection of sums unpaid and for all costs of our enforcing this Agreement, including reasonable attorney's fees, and this provision shall survive termination or expiration of this Agreement.

Franchise Agreement, Trial Exhibit 4(b) at §XX(A).

> . . . (I)t is expressly agreed that (BII) shall be entitled to recover from (CDI) all costs and expenses, including reasonable attorneys' fees, incurred by (BII) in enforcing this Agreement and your obligations and covenants hereunder.

Franchise Agreement, Trial Exhibit 4(b) at §XXI(C).

It is undisputed that defendant Manuel M. Carneiro is jointly and severally liable for all obligations of CDI to BII.  Liability Agreement, Trial Exhibit 4(g).

It is undisputed that application of the contracts is governed by Massachusetts Law.  Franchise Agreement, Trial Exhibit 4(b) at §XXV.

It is clear that contract provisions for an award of reasonable counsel fees is permitted pursuant to the law of Massachusetts, such liability being enforceable. E.g., *Leventhal v. Krinsky,* 325 Mass. 336, 341, 90 N.E.2d 545 (1950), *Trustees of Tufts College v. Ramsdell,* 28 Mass.App.Ct. 584, 585, 554 N.E.2d 34 (1990). "[A] fair market rate for time reasonably spent preparing and litigating a case is the basic measure of a reasonable attorneys fee under State Law as well as Federal law." *Black v. Coastal Oil New England, Inc.,* 57 Mass.App.Ct. 696, 698, fn.5, 7 (2003), citing the factors discussed in the case of *Linthicum v. Archambault,* 379 Mass, 381, 388-89, 398 N.E.2d 482 (1979). See also *Margolies v. Hopkins,* 401 Mass. 88, 93, 514 N.E.2d 1079 (1987), in which is referenced similar factors originating from the case of *Cummings v. National Shawmut Bank,* 284 Mass. 563, 568-69, 188 N.E. 489 (1933). Such factors generally relevant to this analysis are the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the results obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases. *Linthicum, Id.*, at n.5. Proportionality between the damages awarded and the legal fees obtained is not required.

Defense of Defendants' counterclaims was also essential to BII's enforcement of the Franchise Agreement and, therefore, the costs of such defense are includable in BII's costs of enforcement. See, *Penney v. First Nat'l Bank*, 385 Mass. 715, 723, 433 N.E.2d 901, 906 (1982) (Bank note provision for enforcement costs required borrower to pay the costs of bank's defense of borrower's claims).

For the reasons set forth herein, BII requests that the Court allow its Motion for an Award of Counsel Fees and establish a procedure for the application and consideration of such fees.

                                        BOWEN INVESTMENT, INC.
                                        By their Attorneys,

Date: January 27, 2006            /s/ Michael A. Wirtz

                                        _____
                                        Jack J. Mikels, BBO# 345560
                                        Michael A. Wirtz, BBO# 636587
                                        JACK MIKELS & ASSOCIATES, LLP
                                        1 Batterymarch Park, Suite 309
                                        Quincy, MA  02169-7454
                                        Tel:  617.472.5600

Carneiro;trial;Memo MoAtty Fees