UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BOWEN INVESTMENT, INC. ) | | |
| HONEY DEW ASSOCIATES, INC. ) | C.A. No. 05 – 11709 NMG | |
|    Plaintiffs and Counterdefendants ) | | |
| ) | Judge Nathaniel M. Gorton | |
| v. ) | | |
| ) | | |
| CARNEIRO DONUTS, INC and ) | | |
| MANUEL M. CARNEIRO ) | | |
|    Defendants and Counterclaimants ) | | |

**DEFENDANT'S OPPOSITION TO BOWEN INVESTMENT INC.'S MOTION FOR COUNSEL FEES AND DEFENDANTS' REQUEST FOR CONTRACT RESCISSION PURSUANT TO F.R.Civ.P. 60 (b) and F.R.Civ.P. 59 (e).**

NOW come the Defendants Carneiro Donuts, Inc. and Manuel Carneiro to oppose the Plaintiffs' Motion for Attorney Fees for the following reasons:

**INTRODUCTION**

On August 12, 2005 the Plaintiffs filed a three (3) count complaint against the Defendants alleging breach of their Honey Dew related franchise contract, trademark violation claims and thirdly asking for post termination damages. On October 20, 2005 the Defendants filed their first amended answers and alleged in counterclaim breach of contract, breach of the warranty of good faith and fair dealing, fraud through material misrepresentation, fraud through failure to disclose material facts, violation of the Rhode Island Franchise Investment Act and violation of M.G.L. c. 93A. On January 20, 2006, after an accelerated jury trial, the jury returned a verdict in favor of the Plaintiffs on one count for breach of contract and one count for trademark infringement. On January 27, 2006, Bowen Investment, Inc. moved for an award of counsel fees which the Defendants hereby oppose.

1

## **ARGUMENT**

**A.   The franchise agreement, under which BII's counsel fees are requested and the Complaint was filed, is the product of fraud and misrepresentation to both the Court and the Defendants and should be rescinded.**

The franchise agreement upon which the Plaintiff's based their original *ex parte* Preliminary Injunction and Complaint has been revealed, through compelled discovery, to be illegally and improperly granted and thus void of legal validity.  This Court should not grant attorney fees to a party that has based its Complaint and now its request for attorney fees on a franchise agreement that has been proven to lack legal standing and validity.

The Plaintiffs have repeatedly represented to this Court and the Defendants that Bowen Investment, Inc. ("BII") operates in Rhode Island pursuant to an agreement with the owner of the "Honey Dew" name, Honey Dew Associates, Inc. ("HDA")".  For example, allegation number 7 of their Complaint states:  "At all relevant times hereto, BII and HDA have agreed that BII may act as a subfranchisor for the purpose of franchising certain Honey Dew Donuts Shops in Rhode Island".  Also, in Paragraph 1 of the Affidavit of Robert P. Bowen filed in support of the Plaintiffs' Motion for Injunctive Relief Against the Defendants, he states: "I am the President and sole shareholder of Bowen Investment, Inc., a Massachusetts corporation, which, at all relevant times has had an agreement with Honey Dew Associates, Inc. ("HDA") for the purpose of franchising certain Honey Dew Donuts Shops in Rhode Island".  The Plaintiffs have used and referred to the above noted "agreement" in their Complaint and in support of their Motion for Injunctive Relief.   However, once this "agreement" was produced, just prior to Trial and as a result of a granted Motion to Compel its production, it became clear that Bowen Investment, Inc. had, in fact, never been granted

the right by Honey Dew Associates, Inc. to issue a franchise or trade mark rights to the Defendants.

As the Plaintiffs' Complaint and request for attorney fees are based on the provisions of what has now been revealed as a franchise agreement lacking legal validity, the Court should not grant attorney fee considerations to Bowen Investment, Inc.  This Court should not be used to enforce a franchise agreement that is not legally valid and has been granted based on non-existent rights.  A franchisor who issues a franchise agreement and trademark rights without proper legal authority acts at its own peril – if for no other reason than it has placed the legal validity of the Defendants' franchise rights in peril and left the Defendants with what may well be an unenforceable franchise agreement and franchise rights.  In specific, the License Agreement in question is only for two (2) shops and has been amended in writing (as required by the License Agreement at page 8) only 12 other times to include specific additional shops – none of which are the Defendants' shop which has been the subject of this action as well as the subject of the BII's Motion for Counsel fees.  <u>License Agreement (HDA and BII) dated March 31, 1987</u>, Trial Exhibit 81.  This Court should not grant attorney fees to a party that bases its request on a franchise agreement that was not legally valid or enforceable in the first place.  See *Fleischmann Distilling Corp. V. Maier Brewing Co.*, 386 U.S. 714, 717 (1967) ("The rule here has long been that attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefore.  This Court first announced that rule in *Arcambel v. Wiseman*, 3 Dall. 306 (1796), and adhered to it in later decisions.").

