UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11709-NMG

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES, INC.,
      Plaintiffs,
v.

CARNEIRO DONUTS, INC. and
MANUEL M. CARNEIRO,
      Defendants.

## PLAINTIFFS' REPLY AND/OR OPPOSITION TO DEFENDANTS' REQUEST FOR CONTRACT RESCISSION PURSUANT TO F.R.Civ.P. 60(b) and F.R.Civ.P.59 (e)

  The Plaintiffs, Bowen Investment, Inc. ("BII") and Honey Dew Associates, Inc. ("HDA" together with BII, the "Plaintiffs") hereby oppose Defendants' Request for Contract Rescission Pursuant to F.R.Civ.P.60 (b) and F.R.Civ.P.59(e) (the "Defendants' Request"). Defendants' Request should be stricken because it was improperly bundled to the Defendant's Opposition to BII's Motion for Counsel Fees (Docket No. 78) without obtaining appropriate leave of court under Local Rule 7.1(B)(3)[1] and in violation of Local Rule 7.1 (A)(2).[2] On the merits, Defendants' Request should be denied because the Jury found for the Plaintiffs on the underlying facts which upon which the rescission is requested. See Verdict Form, Nos. 9-11 and 13. Defendants' claim for relief pursuant to F.R.Civ.P. 59(e) and 60(b) is without merit and conflicts with the Jury's express findings.

---

[1] Although Defendants' Motion is masked as a response to BII's motion for award of counsel fees, the recission issues that are raised in the Defendant's Motion are nonresponsive to BII's motion. Therefore, it is not an "opposition" under LR 7.1(B)(2) and thus the Defendants' Motion should have either been submitted as its own separate motion under LR 7.1 (B)(1) or with leave of court under LR 7.1(B)(3).

[2] Defendants' Motion is clearly an application for court order (contract rescission) and Defendants' counsel was thereby required to, but did not, confer under LR 7.1(A)(2) before bringing the dispute to the Court as a good faith attempt to narrow the contours of disagreement and conserve judicial resources. See Converse Inc. v. Reebok International Ltd., 328 F.Supp 2d 166 (D.Mass. 2004)(Party ordered to pay sanction of $15,000 to the court for failing to comply with Local Rule 7.1).

Significantly, rescission was not a remedy requested or even mentioned in Defendants Amended Counterclaim. See First Amended Defendant's [sic] Answer, Counterclaims and Jury Demand, (Docket No. 20). A rescission claim requires an offer to restore the parties to their pre-contractual position. P.L.A.Y., Inc. v. Nike, Inc., 1 F.Supp.2d 60, 66 (D.Mass. 1997)(benefit restoration is a condition precedent to maintaining a rescission action). Not only was such an offer never made, but the Defendants took a directly contrary position by contending that they were entitled to continuation of the business because the Plaintiffs' termination of their franchise was wrongful. All of the communications from the Defendants requested that Plaintiffs withdraw the Notices of Termination, and none requested rescission. Trial Exhibits Nos. 28, 30, 32, 33, 35, 36, 38, 42, 44, 46, 49 and 70; Defendants' continued to exercise dominion and control over the underlying business premises, even contesting Plaintiffs' request for an Order restoring the premises to Plaintiffs (See Defendants [sic] Opposition to Plaintiff's [sic] Motion for Injunctive Relief (Docket No. 11)) a position inconsistent with a rescission claim; submitted an *Emergency* Motion to Reconsider Injunctive Relief (See, Docket No. 13)[3] and, even during the course of this litigation, Defendants continued to assert control over the premises, by refusing to allow Plaintiffs additional access, contesting the validity of the underlying Notices of Termination, and contesting Plaintiffs' painting of the building, all positions inconsistent with a rescission claim. See copies of correspondence from Defendants' counsel evidencing Defendants' continued control and/or assertion thereof over premises Attached hereto as Exhibits "A".[4]

WHEREFORE, for all of the foregoing reasons the Defendants' Request for Contract Rescission Pursuant to F.R.Civ.P.60 (b) and F.R.Civ.P.59(e) must be denied.

---

[3] Following the hearing for Preliminary Injunction, the Defendants sought emergency relief to allow Defendants to keep the Honey Dew Donuts shop (the "Shop") in operation at the Premises.

[4] After entry of the Order of Preliminary Injunction, Defendants (through counsel) rejected Plaintiffs' settlement offer to surrender the Premises in exchange of mutual releases and also refused to allow BII to renovate the premises (at BII's own expense) while it was vacant pending trial.

|  |  |
|---|---|
|  | BOWEN INVESTMENT, INC.<br>HONEY DEW ASSOCIATES, INC.,<br>By their Attorneys, |
| Date: February 13, 2006 | /s/ Michael A. Wirtz<br>_____<br>Jack J. Mikels, BBO# 345560<br>Michael A. Wirtz, BBO# 636587<br>Janell E. De Gennaro, BBO #656306<br>JACK MIKELS & ASSOCIATES, LLP<br>1 Batterymarch Park, Suite 309<br>Quincy, MA  02169-7454<br>Tel:  617.472.5600 |

F:\aa-mik\BII\Lit\Carneiro\Plead\RsponsXmo2

## CERTIFICATE OF SERVICE

I, Michael A. Wirtz, hereby certify that a true and complete copy of the <u>Plaintiffs' Response and/or Opposition to Defendants' Request for Contract Rescission Pursuant to F.R.Civ.P.60 (b) and F.R.Civ.P.59(e)</u> was served this day via electronic means available under CM/ECF to counsel for the Defendants, Kevin R. McCarthy, 155 Fairoaks Lane, Cohasset, MA 02025, kemccar68@comcast.net.

