United States District Court
District of Massachusetts

|  |  |
|---|---|
| BOWEN INVESTMENT, INC. and <br> HONEY DEW ASSOCIATES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CARNEIRO DONUTS, INC. and <br> MANUEL M. CARNEIRO, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )   Civil Action No. <br> )   05-11709-NMG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM & ORDER

GORTON, J.

After a trial in which the jury returned a verdict in favor of the plaintiffs on one count for breach of contract and one count for trademark infringement, plaintiffs now seek an award of attorneys' fees. Defendants oppose that motion and, in their opposition, move the Court 1) to rescind the franchise agreement which was the subject matter of the litigation and 2) to rule in its favor on its outstanding counterclaim pursuant to M.G.L. c. 93A.

With respect to plaintiffs' request for an award of attorneys' fees, plaintiffs contend that the franchise agreement and lease to which they and the defendants were parties expressly provides that defendants will be liable

> for all costs of collection of sums unpaid and for all costs of ... enforcing this Agreement, including reasonable

-1-

attorney's fees. Plaintiffs argue that the jury found defendants liable to them for breach of contract and trademark infringement and, therefore, owe them reasonable attorneys' fees. In their complaint the plaintiffs sought recovery of an unquantified but clearly substantial amount of damages but the jury awarded them just under $12,000.

The application of the franchise agreement and lease in this matter is governed by Massachusetts law. Under that body of law, a fee award pursuant to a contractual provision is governed by certain factors. Those factors include

> the ability and reputation of the attorney, the demand for his services by others, the amount and importance of the matter involved, the time spent, the prices usually charged for similar services by other attorneys in the same neighborhood, the amount of money or the value of the property affected by controversy, and the results secured.

Cummings v. Nat'l Shawmut Bank, 284 Mass. 563, 569 (1934)(emphasis added). The First Circuit Court of Appeals has stated that where, as here, there is a contractual fee provision in issue, the question of what fees are owed is ultimately one of contract interpretation and the court's primary obligation is to honor the agreement struck by the parties. AccuSoft Corp. v. Palo, 237 F.3d 31, 61 (1st Cir. 2001)(citing MIF Realty, L.P. v. Fineberg, 989 F. Supp. 400, 402 (D. Mass. 1998)). Nevertheless, the First Circuit stated clearly in AccuSoft that

> even where courts have adopted a comparatively narrow view

of their discretion where contractual provisions are concerned, they have recognized the ability to "adjust or even deny a contractual award of fees if such an award would be inequitable or unreasonable." This standard has been employed to deny the award of fees pursuant to contract when the party has met with scant success in its action.

<u>Id.</u> (citation omitted).

In this case, plaintiffs' complaint did not seek a specific amount of damages nor were they effective in demonstrating quantifiable damages to the jury during trial. Nevertheless, it is clear that plaintiffs were seeking far greater damages than that which they were awarded, namely $11,944.26 for breach of contract and $1.00 for trademark infringement. The verdict clearly demonstrates that plaintiffs were only marginally victorious and did not, in fact, re-coup their extensive monetary losses from the franchise dispute with the defendants.

Although application of the first six <u>Cummings</u> factors would generally tend to weigh in favor of a modest award of attorneys' fees to the plaintiffs, the final factor, namely "the results secured", weighs heavily toward a denial of their request. Given that the jury awarded such minimal damages to the plaintiffs, an award of attorneys' fees to them is unwarranted. <u>See</u>, <u>e.g.</u>, <u>Rent It Co.</u> v. <u>Aetna Cas. & Sur. Co.</u>, 988 F.2d 88, 91 (10th Cir. 1993)(holding that the lower court acted within its discretion in denying as "inequitable and unreasonable" any award of fees "[g]iven the more than eight-to-one ratio of damages sought to damages recovered"). Thus, the Court will deny plaintiffs'

-3-

motion.

The Court has reached its conclusion without reliance on defendants' opposition. That is because defendants' so-called "opposition" primarily addressed their argument in favor of contract rescission and for entry of judgment on their remaining Chapter 93A counterclaim. As a preliminary matter, defendants' pleading violates Local Rules 7.1(a)(2) and (b)(3) because it combined their "opposition" to plaintiffs' motion for attorneys' fees with a separate motion for contract rescission pursuant to Fed. R. Civ. P. 59(e) and 60(b).

Even if this Court were to consider the merits of rescission, such an argument is foreclosed by the jury verdict which found against the defendants on the underlying facts upon which any rescission could be based. Specifically, the jury found that plaintiffs did not 1) make fraudulent misrepresentations, 2) fraudulently conceal material facts or 3) violate the Rhode Island Franchise Investment Act. Moreover, defendants did not request rescission as a remedy in their amended counterclaim but, rather, took the contrary position that plaintiffs had breached the franchise agreement and that they were entitled to continuation of the franchise and occupation of the leased premises. Thus, defendants' motion pursuant to Fed. R. Civ. P. 59(e) and 60(b) fails on several grounds.

Finally, defendants' remaining counterclaim pursuant to

Chapter 93A is without merit. In order for one engaged in trade or commerce to bring an action against another such person pursuant to Chapter 93A, § 11, the claimant must prove that the offending party engaged in "an unfair method of competition or an unfair or deceptive act or practice". The jury in this case has already found that the plaintiffs did not breach the franchise agreement or the covenant of good faith and fair dealing and did not make fraudulent misrepresentations or fraudulently conceal material facts. Although a claim brought pursuant to Chapter 93A is reserved for the Court, if it were now to find that plaintiffs' actions were unfair or deceptive in violation of Chapter 93A, its finding would be clearly inconsistent with the jury's verdict. Moreover, this Court concurs with the jury's findings that plaintiffs operated in good faith. Thus, the Court will dismiss defendants' Chapter 93A counterclaim.

**ORDER**

In accordance with the foregoing, Plaintiffs' Motion for Attorneys' Fees (Docket No. 75) is **DENIED**. Defendants' request (treated as a motion) for contract rescission is **DENIED**. Defendants' motion for judgment on their counterclaim pursuant to M.G.L. c. 93A is **DENIED** and the counterclaim is **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 9, 2006