Additionally, because the Plaintiffs' Complaint and request for fees is based on the fraudulent misrepresentation that the BII has a valid "agreement" by which it acts as a subfranchisor of HDA, this Court, pursuant to F.R.Civ.P. 59 (e) and F.R.Civ.P. 60 (b) should deny any request of the Plaintiffs for attorney fees, vacate the trial verdict, and rescind the franchise agreement and the Defendants so hereby move.

**B.  This Court should rule in favor of the Defendants in their claim pursuant to Mass. G.L. c. 93A**

The Defendants do agree with BII's statement that the Defendants' claim pursuant to Mass. G.L. c. 93A remains undecided by the Court and urge the Court to rule in favor of the Defendants on this Count.  The Defendants' six (6) counterclaims clearly fall within the ambit of M.G. L. c 93A as the actions and "center of gravity" of the counterclaims occurred by corporations and persons located in and acting from the Commonwealth of Massachusetts.

Defendant BII is incorporated in Massachusetts and its main office was located in Taunton, Massachusetts when the franchise agreement was being negotiated and when it was signed.  The franchise agreement at issue and other related documents were signed at BII's main office in Taunton, Massachusetts on or about June 1, 2004.  The weekly franchise and advertising fees were for several months sent to BII at its Taunton, Massachusetts office.  HDA has, at all times, been headquartered and incorporated in Massachusetts and is the owner of all the trademarks which are the subject of this suit.   The franchise agreement at Section XXV- <u>Applicable Law</u> states that "The parties agree that this contract is executed in Massachusetts and is to be interpreted and governed in accordance with the laws of the Commonwealth of Massachusetts without regard to the conflict of laws provision thereof".

4

The "center of gravity" of the circumstances that give rise to the Defendants' counterclaims are primarily and substantially within Massachusetts and thus M.G.L c. 93A (Counterclaim VI) clearly applies to this case.  See *Kuwatti Danish Computer Co., v. Digital Equip. Corp.,* 438 Mass. 459, 472-73 (2003).

Bowen Investment Inc. based its *ex parte* injunctive demand that the Defendants close their shop and return the premises to the Plaintiffs (a preliminary injunction demand that lead to the Court ordering the Defendants to close their business until the accelerated trial was conducted ) and pursued the present Complaint and request for counsel fees based on repeated misrepresentations to the Court and the Defendants that a legal agreement existed which granted Bowen Investment, Inc. the right to subfranchise to the Defendants.  However, just prior to trial, Defendants' granted motion for compelled discovery resulted in the revelation that no such legally valid agreement existed.   These serious misrepresentations to the Court and the Defendants and the selling and signing of an invalid and illegal franchise agreement in Massachusetts, and by a Massachusetts corporation, in and of itself constitutes an unfair and deceptive business practice clearly in violation of  M.G.L c. 93A.  This Court should not allow itself to be the forum for closing a citizen's business, pursuit of a lawsuit and the awarding of attorney fees based on material, repeated and willful misrepresentations as to the legal status and existence of a contractually and legally essential agreement which turns out to not even exist.  See *Chambers V. Nasco, Inc.*, 501 U.S. 32, 33  (1991) ( "In invoking the inherent power to punish conduct which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction, which may range from dismissal of a lawsuit to an assessment of attorney's fees." ).

WHEREFORE, for all the above reasons, the Defendants ask this honorable court to:

1.   Deny the Bowen Investment, Inc.'s Motion for an Award of Counsel Fees;

2.   Pursuant to  F. R. Civ. P. 60 (b) and 59 (e), rescind the franchise agreement between the parties because of the repeated fraud and misrepresentations made by the Plaintiffs to the Court and the Defendants.

3.   Rule in favor of the Defendants' on their claim pursuant to Mass. G.L. c. 93A - which both parties agree remains undecided by the Court.

                                            Respectfully,
                                            MANUEL M. CARNEIRO
                                            CARNEIRO DONUTS, INC.
                                            By their Attorney,

                                            /s/ Kevin R. McCarthy
                                             Kevin R. McCarthy
                                            (BBO # 640788)
                                            155 Fairoaks Lane
                                            Cohasset, Ma  02025
Date:  2/08/06                             781-383-0639

**CERTIFICATE OF SERVICE**

    I, Kevin R. McCarthy, certify that on this date I served a true copy the foregoing DEFENDANT'S OPPOSITION TO BOWEN INVESTMENT INC.S' MOTION FOR COUNSEL FEES AND DEFENDANTS' REQUEST FOR CONTRACT RECISSION PURSUANT TO F.R.Civ.P. 60 (b) and F.R.Civ.P. 59 (e) to counsel for all other parties by electronic means (CM/ECF) to Jack J. Mikels, counsel for the plaintiff, Jack Mikels and Associates LLP, 1 Batterymarch Park, Suite 309, Quincy, MA 02169.

Date: 2/08/06

                                        /s/ Kevin R. McCarthy
                                        Kevin R. McCarthy