Signed under the pains and penalties of perjury this 13th day of February, 2006.

/s/ Michael A. Wirtz
_____
Michael A. Wirtz

F:\aa-mik\BII\Lit\Carneiro\Plead\RsponsXmo.

**From:** Kevin R. McCarthy [mailto:kemccar68@comcast.net]
**Sent:** Friday, October 28, 2005 10:27 PM
**To:** jmikels@gis.net
**Subject:** RE: Bowen Investment, Inc. v. Carneiro

Michael:  I talked with Carneiro's office and they expect to see us around 10:00am on Monday for your document deposition inspection.  So I will see you then - if this changes e-mail or leave a phone message but I don't expect it will.  We can discuss your other items below on Monday but I can answer some now and do so as follows:

   1.  When you get the key - which I believe may be Monday - Mr. Carneiro wants you to use access only for what is allowed in Judge Gorton's order and nothing else and he is not agreeable to any stipulation or change in the Order;

   2.  I you provide representation to RI Restaurant once again note our objection - if you know of rule or case which allows you to represent RI Restaurant under these circumstances please advise me as soon as possible;

   3.  Mr. Carneiro would not be agreeable to any stipulation to place the shop in Bowen's possession to lessen any alleged damages.  On the contrary, we expect that Mr. Carneiro will be awarded considerable damages at the end of this litigation - not the other way around.  But, we will see in due time.

   4.  We are agreeable to reschedule Robert Bowen's and BII's depositions to November 16 - RP at 10am  and BII at 2pm.   Confirm back to and I will send out a change Notice to the Reporter etc.

   5.   Please bring your calendar Monday and lets try to keep Richard Bowen within the Court deposition deadline - if not, we can discuss the 27-29 - if so, I presume we can do this by mutual agreement and don't  need to seek Court permission.  Actually, looks like the deposition deadline is Nov. 28, 2005 - so that day or the 29th would be fine I'm sure.  Lets talk about this Monday.

   6.   All of Carneiro's deposition must be held at my office.  It just so happens that I am also highly allergic to cats  and none are ever allowed on or near the premises.  Looking upstairs I noticed the artificial cat you may have seen when you went to the restroom - that is an inert decorative piece you must have seen - does look real though.   Additionally, Mr. Mikels has been to my office in the past and seemed quite fit all day as I am sure he will after our depositions if he chooses to attend.

   7.  Lets do the combined Carneiro deposition on the 22nd of November - please confirm that to me and I will advise Mr. Carneiro.

       Feel free to call me at my office tomorrow as I will be in most of the day myself.   Otherwise, I will see you on Monday.  Thank you.


Kevin R. McCarthy
Law Office of Kevin R. McCarthy
155 Fairoaks Lane
Cohasset, MA   02025

: 781-383-0639

: 781-735-0228

kemccar68@comcast.net

: www.attorneykevinmccarthy.com

-------Original Message-------

**From:** Michael Wirtz
**Date:** 10/28/05 17:49:37
**To:** 'Kevin R. McCarthy'
**Subject:** RE: Bowen Investment, Inc. v. Carneiro

Dear Kevin:

I was planning to go to Mario Carneiro's office at around 10ish on Monday for the document inspection. However, when Mario contacted me concerning the subpoena, he told me that he was going to send me a confirmatory fax regarding the date. I have not yet received that from him so I'm not sure if Monday is still on or not. I just left him a voice mail to confirm the same. I'll be in the office tomorrow and will e-mail you if I hear from him.

With respect to the keys, thank you. If we do not see each other on Monday, then perhaps you can provide it to me at the next scheduled deposition. I presume that since we did not have a key to access the shop and remove and cover the signage and trademarks, then there is no objection to extending the time period under the injunction to complete these tasks. Please let me know if this is not the case.

As for your objection regarding R.I. Restaurant and Equipment, we were contacted by the company to provide representation in response to your Rule 45 subpoena. There is no conflict of interest in our fulfilling their request to provide representation. We plan to do so.

==Following up with our discussion yesterday, please let me know if you have had an opportunity to talk with Mr. Carniero regarding the issue of BII's painting the exterior of the building. I discussed your concerns regarding the expense of the work with Mr. Bowen and he indicates that since BII would be doing the work, it will pay the cost involved to paint the exterior of the building. Let me know if we can reach a stipulation on this.==

Also, following yesterday's deposition, I suggested that the Defendants could minimize the damage claim by entering a stipulation to return possession of the shop to BII. I believe that such a stipulation would cut down on the claim since post termination damages continue to accrue until BII gains possession. Please let me know whether this is something the Defendants' would like to workout.

Due to the expedited discovery track, our schedules seem to be tightly packed with depositions in the upcoming weeks.
It is my understanding that we have reached an agreement to combine the depositions of the individuals and their respective companies to be taken on the same dates.  With respect to the combined deposition of Bob Bowen and BII, please note that Bob has a scheduling conflict on November 8th and 18th, however, his schedule is open on any of the following days: 9th, 11th, 14th, 15th and 16th.  Please let me know if we can reach an agreement to reschedule his deposition to one of these alternative dates.

 Your notice of taking deposition of Richard Bowen is scheduled for November 17th.  Dick Bowen is not available on that date.  He has provided me with a number of available dates including November 28-30, and December 1st, 2nd, 5-7.  It is my understanding that his schedule is limited during November due to traveling.  Obviously the dates that he is available is beyond the deposition deadline.  Please let me know if you would be amenable to conducting Dick's deposition beyond the deadline.  Otherwise, I will see what can be done to shuffle the schedule around.

In addition, Jack is planning to cover the depositions of Bob and Dick.  Jack is extremely allergic to cats which may pose a problem if the depositions are at your
office.  Accordingly, will you agree to conduct the depositions of Bob and Dick at our office?

As for the combined deposition of Mr. Carneiro and Carneiro Donuts, Inc., let me know whether you prefer to proceed on November 22nd or 23rd.

Finally, at Mr. Writington's deposition yesterday, you asked a series of
questions inquiring whether certain vendors have offered him or any one at HDA or
BII  gifts, promises or payments.  As there are no claims in this case alleging any such kickbacks, I want to caution you that if you continue on this line of questions at any of the other upcoming depositions, I will seek a protective order as the questions are completely inappropriate and beyond the scope of this case.

Sincerely,

Michael A. Wirtz

---

**From:** Kevin R. McCarthy [mailto:kemccar68@comcast.net]
**Sent:** Thursday, October 27, 2005 2:41 PM
**To:** jmikels@gis.net
**Subject:** Re: Bowen Investment, Inc. v. Carneiro

Michael:  I talked with Manny about the items you raised and you and I can talk more about this Monday as I plan to be at Carneiro's office on Monday for your document review.  Additionally please note:

1. Manny will have another key to the HD shop made and I plan to give it to you on Monday;

2. Please let me know ( e-mail over the weekend is fine) what time your going to be at Carneiro's office;

3. We do OBJECT to you or anyone at the Mikels's Associates law firm providing legal representation to R I Restaurant and Equipment in any manor related to the present case between our clients.  For you to be representing a party we have subpoenaed and deposed would be a highly inappropriate conflict of interest and we could not accept or tolerate it.  Also, we do insist on all the document requests we made to R I Restaurant and Equipment be answered as we asked them and in full - you may pass that along to them to discuss with whoever their attorney may be.

Thank you and talk to you soon.


Kevin R. McCarthy
Law Office of Kevin R. McCarthy
155 Fairoaks Lane
Cohasset, MA   02025


: 781-383-0639

: 781-735-0228

   [kemccar68@comcast.net](mailto:kemccar68@comcast.net)

: [www.attorneykevinmccarthy.com](http://www.attorneykevinmccarthy.com)

-------*Original Message*-------

***From:*** Michael Wirtz
***Date:*** 10/26/05 14:04:11
***To:*** Kevin R. McCarthy
***Subject:*** Bowen Investment, Inc. v. Carneiro


**JACK MIKELS & ASSOCIATES, LLP**

E-MAIL COVER SHEET

Date:    October 26, 2005

To:    Kevin R. McCarthy, Esq.

From: Michael A. Wirtz

Phone: (617) 472-5600 Fax: (617) 472-5875 E-Mail: jmikels@gis.net

Re:   Depositions of Robert P. Bowen and Bowen Investment, Inc.

Message: Kevin:

I am writing to see if you will agree to combine the depositions of Robert Bowen and Bowen Investment, Inc. to be taken on the same day.  You scheduled Mr. Bowen's deposition for November 8th and the company for November 18th.  Mr. Bowen is going to be the designated witness for the company and he is scheduled to travel on the 18th.  It seems that for the sake of efficiency and cost, the two depositions could be consolidated to be taken on November 8th.  Please let me know if you agree.

Michael A. Wirtz

*If you do not receive all of the above pages, please call (617) 472-5600 (collect, if a toll call) and ask for the above-named operator.*

*CONFIDENTIALITY NOTICE*

*The documents accompanying this page contain confidential information, which may be legally privileged. The information is intended only for the use of the listed recipient named above. If you are not the named recipient above, you are hereby notified that any disclosure, copying, distribution or taking of any action in reliance upon the contents hereof, except direct delivery to the intended recipient named above, is strictly prohibited. If you have received this E-Mail in error, please notify us immediately by telephone or arrange for return of the original documents to us.*